**BRODSKY SMITH**
Evan J. Smith
9595 Wilshire Boulevard, Suite 900
Beverly Hills, CA 90212
esmith@brodskysmith.com
Tel.: 877.534.2590

**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Nicholas Agapis*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| In re ORIGIN MATERIALS, INC. SECURITIES LITIGATION | Master File No.: 2:23-cv-01816-WBS-JDP |
|---|---|
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NICHOLAS AGAPIS' MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL** |
| | Date:          December 11, 2023<br>Time:          1:30 p.m.<br>Courtroom:  5-14th Floor<br>Judge:        Hon. William B. Shubb |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NICHOLAS AGAPIS' MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

# MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF CONTENTS

I.      SUMMARY OF ARGUMENT ......................................................................................... 1

II.     STATEMENT OF FACTS ............................................................................................... 2

III.    PROCEDURAL HISTORY.............................................................................................. 3

IV.     ARGUMENT ................................................................................................................... 3

      A.      Movant's Appointment as Lead Plaintiff Is Appropriate. ............................................... 3

            1.      The Procedure Required by the PSLRA ............................................................... 3

                        a.      Movant Is Willing to Serve as Class Representative. ..............................5

                        b.      Movant Has the Largest Financial Interest in the Relief Sought by the Class. ...........................................................................................................5

            2.      Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure. ............................................................................................................. 6

                        a.      Movant's Claims Is Typical of the Claims of All Class Members. ........ 6

                        b.      Movant Will Adequately Represent the Class. ...................................... 7

      B.      Approval of Movant's Choice of Counsel Is Appropriate............................................. 9

V.      CONCLUSION................................................................................................................ 10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NICHOLAS AGAPIS' MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

## TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,
    No. 13-cv-04921-JST, 2014 WL 342625 (N.D. Cal. Jan. 27, 2014) ..............................................5

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) .................................................................................................. 1, 5, 6

*Crawford v. Honig,*
    37 F.3d 485 (9th Cir. 1994) ......................................................................................................8

*In re Drexel Burnham Lambert Grp.*,
    960 F.2d 285 (2d Cir. 1992)......................................................................................................7

*Eiger Biopharmaceuticals, Inc.*,
    Case No. 22-cv-06985-RS, 2023 WL 1769192 (N.D. Cal. Feb. 3, 2023) .........................................9

*Ferrari v. Gisch*,
     225 F.R.D. 599 (C.D. Cal. 2004) ..............................................................................................7

*Gen. Tel. Co. of the Southwest v. Falcon*,
    457 U.S. 147 (1982).................................................................................................................7

*Gilbert v. Azure, et al.*,
    No. 1:22-cv-7432-GHW, 2022 WL 17539172 (S.D.N.Y. Dec. 8, 2022) .........................................9

*Gold v. Lumber Liquidators, Inc.,*
    323 F.R.D. 280 (N.D. Cal. 2017)...............................................................................................7

*Hanlon v. Chrysler Corp.*,
     150 F.3d 1011 (9th Cir. 1998) ..................................................................................................7

*Haung v. Acterna Corp.,*
    220 F.R.D. 255 (D. Md. 2004)...................................................................................................6

*Hessefort v. Super Micro Computer, Inc,*
    317 F.Supp.3d 1056 (N.D. Cal. 2018) ........................................................................................6

*Johnson v. OCZ Tech. Grp.*,
    2013 WL 75774 (N.D. Cal. Jan. 4, 2013) ............................................................................. 1, 4, 5

*In re LendingClub Sec. Litig.,*
    282 F.Supp.3d 1171 (N.D. Cal. 2017) ........................................................................................7

*Michalski v. Weber Inc., et al.*,
    Case No. 1:21-cv-03966-EEB (N.D. Ill. Nov. 29, 2022)................................................................9

*In re Milestone Sci. Sec. Litig.*,
     183 F.R.D. 404 (D.N.J. 1998)...................................................................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) .................................................................................................7

iii

*Patterson v. Cabaletta Bio, Inc., et al.*,
    Case 2:22-cv-00737-JMY (E.D. Pa. Aug. 10, 2022) ..........................................................9

*Robidoux v. Celani*,
    987 F.2d 931 (2d Cir. 1993)..............................................................................................7

*Ryan v. FIGS, Inc. et al.*,
    Case No. 2:22-cv-07939-ODW (KSx) (C.D. Cal. Feb. 14, 2023) .....................................9

*Veal v. LendingClub Corporation*,
    2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) ...................................................................6

**Statutes**

15 U.S.C. § 78u-4 ...........................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23(a) ...................................................................................................... 1, 6, 7

