Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

Corey D. Holzer (*pro hac vice* application forthcoming)
**HOLZER & HOLZER, LLC**
211 Perimeter Center Pkwy NE, Suite 1010
Atlanta, GA 30346
(770) 392-0090 phone
cholzer@holzerlaw.com

*Co-Counsel to Movant Carter Family Investors
and Proposed Lead Co-Counsel*

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORIGIN MATERIALS, INC. SECURITIES LITIGATION | Master File No. 2:23-cv-01816-WBS-JDP |
| This Document Relates to: | CLASS ACTION |
| ALL ACTIONS. | **NOTICE OF MOTION AND MOTION OF CARTER FAMILY INVESTORS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTED COUNSEL** |
| | Date: December 11, 2023<br>Time: 1:30 p.m.<br>Courtroom:5<br>Judge: Hon. William B. Shubb |

Notice of Motion and Motion

TO:  ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on December 11, 2023 at 1:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable William B. Shubb, in Courtroom 5 on the 14th Floor of the United States District Court for the Eastern District of California, Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, putative class members Carter Family Investors will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order (1) consolidating the two above-captioned related actions; (2) appointing Carter Family Investors as Lead Plaintiff; and (3) approving their selection of Block & Leviton LLP and Holzer & Holzer, LLC as Co-Lead Counsel for the putative Class.[1]

This Motion is made on the grounds that Carter Family Investors are the most adequate proposed lead plaintiff. Carter

---

[1] This Motion has been filed pursuant to Section 27(a)(3)(B) of the Securities Act, and Section 21D(a)(3)(B) of the Exchange Act, as amended by the PSLRA. Section 27(a)(3)(B) and Section 21D(a)(3)(B) provide that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not that proposed class member has previously filed a complaint in the underlying action. Consequently, counsel for Carter Family Investors cannot determine who the competing lead plaintiff candidates are at this time.

MOTION FOR CONSOLIDATION, APPT. AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NO. 2:23-CV-01816-WBS-JDP

2

Family Investors seeks appointment as Lead Plaintiff and approval of their choice of Block & Leviton LLP and Holzer & Holzer, LLC as Co-Lead Counsel pursuant to the Securities Exchange Act of 1934, as modified by the PSLRA, and the Federal Rules of Civil Procedure. This Motion is based on this Notice and memorandum of law, the Declaration of Jacob A. Walker and the exhibits thereto, the record in this action, and such further argument as the Court may allow at any hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Two class actions ("the Related Actions") brought on behalf of all persons who purchased or otherwise acquired Origin Materials, Inc. ("Origin" or the "Company") securities between February 23, 2023, and August 9, 2023, inclusive (the "Class Period") are currently pending in this District. The Related Actions allege claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78(j)(b) and 78(t), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. As detailed below, the Related Actions involve common issues of law and fact and should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)").

After consolidation, the PSLRA requires the Court to "consider any motion made by a purported class member," and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Under the PSLRA, the Court should "adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The Court should appoint Carter Family Investors as Lead Plaintiff. The Carter Family Investors includes Thomas Carter and his wife Louise Carter. Mr. and Mrs. Carter purchased Origin Materials common stock in their family trust, The Carter Family Trust, and in each of Mr. and Mrs. Carter's individual IRA and Roth investment accounts. The Carter Family Investors have timely moved for appointment as Lead Plaintiff, have a substantial financial interest in the outcome of this litigation, and are typical and adequate class representatives. The Court should also approve of Carter Family Investors' selection of Block & Leviton LLP and Holzer & Holzer, LLC as Co-Lead Counsel because the firms

MOTION FOR CONSOLIDATION, APPT. AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
No. 2:23-CV-01816-WBS-JDP

4

possess extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.   STATEMENT OF ISSUES TO BE DECIDED

1. Whether the Court should appoint Carter Family Investors as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3); and

2. Whether the Court should approve of Carter Family Investors' selection of Block & Leviton LLP and Holzer & Holzer, LLC as Co-Lead Counsel for the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III. STATEMENT OF FACTS[2]

Origin is a sustainable materials company founded in 2008 by chemical engineering students at the University of California, Davis. The Company purports to have developed a platform to convert the carbon found in biomass into carbon negative materials that can replace the petroleum-based substances typically used in various end products. One of the sustainable materials in Origin's platform is chloromethylfurfural ("CMF"), a building block chemical that can be converted into, among other products, (1) paraxylene ("PX"), a product that can replace non-sustainable chemicals in existing supply chains to produce polyethylene terephthalate ("PET"); and (2) furandicarboxylic acid ("FDCA"),

---

[2] The facts are taken from the Complaint that was filed in *Soto v. Origin Materials, Inc. et al.*, No. 2:23-cv-01816-WBS-JDP (E.D. Cal.) (ECF No. 1).

