ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
DANIELLE S. MYERS (259916)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff
and the Class

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORIGIN MATERIALS, INC. Securities Litigation | ) Master File No. 2:23-cv-01816-WBS-JDP )<br>) CLASS ACTION<br>) |
| This Document Relates To:<br><br>ALL ACTIONS. | ) MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF |

```
                              Date:    December 11, 2023
                              Time:    1:30 P.M..
                              Ctrm:    5, 14th Floor
                              Judge:   Hon. William B. Shubb
```

FNY Partners Fund LP and Peter Di Murro ("FNY and Di Murro") respectfully submit this memorandum of points and authorities in support of their Motion for the entry of an order appointing FNY and Di Murro as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") and approving FNY and Di Murro's selection of Entwistle & Cappucci LLP and Robbins Geller Rudman & Dowd LLP as Lead Counsel on behalf of the proposed class.

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF        - 1 -
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF
LAW IN SUPPORT THEREOF - Master File No. 2:23-cv-01816-WBS-JDP
4874-1596-0202.v1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

The above-captioned consolidated securities fraud class action is on behalf of purchasers of Origin Materials, Inc. ("Origin" or the "Company") securities between February 23, 2023 and August 9, 2023, inclusive (the "Class Period") asserting claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

Pursuant to the PSLRA, the Court "shall appoint the most adequate plaintiff as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). FNY and Di Murro – consisting of an institutional investor managed by a well-known multi-strategy investment firm, FNY Investment Advisers, LLC, with a track record of success serving as lead plaintiff in securities class actions, as well as a sophisticated individual investor – should be appointed as lead plaintiff because they: (1) timely filed this Motion; (2) have a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, FNY and Di Murro's selection of Entwistle & Cappucci LLP ("Entwistle & Cappucci") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") (collectively, the "Firms") to serve as lead counsel should be approved because the Firms possess extensive

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - Master File No. 2:23-cv-01816-WBS-JDP
4874-1596-0202.v1

- 2 -

experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.   STATEMENT OF ISSUES TO BE DECIDED

1.   Whether the Court should appoint FNY and Di Murro as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

2.   Whether the Court should approve FNY and Di Murro's selection of Entwistle & Cappucci and Robbins Geller as Lead Counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III. STATEMENT OF FACTS

Origin is a sustainable materials company that purports to have developed a platform to convert carbon found in biomass into carbon negative materials that can replace the petroleum-based substances typically used in various end products.  On February 17, 2021, Origin announced that it had entered into a merger agreement with Artius Acquisition Inc., a special purpose acquisition company (SPAC).[1]  Origin's common stock trades on the NASDAQ under the ticker symbol ORGN.

The complaint alleges that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) Origin would not be able to meet its previously announced timeline for the construction of its Origin 2 commercial plant; (ii) demand for paraxylene, a product that can replace non-sustainable chemicals in existing supply chains, had dropped such

---

[1]   By way of background, SPACs are often referred to as "blank check companies" because they have no business or operations at the time of formation.  Instead, SPAC sponsors use proceeds from public offerings for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses.

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - Master File No. 2:23-cv-01816-WBS-JDP    - 3 -
4874-1596-0202.v1

that it would not be the production focus of the Origin 2 plant; (iii) Origin could not construct the Origin 2 plant at its previously disclosed cost; and (iv) Origin could not construct the Origin 2 plant at the scale it had previously identified.

On August 9, 2023, Origin announced it was significantly delaying the timeline for construction on its Origin 2 commercial plan and changing the product slate at Origin 2.  Origin disclosed that it "now expects Origin 2 to be completed in two phases, with Phase 1 estimated to be completed in late 2026 to 2027, and Phase 2 estimated to be completed in 2028, compared with our initial expectation for a mid-2025 completion."  ECF 1 at ¶3.  Origin blamed the delay on the "high-cost environment" for capital projects.  *Id.*  Origin further revealed that the construction would cost more and yield less capacity than previously announced.  On this news, the price of Origin common stock declined more than 65%.

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of Origin securities, class members have suffered significant losses and damages.

