# EXHIBIT D

## JOINT DECLARATION OF SHAWN FISCHMAN
### AND PETER DI MURRO

We, Shawn Fischman – on behalf of FNY Partners Fund LP ("FNY") – and Peter Di Murro pursuant to 28 U.S.C. §1746, declare as follows:

1. We respectfully submit this Joint Declaration in support of our lead plaintiff application in the securities action filed on behalf of investors of Origin Materials, Inc. securities. We are informed of and understand the requirements and duties of serving as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). We each have personal knowledge about the facts set forth in this Joint Declaration relating to ourselves and the fund with which we are associated.

2. I, Shawn Fischman, am the General Counsel and Chief Compliance Officer of FNY Investment Advisers, LLC, the investment adviser to FNY. Established in 1985, FNY is a New York-based sophisticated institutional investor with a dedicated staff of professionals who will ensure effective oversight of counsel and this litigation. FNY has prior experience serving as a fiduciary and in selecting, hiring, and overseeing lawyers in complex litigation, and its familiarity with the PSLRA's requirements is informed by, among other things, its experience serving as a lead plaintiff in securities fraud class actions. *See In re Alta Mesa Res., Inc. Sec. Litig.*, No. 4:19-cv-00957 (S.D. Tex.) (currently serving as co-lead plaintiff); and *In re Dynagas LNG Partners LP*

*Sec. Litig.,* No. 1:19-cv-04512 (S.D.N.Y.) (served as co-lead plaintiff). As reflected in its Certification, FNY purchased a significant number of Origin Materials securities during the relevant time period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action.

3. I, Peter Di Murro, live in Sarnia, Ontario and I am the President of Sarnia High Park Developments, Ltd., a construction company I founded more than three decades ago. I have approximately three decades of investing experience and I am familiar with selecting and overseeing lawyers.

4. We are strongly motivated to recover the significant losses that we (and the rest of the class) suffered as a result of defendants' violations of the federal securities laws. Our primary goal in seeking to serve as lead plaintiff in this case is to achieve the best possible recovery for the class from all culpable parties.

5. As a combination of an experienced institutional investor and an individual investor who invested and suffered losses on his own money, we agree it is in the class's best interest that we seek appointment as lead plaintiff in this case to provide comprehensive, responsible, and vigorous representation of the class throughout the case, which is especially important in light of recent Supreme Court authority regarding the expiration of the

statute of limitations and statute of repose in securities cases like this.

6.    We recognize the importance of selecting qualified counsel to prosecute the litigation in a cost-effective manner on behalf of the class.  To that end, if appointed as lead plaintiff, we will work jointly to monitor and direct the efforts and activities of our proposed lead counsel, Entwistle & Cappucci LLP and Robbins Geller Rudman & Dowd LLP, in the prosecution of this action.  Both firms have experience serving as lead counsel with one another and understand the importance of providing comprehensive representation to the class without performing duplicative work.  *See, e.g., Alta Mesa*, No. 4:19-cv-00957 (Entwistle & Cappucci LLP and Robbins Geller serving as lead counsel).

7.    We are aware of the requirements and responsibilities of being a lead plaintiff in a securities class action and are willing to undertake these responsibilities on behalf of the putative class in this case.  Recognizing these responsibilities, before filing our lead plaintiff motion, we spoke to each other and with counsel regarding this case.  We discussed, *inter alia*, our joint leadership, decision-making, and oversight of this litigation, including the general strategy for joint prosecution of the case, our responsibilities as proposed lead plaintiff, our oversight of counsel, our commitment to act in the class's best interests, and

the lead plaintiff motion process. Our discussion reinforced our belief that we are driven investors that each have a substantial financial stake in this litigation and share a commitment to maximizing the class recovery. We further believe that the complementary nature of our investments in Origin Materials securities (including stock and options) throughout the relevant time period will provide for comprehensive representation for the putative class.

8. As each of our respective Certifications attest, we will participate in discovery and trial as necessary. We are committed to optimizing the outcome for the benefit of the putative class. Our proposed lead counsel already have and will continue to apprise us of significant litigation developments. We will convene calls, attend in-person meetings, and/or confer between ourselves and with counsel as often and regularly as necessary to ensure responsible oversight and direction of counsel if we are together appointed lead plaintiff.

9. In sum, we are committed to ensuring that the class receives the best possible outcome from this litigation.

- 4 -

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements relating to FNY are true and correct.

Executed this 24th day of October, 2023.

_____
Shawn Fischman
General Counsel and Chief
Compliance Officer of FNY
Investment Advisers, LLC,
Investment Advisor to FNY Partners
Fund LP

- 5 -

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury of the laws of the United States of America that the foregoing statements relating to me are true and correct.

Executed this 24th day of October, 2023.

Peter Di Murro