**BRAGAR EAGEL & SQUIRE, P.C.**
Marion C. Passmore (SBN #228474)
passmore@bespc.com
580 California Street, Suite 1200
San Francisco, CA 94104
(415) 568-2124 (phone)
(212) 214-0506 (fax)

*Local Counsel for Todd Frega and Proposed Liaison
Counsel for the Proposed Class*

[Additional Counsel on Signature Block]

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ORIGIN MATERIALS, INC. SECURITIES LITIGATION | Master File No. 2:23-cv-01816-WBS-JDP |
| | <u>CLASS ACTION</u> |
| This Document Relates To: ALL ACTIONS. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF TODD FREGA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS CHOICE OF LEAD COUNSEL** |
| | Judge:   William B. Shubb<br>Date:    December 11, 2023<br>Time     1:30 P.M.<br>Crtrm:   5 |

Movant Todd Frega ("Frega") respectfully moves this court for appointment as lead plaintiff and approval of his choice of lead counsel pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), codified as Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act").

**PRELIMINARY STATEMENT**

Presently pending in this district is the above-captioned consolidated securities class action (the "Action"). The Action is brought on behalf of all persons or entities (the "Class") who purchased or otherwise acquired Origin Materials, Inc. ("Origin") securities between February 23, 2023 and August 9, 2023, inclusive (the "Class Period"). Plaintiffs allege violations of the Exchange Act by Defendants.

The PSLRA creates a rebuttable presumption that the Court should appoint as lead plaintiff the "person" that has the largest financial interest in the litigation and has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

Frega suffered a substantial financial loss of $275,912 on his purchases of Origin securities during the Class Period. Frega believes he has the largest financial interest. Thus, Frega believes he is the presumptive lead plaintiff in the Action.

Frega has also made a *prima facie* showing that he satisfies the requirements of Rule 23 in that his claims are typical of the claims of the Class and he will fairly and adequately represent the interests of the Class. Like other class members, Frega bought Origin securities during the Class Period and suffered harm from Defendants' alleged misstatements and omissions. Frega is also an adequate lead plaintiff. Frega lives in Woodstock, Georgia; has invested for over 20 years; and is semi-retired after serving in the ministry. Frega has no conflicts with other Class members. Frega also chose well-qualified counsel, Bernstein Liebhard LLP ("Bernstein Liebhard") and Bragar Eagel & Squire, P.C. ("Bragar"), as lead and liaison counsel, respectively. *See infra* at 7-8. Thus, Frega satisfies the PSLRA's Rule 23 requirements.

MEMO OF LAW IN SUPPORT OF MOTION OF TODD FREGA FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF HIS CHOICE OF LEAD COUNSEL

Accordingly, Frega respectfully requests that the Court appoint him as Lead Plaintiff and approve his choice of counsel.

### SUMMARY OF ALLEGATIONS

Origin is a sustainable materials company founded in 2008 by chemical engineering students at the University of California, Davis. The Company purports to have developed a platform to convert the carbon found in biomass into carbon negative materials that can replace the petroleum-based substances typically used in various end products. One of the sustainable materials in Origin's platform is chloromethylfurfural ("CMF"), a building block chemical that can be converted into, among other products, (1) paraxylene ("PX"), a product that can replace non-sustainable chemicals in existing supply chains to produce polyethylene terephthalate ("PET"); and (2) furandicarboxylic acid ("FDCA"), which can be converted into polyethylene furanoate ("PEF"). According to the Company, these chemicals can be used in a variety of applications. PET's applications include packaging, textiles, car parts, carpeting, toys, and construction materials, while FDCA and PEF's include surfactants, epoxy resins, and packaging.

Plaintiffs allege that Defendants made materially false and misleading statements throughout the Class Period. Among other things, Defendants allegedly failed to disclose that: (1) Origin would not be able to meet its previously announced timeline for the construction of one of its plants, the Origin 2; (2) demand for PX had dropped such that it would not be the production focus of Origin 2; (3) Origin could not construct Origin 2 at its previously disclosed cost; and (4) Origin could not construct Origin 2 at the scale it had previously identified.

The truth was allegedly revealed on August 9, 2023 when Origin announced that it was significantly delaying the timeline for construction on its Origin 2 commercial plant and changing the product slate at Origin 2 from a focus on PX to a focus on FDCA. The Company also disclosed that it "now expect[ed] Origin 2 to be completed in two phases, with Phase 1 estimated to be completed in late 2026 to 2027, and Phase 2 estimated to be completed in 2028, compared with our initial expectation for a mid-2025 completion." Origin blamed the delay on the "high-cost environment" for capital projects. The Company further revealed that the construction would cost

2

MEMO OF LAW IN SUPPORT OF MOTION OF TODD FREGA FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF HIS CHOICE OF LEAD COUNSEL

more and yield less capacity than previously announced. On this news, the price of Origin stock fell over 66% to close at $1.45 per share on August 10, 2023.

## ARGUMENT

## I.     THE COURT SHOULD APPOINT FREGA AS LEAD PLAINTIFF

### A.     The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B).

Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint…the most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)     has either filed the complaint or made a motion in response to an Early Notice;

ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of

3

MEMO OF LAW IN SUPPORT OF MOTION OF TODD FREGA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS CHOICE OF LEAD COUNSEL

the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Frega meets the foregoing criteria and is therefore entitled to the presumption of being the "most adequate plaintiff" to serve as Lead Plaintiff on behalf of the Class.

