POMERANTZ LLP

Ari Y. Basser (SBN 272618)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
abasser@pomlaw.com

*Attorney for Steven Park*

(*additional counsel on signature page*)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re ORIGIN MATERIALS, INC. SECURITIES LITIGATION | Master File No. 2:23-cv-01816 WBS JDP |
| | <u>CLASS ACTION</u> |
| | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF STEVEN PARK FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL |
| This Document Relates To: ALL ACTIONS. | DATE:      December 11, 2023<br>TIME:      1:30 P.M.<br>JUDGE:    Hon. William B. Shubb<br>CTRM:    5, 14th Floor |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF STEVEN
PARK FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL -
Master File No. 2:23-cv-01816 WBS JDP

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................... 1

I.    PRELIMINARY STATEMENT ...................................................................................... 1

II.   STATEMENT OF FACTS .............................................................................................. 2

III.  ARGUMENT .................................................................................................................. 4

A.    PARK SHOULD BE APPOINTED LEAD PLAINTIFF ...................................... 4

1.    Park Is Willing to Serve as Class Representative ..................................... 5

2.    Park Has the Largest Financial Interest in the
Consolidated Action ................................................................................. 5

3.    Park Otherwise Satisfies Rule 23's Requirements .................................... 6

4.    Park Will Fairly and Adequately Represent the Interests
of the Class and Is Not Subject to Unique Defenses ................................ 8

B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
BE APPROVED ................................................................................................. 9

IV.   CONCLUSION .............................................................................................................. 10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF STEVEN
PARK FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL -
Master File No. 2:23-cv-01816 WBS JDP

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bao v. SolarCity Corp.*,
    No. 14-cv-01435-BLF, 2014 WL 3945879 (N.D. Cal. Aug. 11, 2014) ................................................ 6

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ................................................................................................................ 7

*Hessefort v. Super Micro Comput., Inc.*,
    317 F. Supp. 3d 1056 (N.D. Cal. 2018) ................................................................................................ 6

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ................................................................................................................. 5

*In re Comverse Tech., Inc. Sec. Litig.*,
    No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ...................................... 5

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...................................................................................................... 5

*In re Petrobras Securities Litigation*,
    No. 14-cv-09662 (S.D.N.Y.) ................................................................................................................ 9

*In re SolarCity Corp. Sec. Litig.*,
    Nos. 16-CV-04686-LHK *et al.*, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017) ...................................... 7

*Klein v. Altria Group, Inc. et al*,
    No. 3:20-cv-00075 (E.D. Va.) .............................................................................................................. 9

*Knox v. Yingli Green Energy Holding Co.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) ................................................................................................ 6

*Lax v. First Merchants Acceptance Corp.*
    Nos. 97 C 2715 *et al.*, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997). ................................................ 5, 6

*Nicolow v. Hewlett Packard Co.*,
    Nos. 12-05980 CRB *et al.*, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) .............................................. 6

*Osher v. Guess?, Inc.*,
    CV 01-00871 LGB (RNBx), 2001 WL 861694 (C.D. Cal. Apr. 26, 2001) ......................................... 9

*Richardson v. TVIA, Inc.*,
    No. C-06-06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ............................................... 7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF STEVEN
PARK FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL -
Master File No. 2:23-cv-01816 WBS JDP

ii

*Soto v. Origin Materials, Inc. et al*,
   No. 2:23-cv-01816 (E.D. Cal.).............................................................................................5

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) ..............................................................................................7

**Statutes**

15 U.S.C. § 78u-4 ...............................................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ..............................................................*passim*

Securities Exchange Act of 1934 .............................................................................................. 1, 5

**Rules**

Fed. R. Civ. P. 23.................................................................................................................*passim*