## I.   SUMMARY OF ARGUMENT

Presently pending before the Court is the above-captioned securities class action (the "Action") brought on behalf of the class of persons and entities that purchased or otherwise acquired Origin Materials, Inc. ("Origin" or the "Company") securities between February 23, 2023, and August 9, 2023, inclusive (the "Class Period"). Plaintiffs in the Action allege violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and/or directors.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Nicholas Agapis ("Movant") lost approximately $112,579.45 using a last-in-first-out ("LIFO") analysis, and $107,246.63 in losses recoverable under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005) using a LIFO analysis. *Johnson v. OCZ Technology Group, Inc.*, 2013 WL 75774, at *2 (N.D.Cal.,2013).[1] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[2] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) he be appointed Lead Plaintiff; and (2) his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel and Brodsky Smith, LLP

---

[1] Movant's certification identifying his transactions in Origin, as required by the PSLRA, as well as a chart identifying his losses, are attached to the accompanying Declaration of Evan J. Smith ("Smith Decl."), as Exhibits A and B, respectively.

[2] The "Class" is comprised of all persons who purchased or otherwise acquired Origin securities during the Class Period.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NICHOLAS AGAPIS' MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

("Brodsky Smith") be as Liaison Counsel be approved.

## II.  STATEMENT OF FACTS[3]

Origin is a sustainable materials company founded in 2008 by chemical engineering students at the University of California, Davis. ¶ 2. The Company purports to have developed a platform to convert the carbon found in biomass into carbon negative materials that can replace the petroleum-based substances typically used in various end products. *Id.* One of the sustainable materials in Origin's platform is chloromethylfurfural ("CMF"), a building block chemical that can be converted into, among other products, (1) paraxylene ("PX"), a product that can replace non-sustainable chemicals in existing supply chains to produce polyethylene terephthalate ("PET"); and (2) furandicarboxylic acid ("FDCA"), which can be converted into polyethylene furanoate ("PEF"). According to the Company, these chemicals can be used in a variety of applications. *Id.* PET's applications include packaging, textiles, car parts, carpeting, toys, and construction materials, while FDCA and PEF's include surfactants, epoxy resins, and packaging, with PEF having the potential to compete with glass and aluminum. *Id.*

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 5. Specifically, Defendants misled investors by failing to disclose that (1) Origin would not be able to meet its previously announced timeline for the construction of the Origin 2 plant; (2) demand for PX had dropped such that it would not be the production focus of Origin 2; (3) Origin could not construct Origin 2 at its previously disclosed cost; (4) Origin could not construct Origin 2 at the scale it had previously identified; and (5) as a result of the foregoing, Defendants' positive statements

---

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Soto* Complaint") filed in the action styled *Soto v. Origin Materials, Inc., et. al.,* Case No. 2:23-cv-01816-WBS-JDP (the "*Soto* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Soto* Complaint. The facts set forth in the *Soto* Complaint are incorporated herein by reference.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NICHOLAS AGAPIS' MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL

about the Company's business, operations, and prospects were materially misleading and lacked a reasonable basis. *Id.*

After the market closed on August 9, 2023, the Company announced that it was significantly delaying the timeline for construction on its Origin 2 commercial plant and changing the product slate at Origin 2 from a focus on PX to a focus on FDCA. ¶ 3. The Company disclosed that it "now expects Origin 2 to be completed in two phases, with Phase 1 estimated to be completed in late 2026 to 2027, and Phase 2 estimated to be completed in 2028, compared with our initial expectation for a mid-2025 completion." *Id.* Origin blamed the delay on the "high-cost environment" for capital projects. *Id.* The Company further revealed that the construction would cost more and yield less capacity than previously announced. *Id.*

In response to this news, Origin's stock price declined 66.5%, or $2.88 per share, to close on August 10, 2023 at $1.45 per share. ¶ 4.

## III. PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Soto* Action against the Defendants. Plaintiff Antonio F. Soto ("Soto") commenced the first-filed action on August 25, 2023. On that same day, counsel acting on Soto's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Smith Decl., Ex. C (Press Release).

On October 4, 2023, a substantially similar action was filed against Origin in this Court, entitled *Jones v. Origin Materials, Inc., et al.,* Case No. 2:23-cv-02202-WBS-JDP (the "*Jones* Action"). On October 19, 2023 the *Soto* and *Jones* Actions were consolidated under Case No. 2:23-cv-01816-WBS-JDP.