MOTION FOR CONSOLIDATION, APPT. AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NO. 2:23-CV-01816-WBS-JDP

5

which can be converted into polyethylene furanoate ("PEF"). According to the Company, these chemicals can be used in a variety of applications. PET's applications include packaging, textiles, car parts, carpeting, toys, and construction materials, while FDCA and PEF's include surfactants, epoxy resins, and packaging, with PEF having the potential to compete with glass and aluminum.

On August 9, 2023, after the market closed, Origin announced that it was significantly delaying the timeline for construction on its Origin 2 commercial plant and changing the product slate at Origin 2 from a focus on PX to a focus on FDCA. The Company disclosed that it "now expects Origin 2 to be completed in two phases, with Phase 1 estimated to be completed in late 2026 to 2027, and Phase 2 estimated to be completed in 2028, compared with our initial expectation for a mid-2025 completion." Origin blamed the delay on the "high-cost environment" for capital projects. The Company further revealed that the construction would cost more and yield less capacity than previously announced.

On this news, Origin's stock price fell $2.88 per share, or 66.5%, to close at $1.45 per share on August 10, 2023. Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants misled investors by failing to

disclose that (1) Origin would not be able to meet its previously announced timeline for the construction of the Origin 2 plant; (2) demand for PX had dropped such that it would not be the production focus of Origin 2; (3) Origin could not construct Origin 2 at its previously disclosed cost; (4) Origin could not construct Origin 2 at the scale it had previously identified; and (5) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and lacked a reasonable basis.

## IV.   ARGUMENT

### A.   Carter Family Investors Are The "Most Adequate Plaintiff" And Should Be Appointed As Lead Plaintiff

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (i.e., today, October 24, 2023), any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether

or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides,

> the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir 2002).

Carter Family Investors satisfy each of these requirements, and the Court should therefore appoint them as Lead Plaintiff.

### 1.    The Motion Is Timely

The statutorily-required notice of this action was published on August 25, 2023, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; and (3) the right to move the Court to be appointed as lead plaintiff by October 24,

2023. See Ex. A to the Declaration of Jacob A. Walker (the "Walker Decl.").

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Carter Family Investors timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Carter Family Investors have signed certifications pursuant to the PSLRA. *See* Walker Decl., Ex. D. Carter Family Investors have selected and retained qualified counsel to represent them and the proposed class. *See* Walker Decl., Ex. F, G. Accordingly, Carter Family Investors are entitled to have their application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

### 2. Carter Family Investors Have a Substantial Financial Interest in the Relief Sought by the Class.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action. *See Cavanaugh*, 306 F.3d at 730 (district courts must first compare the financial stakes of the various movants to determine which has the most to gain from the lawsuit).

During the Class Period, as evidenced by Carter Family Investors' accompanying signed certifications and loss charts, Carter Family Investors incurred substantial losses in their purchases of Origin Materials common stock. They purchased a total

MOTION FOR CONSOLIDATION, APPT. AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
NO. 2:23-CV-01816-WBS-JDP

9

of 53,562 net shares during the Class Period for total net proceeds of $226,482.78 and incurred losses of $196,003.07 as calculated on a LIFO basis. *See* Walker Decl. Exs. D, E. At the time of this filing, Carter Family Investors believe that they possess the largest financial interest of any movant seeking lead plaintiff status. Accordingly, Carter Family Investors are entitled to the presumption that they are the most adequate lead plaintiff.

**3.    Carter Family Investors Otherwise Satisfies Rule 23.**

In addition to possessing a significant financial interest, a presumptive lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). At the lead plaintiff stage of the litigation, "only a preliminary showing is necessary" for the typicality and adequacy of representation requirements. *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009) (citing *Cavanaugh*, 306 F.3d at 729-31).

Motion for Consolidation, Appt. as Lead
Plaintiff, and Approval of Lead Counsel                                    10
No. 2:23-cv-01816-WBS-JDP

The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted). The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Cavanaugh*, 306 F.3d at 730 (quoting Fed. R. Civ. P. 23(a)(4)).