**IV.   ARGUMENT**

   **A.    FNY and Di Murro are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, the pendency of the action must be publicized in a widely circulated national business-

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF     - 4 -
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF
LAW IN SUPPORT THEREOF - Master File No. 2:23-cv-01816-WBS-JDP
4874-1596-0202.v1

oriented publication or wire service not later than 20 days after filing of the first complaint.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or the group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  FNY and Di Murro meet each of these requirements and should be appointed Lead Plaintiff.

### 1.    This Motion Is Timely

The statutory notice of this action was published on *Globe Newswire* on August 25, 2023, advising class members of the pendency of the action, the class definition and period asserted therein, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by October 24, 2023.  *See* Declaration of Danielle S. Myers in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel; Memorandum of Law in Support Thereof ("Myers Decl."), Ex. A.  Because this Motion is being filed on October 24, it is timely and FNY and Di Murro are entitled to be considered for appointment as lead plaintiff.

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - Master File No. 2:23-cv-01816-WBS-JDP
4874-1596-0202.v1

- 5 -

**2.   FNY and Di Murro Have a Substantial Financial Interest in the Relief Sought by the Class**

As evidenced by their PSLRA Certifications and loss chart, FNY and Di Murro purchased 368,938 shares of Origin common stock and 12,525 options contracts during the Class Period, suffering more than $765,110 in losses on a last-in, first-out basis as a result of defendants' alleged misconduct.  *See* Myers Decl., Exs. B-C. Therefore, FNY and Di Murro have a substantial financial interest in the relief sought by the class.

**3.   FNY and Di Murro are Typical and Adequate of the Putative Class**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  As the lead plaintiff, courts primarily focus on the typicality and adequacy requirements of Rule 23.  *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021).

The test of typicality under Rule 23(a)(3) is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).  Rule 23 further requires that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The adequacy determination requires the court to address two questions: (1) "do the named plaintiffs and their counsel have any conflicts of

interest with other class members"?; and (2) "will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000).

FNY and Di Murro are typical of the class they seek to represent because, like all class members, they: (1) purchased Origin securities; (2) were adversely affected by the alleged wrongdoing; and (3) suffered harm when defendants' alleged misconduct was revealed. *See* Myers Decl., Exs. B-C. In other words, FNY and Di Murro's claims arise from the same alleged misconduct and are based on the same legal theory as the claims of other class members. FNY and Di Murro have thus made the necessary prima facie showing of typicality.

As to adequacy, FNY and Di Murro have a substantial stake in the outcome of the case, providing the requisite incentive to vigorously represent the class's claims. And, as discussed below, FNY and Di Murro have selected qualified counsel experienced in securities litigation.

And with an institutional investor among their ranks, FNY and Di Murro are precisely the types of investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - Master File No. 2:23-cv-01816-WBS-JDP     - 7 -
4874-1596-0202.v1

significantly benefit absent class members."). Accordingly, FNY and Di Murro satisfy the Rule 23 inquiry.

**B.   The Court Should Approve FNY and Di Murro's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. FNY and Di Murro selected Entwistle & Cappucci and Robbins Geller as lead counsel in this case.[2]

Entwistle & Cappucci is among the preeminent securities class action law firms in the country, with offices in Texas and New York. The Firm has extensive experience successfully prosecuting some of the largest and most complex class actions in history and has distinguished itself as one of the nation's premier complex litigation firms, regularly pursuing multi-jurisdictional cases against well-funded opponents, including large corporations and financial institutions. Significant cases in which Entwistle & Cappucci has served in a leadership capacity and obtained significant recoveries on behalf of the respective classes include:

- *In re Cobalt Int'l Energy, Inc.*, No. 4:18-cv-03428-NFA (S.D. Tex.) in which Entwistle & Cappucci prosecuted securities claims against oil and gas

---

[2]   For a detailed description of Entwistle & Cappucci's and Robbins Geller's track records, resources, and attorneys, please *see* https://www.entwistle-law.com/ and https://www.rgrdlaw.com/. An electronic or paper version of the Firms' resumes are available upon the Court's request, if preferred.