### B.     Frega Is the Most Adequate Plaintiff

Frega submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, believes that he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 1.     Frega's Motion is Timely

On August 25, 2023, the Early Notice was published.  *See* Passmore Decl. Ex. A. Accordingly, putative class members had until October 24, 2023 to file any motion for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class").  Frega has timely filed his Motion in response to the Early Notice.  Additionally, Frega has filed a sworn certification pursuant to 15 U.S.C. § 78u-4(a)(2)(A) attesting to his review of one of the complaints in the Action and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary.  *See* Passmore Decl. Ex. B. Accordingly, Frega satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.     Frega Believes He Has the Largest Financial Interest

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Frega suffered a substantial loss of $275,912 in connection with his Class Period investments in Origin securities.  *See* Passmore Decl. Ex. C.  Frega is not aware of any other movant that has a

MEMO OF LAW IN SUPPORT OF MOTION OF TODD FREGA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS CHOICE OF LEAD COUNSEL

greater financial interest than him in the Action. Accordingly, Frega believes he has the largest financial interest in this litigation and is the presumptive "most adequate plaintiff." *Id.*

### 3. Frega Satisfies the Requirements of Fed. R. Civ. P. 23

Once a movant has demonstrated that it has the largest financial interest, it need only make a *prima facie* showing it otherwise satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. §78u4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage); *Kim v. Advanced Micro Devices, Inc.*, No. 5:18-cv-00321-EJD, 2018 WL 2866666, at *2 (N.D. Cal. June 11, 2018) ("When ruling on a motion for appointment as lead plaintiff, the main focus is on the typicality and adequacy requirements of Rule 23"). As detailed below, Frega readily satisfies the typicality and adequacy requirements of Rule 23.

### i. Frega's Claims Are Typical of Those of the Class

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation omitted). Frega and all Class members purchased or otherwise acquired Origin securities and suffered damages as a result of these transactions due to Defendants' alleged misrepresentations and omissions. Frega's claims arise from the same conduct as those of the other Class members and, thus, satisfy Rule 23's typicality requirement.

### ii. Frega Will Adequately Represent the Class

The adequacy requirement is met if no conflicts exist between the Lead Plaintiff's and the Class' interests, and the representative's attorneys are qualified, experienced, and able to vigorously prosecute the action on behalf of the class. *See* Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (determining whether "the representative plaintiffs and

MEMO OF LAW IN SUPPORT OF MOTION OF TODD FREGA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS CHOICE OF LEAD COUNSEL

their counsel have any conflicts of interest with other class members," and whether "the representative plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class").

Frega is an adequate Lead Plaintiff. Frega has identical interests to other members of the Class: to maximize recovery of a financial loss from Defendants suffered as a result of Defendants' alleged misstatements and omissions. Frega's substantial financial stake in the litigation gives him every incentive to vigorously pursue the interests of the Class.

Frega has further demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits.

## II.    THE COURT SHOULD APPROVE FREGA'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Passmore Decl. Ex. D (Firm Résumé of Bernstein Liebhard). Accordingly, the Court may be assured that by approving Bernstein Liebhard as Lead Counsel, and Bragar as Liaison Counsel, the Class is receiving high-caliber legal representation.

Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country and in this district. Some of the firm's most recent Lead Counsel appointments include *Teroganesian v. Southwest Airlines Co. et al.*, Case No. 4:23cv00115 (S.D. Tex.); *Ouranitsas v. Tupperware Brands Corporation et al.*, Case No. 6:23cv00511 (M.D. Fla.); *Saye v. NIO Inc. et al.*, Case No. 1:22cv07252 (S.D.N.Y.); *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319 (C.D. Cal.); *Valdes v. Kandi Technologies Group, Inc.*, No.

MEMO OF LAW IN SUPPORT OF MOTION OF TODD FREGA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS CHOICE OF LEAD COUNSEL

2:20-cv-06042 (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240 (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770 (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2022, Bernstein Liebhard was listed for the sixteenth consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *In re Fannie Mae Securities Litigation*, No. 04-1639 (FJL) (D.D.C. 2013) ($153 million settlement);

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million);

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action); and

- *City of Austin Police Retirement System v. Kinross Gold Corp. et al.*, No. 12-CV-01203-VEC (S.D.N.Y. 2012) ($33 million settlement).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21-MC-92 (SAS) (S.D.N.Y.

7

MEMO OF LAW IN SUPPORT OF MOTION OF TODD FREGA FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF HIS CHOICE OF LEAD COUNSEL

2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Likewise, Bragar is eminently qualified to serve as local counsel. *See* Passmore Decl. Ex. E (Firm Résumé of Bragar).

**CONCLUSION**

For the foregoing reasons, Frega respectfully requests that this Court: (1) appoint Frega as Lead Plaintiff on behalf of the proposed Class; and (2) appoint Bernstein Liebhard and Bragar as Lead and Liaison Counsel, respectively, for the Action.

Dated: October 24, 2023          Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

*/s/ Marion C. Passmore*
Marion C. Passmore (SBN #228474)
580 California Street, Suite 1200
San Francisco, CA 94104
(415) 568-2124 (phone)
(212) 214-0506 (fax)
passmore@bespc.com

*Local Counsel for Todd Frega and*
*Proposed Liaison Counsel for the Proposed*
*Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
(212) 779-1414 (phone)
(212) 779-3218 (fax)
lhasson@bernlieb.com
seidman@bernlieb.com

*Counsel for Todd Frega and Proposed*
*Lead Counsel for the Proposed Class*

8

MEMO OF LAW IN SUPPORT OF MOTION OF TODD FREGA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS CHOICE OF LEAD COUNSEL

**PROOF OF SERVICE**

I HEREBY CERTIFY that, on October 24, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 24, 2023.

/s/ Marion C. Passmore
Marion C. Passmore

9

MEMO OF LAW IN SUPPORT OF MOTION OF TODD FREGA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS CHOICE OF LEAD COUNSEL