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Steven Park ("Park") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an Order: (1) appointing Park as Lead Plaintiff on behalf of a class (the "Class") of all persons and entities who purchased or otherwise acquired Origin Materials, Inc. ("Origin" or the "Company") securities between February 23, 2023 and August 9, 2023, both dates inclusive (the "Class Period"); and (2) approving Park's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I.    PRELIMINARY STATEMENT

The complaints in the above-captioned consolidated action (the "Consolidated Action") allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act.  Origin investors, including Park, incurred significant losses following the disclosure of the alleged fraud, which caused Origin's stock price to fall sharply, damaging Park and other Origin investors.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Park, who purchased 20,000 shares of Origin stock during the Class Period, expended $83,114 on his purchases, retained 20,000 of his shares of Origin stock at the end of the Class Period, and incurred losses of approximately $57,236 in connection with his Class Period transactions in Origin stock, believes that he has the largest financial interest in the relief sought in this Consolidated Action.  *See* Declaration of Ari Y. Basser in Support of Motion ("Basser Decl.), Exhibit ("Ex.") A.

Beyond his significant financial interest, Park also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute this Consolidated Action on behalf of the Class, Park has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in this Consolidated Action.

Accordingly, based on his significant financial interest and commitment to overseeing this litigation, Park respectfully requests that the Court enter an order appointing him as Lead Plaintiff and approving his selection of Pomerantz as Lead Counsel.

## II.    STATEMENT OF FACTS

Origin is a sustainable materials company founded in 2008 by chemical engineering students at the University of California, Davis. Dkt. No. 1 ¶ 2. The Company purports to have developed a platform to convert the carbon found in biomass into carbon negative materials that can replace the petroleum-based substances typically used in various end products. *Id.* One of the sustainable materials in Origin's platform is chloromethylfurfural, a building block chemical that can be converted into, among other products, (1) paraxylene ("PX"), a product that can replace non-sustainable chemicals in existing supply chains to produce polyethylene terephthalate ("PET"); and (2) furandicarboxylic acid ("FDCA"), which can be converted into polyethylene furanoate ("PEF"). *Id.* According to the Company, these chemicals can be used in a variety of applications. *Id.* PET's applications include packaging, textiles, car parts, carpeting, toys, and construction materials, while FDCA and PEF's include surfactants, epoxy resins, and packaging, with PEF having the potential to compete with glass and aluminum. *Id.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF STEVEN PARK FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL - Master File No. 2:23-cv-01816 WBS JDP

2

On August 9, 2023, after the market closed, Origin announced that it was significantly delaying the timeline for construction on its Origin 2 commercial plant and changing the product slate at Origin 2 from a focus on PX to a focus on FDCA. *Id.* ¶ 3. The Company disclosed that it "now expects Origin 2 to be completed in two phases, with Phase 1 estimated to be completed in late 2026 to 2027, and Phase 2 estimated to be completed in 2028, compared with our initial expectation for a mid-2025 completion." *Id.* Origin blamed the delay on the "high-cost environment" for capital projects. *Id.* The Company further revealed that the construction would cost more and yield less capacity than previously announced. *Id.*

On this news, Origin's stock price fell $2.88 per share, or 66.5%, to close at $1.45 per share on August 10, 2023. *Id.* ¶ 4.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. *Id.* ¶ 5. Specifically, Defendants misled investors by failing to disclose that (1) Origin would not be able to meet its previously announced timeline for the construction of the Origin 2 plant; (2) demand for PX had dropped such that it would not be the production focus of Origin 2; (3) Origin could not construct Origin 2 at its previously disclosed cost; (4) Origin could not construct Origin 2 at the scale it had previously identified; and (5) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and lacked a reasonable basis. *Id.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF STEVEN PARK FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL - Master File No. 2:23-cv-01816 WBS JDP

3

## III.    ARGUMENT

### A.    PARK SHOULD BE APPOINTED LEAD PLAINTIFF

Park should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Consolidated Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Park satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF STEVEN PARK FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL - Master File No. 2:23-cv-01816 WBS JDP

4

### 1.      Park Is Willing to Serve as Class Representative

On August 25, 2023, counsel for the plaintiff in the matter *Soto v. Origin Materials, Inc. et al*, No. 2:23-cv-01816 (E.D. Cal.) (the "*Soto* Action") caused the statutorily required Notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that the *Soto* Action had been filed against Defendants, and which advised investors in Origin securities that they had until October 24, 2023—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff.  *See* Basser Decl., Ex. B.