## IV. ARGUMENT

### A. Movant's Appointment as Lead Plaintiff Is Appropriate.

#### 1. The Procedure Required by the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable."

3

15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson*, 2013 WL 75774, at *1 (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead

4

Plaintiff in the Action.

### a.  Movant Is Willing to Serve as Class Representative.

On August 25, 2023, counsel in the *Soto* action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Origin and the Individual Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Action.[4]

Movant has reviewed a complaint filed in the pending Action and has timely filed his motion pursuant to the Notice. *Johnson*, 2013 WL 75774, at *2.

### b.  Movant Has the Largest Financial Interest in the Relief Sought by the Class.

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Smith Decl., Ex. B. The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff. *Booth v. Strategic Realty Trust, Inc.*, 2014 WL 342625, at *1 (N.D.Cal., 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant purchased Origin shares in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $112,579.45 under a LIFO and $107,246.63 *Dura* LIFO analysis. *See* Smith Decl., Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

---

[4] The Notice was published over *Globe Newswire*, a widely circulated national business-oriented wire service. *See* Smith Decl., Ex. C.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v. Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

#### a. Movant's Claims Is Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are

6

"typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because his claims result from: (i) the same injuries as the absent class members; (ii) the same course of conduct by Defendants; and (iii) are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150 F.3d at 1020). A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claim is identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Origin securities during the Class Period and was damaged thereby. Thus, Movant's claim is typical, if not identical, to those of the other members of the Class because the losses Movant seeks to recover is similar to those of other Class members and his losses results from the defendants' common course of conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests

7

of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interest of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1993) (citation omitted).

Movant's interest is clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interest and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss he suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for ten years. *See* Smith Decl., Ex. D, Movant's Declaration in support of his motion. *Id*. at ¶2. He resides in York, Pennsylvania, and possesses a doctorate degree in dentistry. *Id*. Movant is self-employed as a dentist and owns his own practice, Greater York Family Dentistry, where he oversees seventeen employees. *Id.* Therefore, Movant will prosecute the Action vigorously on behalf of the Class

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest in the outcome of the Actions as a result of the defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed

8

as such to lead the Actions.

**B.  Approval of Movant's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class and Brodsky Smith and the proposed Liaison Counsel. The members of Levi & Korsinsky and Brodsky Smith have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Ryan v. FIGS, Inc. et al.*, Case No. 2:22-cv-07939-ODW (KSx), ECF No. 64 (C.D. Cal. Feb. 14, 2023); *Schoen v. Eiger Biopharmaceuticals, Inc.*, Case No. 22-cv-06985-RS, 2023 WL 1769192, at *2 (N.D. Cal. Feb. 3, 2023) (noting "the firm appears to have adequate experience in securities actions, as well as the resources and financial ability to be lead counsel."); *Gilbert v. Azure, et al.*, No. 1:22-cv-7432-GHW, 2022 WL 17539172, at *6 (S.D.N.Y. Dec. 8, 2022) (appointing Levi & Korsinsky noting the firm "is experienced in securities class action litigation" and "has been appointed by judges in this District to serve as lead counsel or co-lead counsel in other matters"); *Michalski v. Weber Inc., et al.*, Case No. 1:21-cv-03966-EEB, Dkt. No. 59 (N.D. Ill. Nov. 29, 2022); *Patterson v. Cabaletta Bio, Inc., et al.*, Case 2:22-cv-00737-JMY, ECF No. 10 (E.D. Pa. Aug. 10, 2022). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible. *See also* Smith Decl., Ex. E (the firm résumés of Levi & Korsinsky and Brodsky Smith).

## V.  CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the Action; (2) approve Levi & Korsinsky as Lead Counsel and Brodsky Smith and Liaison Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.


Dated: October 24, 2023                    Respectfully submitted,

                                           **BRODSKY SMITH**

                                           */s/ Evan J. Smith*
                                           Evan J. Smith
                                           9595 Wilshire Boulevard, Suite 900
                                           Beverly Hills, CA 90212
                                           esmith@brodskysmith.com
                                           Tel.: 877.534.2590


                                           *Liaison Counsel for Nicholas Agapis and Proposed Liaison Counsel the Class*


                                           **LEVI & KORSINSKY, LLP**
                                           Adam M. Apton (SBN 316506)
                                           Adam C. McCall (SBN 302130)
                                           1160 Battery Street East, Suite 100
                                           San Francisco, CA 94111
                                           Tel: (415) 373-1671
                                           Email: aapton@zlk.com
                                           Email: amccall@zlk.com

                                           *Lead Counsel for Nicholas Agapis and Proposed Lead Counsel for the Class*

10