Carter Family Investors have submitted sworn certifications confirming their desire, willingness, and ability to serve as lead plaintiffs. *See* Walker Decl., Ex. D.  In addition, Thomas Carter has submitted a Declaration explaining his educational and employment background, noting that he has 40 years of investment experience, and confirming that the has power of attorney for Louise Carter, that he was the principle decision maker in purchasing and selling Origin stock, that he understands the duties and responsibilities of being a lead plaintiff, that he is committed to this case, and that he carefully considered his decision to retain Block & Leviton and Holzer & Holzer as Lead Counsel in this action. See Walker Decl. Ex. C.  Like all class members, Carter Family Investors acquired Origin Materials, Inc. stock during the Class Period at allegedly inflated prices and

suffered damages when Defendants' alleged misconduct came to light. *Id.*, Exs. D, E. Carter Family Investors' substantial financial interest indicates that they have the requisite incentive to vigorously represent the putative class's claims. Moreover, Carter Family Investors are not subject to unique defenses or aware of any conflicts between their claims and those asserted by the class. Finally, as discussed below, they have selected qualified counsel, highly experienced in securities litigation.

Carter Family Investors' common interests shared with the class, substantial financial interest in this Action, and selection of qualified counsel demonstrate that they *prima facie* satisfy the Rule 23 inquiries at this stage of the litigation.

### B. The Court Should Approve of Carter Family Investors' Selection of Block & Leviton LLP and Holzer & Holzer, LLC as Co-Lead Counsel

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class she seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). The lead plaintiff's choice of counsel should be approved, and the Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. Carter Family Investors have selected Block & Leviton LLP, a firm

with substantial experience in the prosecution of shareholder and securities class actions. *See* Walker Decl. Ex. F. As one District Court recently noted in *In re Lyft, Inc. Sec. Litig.*, 2023 WL 5068504 at *9 (N.D. Cal. Aug. 7, 2023) in approving a $25 million settlement, "Block & Leviton are highly experienced lawyers with expertise in securities class actions." The court in *Bardaji v. Match Group, Inc.*, No. 23-cv-00245-MN, slip op. at 4 (D. Del. May 24, 2023) in appointing Block & Leviton lead counsel also noted that the firm "has substantial experience in securities fraud litigation" and "has obtained a significant number of sizeable settlements in these cases over the years."

Holzer, too, is highly experienced in the areas of securities litigation and class actions. *See*, Walker Decl. Ex. G. Holzer has successfully served as Co-Lead Counsel in numerous shareholder class actions during the firm's 20-year history. *See* Ex. G. Recently, Holzer's successes include serving as co-lead counsel and recovering $22.25 million for the class of investors in *Davis v. Yelp, Inc., et al.*, No. 18-cv-400-EMC (N.D. Cal.) and $20 million for the class of investors in *Peralta v. Grana y Montero S.A.A., et al.*, No. 17-cv-1105-LDH (E.D.N.Y.). Holzer also is currently serving as Co-Lead Counsel on behalf of a class of investors in *Blake v. Canoo, Inc., et al.*, No. 21-cv-2873-FMO (C.D. Cal.), *Salzman v. ImmunityBio, Inc. et al.*, No. 23-cv-01216-GPC-

DEB (S.D. Cal), and *Li v. Spirit Aerosystems Holdings, Inc., et al.*, No. 23-cv-03722-PAE (S.D.N.Y.).

Accordingly, the Court should approve of Carter Family Investors' selection of Block & Leviton LLP and Holzer & Holzer, LLC as Co-Lead Counsel.

## V.    CONCLUSION

Carter Family Investors satisfy each of the PSLRA's requirements for appointment as Lead Plaintiff. As such, they respectfully request that the Court issue an Order: (1) consolidating the above captioned Related Actions; (2) appointing Carter Family Investors as Lead Plaintiff; and (3) approving their selection of Lead Counsel.

October 24, 2023                              Respectfully submitted,

                                              **BLOCK & LEVITON LLP**

                                              /s/ Jacob A. Walker
                                              Jacob A. Walker (SBN 271217)
                                              400 Concar Drive
                                              San Mateo, CA 94402
                                              (650) 781-0025 phone
                                              jake@blockleviton.com

                                              **HOLZER & HOLZER, LLC**

                                              /s/ Corey D. Holzer
                                              Corey D. Holzer (*pro hac vice*
                                              application forthcoming)
                                              211 Perimeter Center Pkwy NE,
                                              Suite 1010
                                              Atlanta, GA 30346
                                              (770) 392-0090 phone

cholzer@holzerlaw.com

*Co-Counsel to Movant Carter Family Investors and Proposed Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Jacob A. Walker
Jacob A. Walker

MOTION FOR CONSOLIDATION, APPT. AS LEAD
PLAINTIFF, AND APPROVAL OF LEAD COUNSEL
No. 2:23-CV-01816-WBS-JDP

16