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - Master File No. 2:23-cv-01816-WBS-JDP     - 8 -
4874-1596-0202.v1

company Cobalt International Energy, Inc. and related defendants. In that case, Entwistle & Cappucci served as co-lead counsel and recovered $169.35 million in cash, in addition to $220 million payable from director and officer liability policies on behalf of a class of investors;

- *In re MF Global Holdings Ltd. Inv. Litig.*, No. 1:12-md-02338-VM (S.D.N.Y.), in which Entwistle & Cappucci – appointed co-lead counsel for the worldwide class of commodities investors – worked with the trustee appointed under the Securities Investor Protection Act to recover all $1.6 billion in net equity lost by commodity customers after the collapse of MF Global;

- *In re Royal Ahold NV Sec.*, No. 1:03-md-01539-CCB (D. Md.), in which Entwistle & Cappucci served as lead counsel representing the Public Employees' Retirement Association of Colorado as lead plaintiff, recovering a $1.1 billion partial settlement of the action, representing approximately 40% of estimated provable damages; and

- *In re Allergan, Inc. Proxy Violation Derivatives Litig.*, No. 2:17-cv-04776-DOC-KES (C.D. Cal.), where Entwistle & Cappucci, as co-lead counsel on behalf of investors in derivative securities of Allergan, Inc., negotiated a $40 million settlement of claims that Valeant Pharmaceuticals International, Inc. and certain officers shared material non-public information with Pershing Square Capital Management, L.P. and certain affiliated individuals and entities concerning Valeant's plan to take over Allergan, Inc. in exchange for Pershing Square's support for the takeover.

Likewise, Robbins Geller, a 200-attorney nationwide law firm, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence and

MOTION FOR APPOINTMENT AS LEAD PLAINTIMENT AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - Master File No. 2:23-cv-01816-WBS-JDP
4874-1596-0202.v1

- 9 -

appointed Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.[3]

Entwistle & Cappucci and Robbins Geller also have a history of successfully and efficiently prosecuting securities class actions together including in *In re Resideo Techs., Inc. Sec. Litig.*, No. 0:19-cv-02863-WMW-BRT (D. Minn.) ($55 million recovery) and *In re Alta Mesa Res., Inc.*, No. 4:19-cv-00957 (S.D. Tex.) (case currently scheduled for trial in May 2024 in which Entwistle & Cappucci and Robbins Geller are currently serving as co-lead counsel and FNY is serving as a lead plaintiff).

Based upon Entwistle & Cappucci's and Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Court can be assured that by granting this Motion, the class will receive the highest caliber of legal representation.  Accordingly, FNY and Di Murro's selection of

---

[3]    Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits. *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - Master File No. 2:23-cv-01816-WBS-JDP
4874-1596-0202.v1

- 10 -

Entwistle & Cappucci and Robbins Geller as lead counsel is reasonable and should be approved.

**V.   CONCLUSION**

FNY and Di Murro satisfy each of the PSLRA's requirements for appointment as lead plaintiff.  As such, FNY and Di Murro respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Lead Counsel.

DATED:  October 24, 2023          Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ


                 s/ Danielle S. Myers
                  DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

ENTWISTLE & CAPPUCCI LLP
VINCENT R. CAPPUCCI
ROBERT N. CAPPUCCI
230 Park Avenue, 3rd Floor
New York, NY  10169
Telephone:  212/894-7200
212/894-7272 (fax)
vcappucci@entwistle-law.com
rcappucci@entwistle-law.com

Proposed Lead Counsel for
Proposed Lead Plaintiff and the
Class

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF - Master File No. 2:23-cv-01816-WBS-JDP - 11 -
4874-1596-0202.v1

ADEMI LLP
GURI ADEMI
JESSE FRUCHTER
3620 East Layton Avenue
Cudahy, WI  53110
Telephone:  414/482-8000
414/482-8001 (fax)
gademi@ademilaw.com
jfruchter@ademilaw.com

Additional Counsel

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF
LAW IN SUPPORT THEREOF - Master File No. 2:23-cv-01816-WBS-JDP
4874-1596-0202.v1

- 12
-

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on October 24, 2032, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  dmyers@rgrdlaw.com

4874-1596-0202.v1

# Mailing Information for a Case 2:23-cv-01816-WBS-JDP Soto v. Origin Materials, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Boris Feldman**
  boris.feldman@freshfields.com,filing_notice@freshfields.com

- **Doru Gavril**
  doru.gavril@freshfields.com

- **Carl Patrick Hudson**
  carlhudson@paulhastings.com

- **Evan Jason Smith**
  esmith@brodskysmith.com

- **Jacob Walker**
  jake@blockleviton.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)