Park has filed the instant motion pursuant to the Notice and has attached a sworn Certification executed by him attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Park satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.      Park Has the Largest Financial Interest in the Consolidated Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of his knowledge, Park has the largest financial interest of any Origin investor seeking to serve as Lead Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide,[1] these *Lax* factors

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*7 (E.D.N.Y. Mar. 2, 2007).

have been adopted by courts in the Ninth Circuit. *See, e.g.*, *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015). Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing financial interest. *See, e.g.*, *Nicolow*, 2013 WL 792642, at *4; *Knox*, 135 F. Supp. 3d at 1163.

During the Class Period, Park: (1) purchased 20,000 shares of Origin stock; (2) expended $83,114 on his purchases of Origin stock; (3) retained 20,000 of his shares of Origin stock; and (4) as a result of the disclosures of the fraud, incurred losses of approximately $57,236 in connection with his transactions in Origin stock. *See* Basser Decl., Ex. A. To the extent that Park possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Park Otherwise Satisfies Rule 23's Requirements

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF STEVEN PARK FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL - Master File No. 2:23-cv-01816 WBS JDP

6

No. 14-cv-01435-BLF, 2014 WL 3945879, at *3 (N.D. Cal. Aug. 11, 2014). Moreover, "[t]his showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re SolarCity Corp. Sec. Litig.*, Nos. 16-CV-04686-LHK *et al.*, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C-06-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Park's claims are typical of those of the Class. Park alleges, like all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or by omitting to disclose material facts concerning Origin. Park, like other Class members, purchased Origin securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Origin's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members," and "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF STEVEN PARK FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL - Master File No. 2:23-cv-01816 WBS JDP

7

Park is an adequate representative for the Class. Here, Park has submitted a signed Certification declaring his commitment to protect the interests of the Class. *See* Basser Decl., Ex. C. There is no evidence of antagonism or conflict between Park's interests and those of the Class, and the significant losses incurred by Park demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy. Indeed, Park has already demonstrated his ability to pursue securities claims through his choice of counsel, Pomerantz. Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in Section III.B., *infra*. Park's and Pomerantz's willingness and ability to zealously litigate the claims in this Consolidated Action on behalf of the Class cannot reasonably be questioned.

Further demonstrating his adequacy, Park has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Basser Decl., Ex. D.

### 4. Park Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Park as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Park's ability and desire to fairly and adequately represent the Class has been discussed above. Park is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Park should be appointed Lead Plaintiff for the Class.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF STEVEN PARK FOR APPPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL - Master File No. 2:23-cv-01816 WBS JDP

8

**B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See id.* § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, CV 01-00871 LGB (RNBx), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Osher*, 2001 WL 861694, at *4.

Here, Park has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Basser Decl., Ex. E.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, U.K., and Tel Aviv, Israel.  *See id.*  For more than 85 years, Pomerantz has represented defrauded investors.  *See id.*  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  *See id.*  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022.  *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Consolidated Action, Park's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Consolidated Action effectively and expeditiously.

Thus, the Court may be assured that by approving Park's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

**IV.    CONCLUSION**

For the foregoing reasons, Park respectfully requests that the Court issue an Order: (1) appointing Park as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated:  October 24, 2023                    Respectfully submitted,

POMERANTZ LLP

*/s/ Ari Y. Basser*
Ari Y. Basser (SBN 272618)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
abasser@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Steven Park and Proposed*
*Lead Counsel for the Class*