ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
DANIELLE S. MYERS (259916)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

ENTWISTLE & CAPPUCCI LLP
VINCENT R. CAPPUCCI
ROBERT N. CAPPUCCI
230 Park Avenue, 3rd Floor
New York, NY  10169
Telephone:  212/894-7200
212/894-7272 (fax)
vcappucci@entwistle-law.com
rcappucci@entwistle-law.com

Proposed Lead Counsel for Proposed Lead Plaintiff
and the Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORIGIN MATERIALS, INC. Securities Litigation<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | ) Master File No. 2:23-cv-01816-<br>) WBS-JDP<br>)<br>) CLASS ACTION<br>)<br>) FNY PARTNERS FUND LP AND PETER<br>) DI MURRO'S OPPOSITION TO<br>) COMPETING LEAD PLAINTIFF<br>) MOTIONS<br><br>Date:      December 11, 2023<br>Time:      1:30 P.M.<br>Ctrm:      5, 14th Floor<br>Judge:     Hon. William B. Shubb |

**I.    INTRODUCTION**

On October 24, 2023, five motions were filed seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) FNY Partners Fund LP and Peter Di Murro ("FNY and Di Murro"); (2) Todd Frega; (3) The

Carter Family Investors; (4) Nicholas Agapis; and (5) Steven Park.[1] *See* ECFs 13, 14, 17, 20, and 21.  Based on information contained in the lead plaintiff motions, FNY and Di Murro are the "most adequate plaintiff" within the meaning of the PSLRA as they possess the "largest financial interest in the relief sought by the class" and "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Indeed, with over $765,000 in losses under the last-in, first-out loss calculation method used by all movants, FNY and Di Murro's financial interest "in the relief sought by the class" is more than the losses of all other movants **combined**:



In accordance with the PSLRA, FNY and Di Murro are therefore entitled to a strong presumption that they are the "most adequate plaintiff" because they have the largest financial interest in the litigation and have made a *prima facie* showing of their typicality and adequacy.  *See* ECF 9 at 6-8; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof" that FNY and Di

---

[1]  Mr. Agapis and Mr. Park filed non-oppositions to the competing motions.  See ECFs 24, 31.

FNY PARTNERS FUND LP AND PETER DI MURRO'S OPPOSITION TO COMPETING LEAD   - 2 -
PLAINTIFF MOTIONS - Master File No. 2:23-cv-01816-WBS-JDP
4872-2226-3436.v2

Murro are inadequate or atypical. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). There are no facts, let alone any "proof," even suggesting that FNY and Di Murro are somehow unfit to represent the class.

To the contrary, FNY and Di Murro – a combination of a sophisticated multi-strategy investment firm with experience serving as a fiduciary and as lead plaintiff in securities litigation, as well as an individual investor with approximately 30 years of investing experience – are committed to vigorously prosecuting this litigation on behalf of all class members. In addition, FNY and Di Murro have chosen counsel with decades of experience litigating securities class actions. Accordingly, FNY and Di Murro are the "most adequate plaintiff" pursuant to the PSLRA.

Because FNY and Di Murro have the largest financial interest and satisfy the Rule 23 requirements, FNY and Di Murro respectfully request that the Court grant their lead plaintiff motion and deny the competing movants' motions.

## II.  ARGUMENT

According to the unambiguous language of the PSLRA, "[t]he 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. §78u-4(a)(3)(B)(iii). Courts follow a "three-step process for identifying the lead plaintiff pursuant to these criteria." *Cavanaugh*, 306 F.3d at 729. The first step – publication of the

pendency of the first-filed action – has been completed. *See* ECF 18-1. In the next two steps, courts consider "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order *if and only if* the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732 (emphasis added).

### A. Only FNY and Di Murro Qualify for the "Most Adequate Plaintiff" Presumption

#### 1. FNY and Di Murro Have the Largest Financial Interest

The second step consists of identifying the presumptive lead plaintiff. At this stage, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. "Courts consider the *Olsten-Lax* factors to 'determine who has the largest financial interest: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.'". . . Of the four *Olsten-Lax* factors, courts in the Ninth Circuit consider the fourth factor, approximate losses suffered, the most determinative." *Sundaram v. Freshworks Inc.*, No. 22-cv-06750-CRB, 2023 WL 1819158, at *2 (C.D. Cal. Feb. 8, 2023) (citations omitted); *see also Martinelli v. Marrone Bio Innovations, Inc.*, No. 2:14-cv-02055 MCE-KJN, 2015 WL 631464, at *3 (E.D. Cal. Feb. 13, 2015) (looking to only claimed loss as the proxy for financial interest); *Abadilla v. Precigen, Inc.*, No. 20-cv-06936-BLF, 2021 WL 1312746, at *3 (N.D. Cal. Apr. 8, 2021) (same). Under any *Olsten-*

*Lax* factor, FNY and Di Murro clearly possess the largest financial interest:

| Movant | Olsten-Lax Factor 1 Total Shares Purchased During CP | Olsten-Lax Factor 2 Net Shares Purchased During CP | Olsten-Lax Factor 3 Net Funds Expended During CP | Olsten-Lax Factor 4 LIFO Loss | FIFO Loss |
|---|---|---|---|---|---|
| FNY and Di Murro | 381,463 | 180,198 | $994,259 | $765,110 | $846,932 |
| Todd Frega | 346,500 | 84,950 | $390,390 | $275,912 | $275,912 |
| The Carter Family Investors | 67,613 | 53,562 | $226,482 | $196,003 | $196,003 |
| Nicholas Agapis | 97,000 | 46,000 | $172,596 | $112,579 | $112,579 |
| Steven Park | 20,000 | 20,000 | $83,114 | $57,236 | $57,236 |

Accordingly, there can be no legitimate dispute that FNY and Di Murro possess the largest financial interest in this litigation.

### B.    FNY and Di Murro Also Satisfy the Rule 23 Requirements

Because FNY and Di Murro possess the greatest financial interest, the next question is whether they "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). At this stage, the Rule 23 determination is limited to typicality and adequacy. *Cavanaugh*, 306 F.3d at 730. As evidenced by the information provided by FNY and Di Murro in their lead plaintiff application, there can be no question that they are both typical of the putative class and adequate. *See* ECF 17 at 6-8. FNY and Di Murro satisfy the typicality requirement as their claims are essentially identical to those of all other class members and rely on the same factual and legal arguments. *Id.* And FNY and Di Murro are adequate because, among other things, their interests are aligned with those of other class members because all

class members purchased Origin Materials, Inc. securities and were negatively impacted by defendants' alleged wrongdoing.

Further, FNY is a sophisticated institutional investor with experience serving as a fiduciary. *See In re Alta Mesa Res., Inc. Sec. Litig.*, No. 4:19-cv-00957, ECF 241 (S.D. Tex. Jan. 24, 2022) (certifying class in securities fraud lawsuit and appointing Lead Plaintiff FNY as Class Representative). Indeed, FNY is the only institutional investor before the Court seeking lead plaintiff status in this Action. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."). In addition, FNY and Di Murro evidenced their adequacy by executing a Joint Declaration detailing their bona fides as well as their commitment to jointly prosecuting this Action collaboratively to obtain the best result for the class. *See* ECF 18-4. Finally, FNY and Di Murro selected lead counsel that is highly qualified to prosecute this securities fraud class action. *See, e.g.*, *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.) ($809.5 million settlement obtained by Robbins Geller represents the second largest PSLRA recovery in California history); *In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery obtained by Robbins Geller is the largest securities class action recovery in U.S. history); *In re Royal Ahold NV Sec.*, 1:03-md-01539-CCB ($1.1 billion partial settlement obtained by Entwistle & Cappucci is the largest

FNY PARTNERS FUND LP AND PETER DI MURRO'S OPPOSITION TO COMPETING LEAD    - 6 -
PLAINTIFF MOTIONS - Master File No. 2:23-cv-01816-WBS-JDP
4872-2226-3436.v2

securities class action recovery in Fourth Circuit history).  As such, FNY and Di Murro are adequate and typical of the putative class.

Moreover, because FNY and Di Murro have the largest financial interest and satisfy Rule 23's requirements, they are presumptively the "most adequate plaintiff."

### C.    The Competing Movants Cannot Rebut the Presumption in FNY and Di Murro's Favor

To rebut the presumption in favor of FNY and Di Murro's appointment as lead plaintiff, the PSLRA requires competing movants to submit "proof" that FNY and Di Murro "will not fairly and adequately protect the interests of the class," or are "subject to unique defenses."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  None exists.  Indeed, pursuant to the PSLRA's sequential process, the Court may only consider the competing motions "if and *only if* [FNY and Di Murro are] found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732 (emphasis added).  Because FNY and Di Murro are "both willing to serve and satisf[y] the requirements of Rule 23," the competing motions should be denied. *Id.* at 730.

## III. CONCLUSION

FNY and Di Murro suffered the greatest loss and have demonstrated their ability to satisfy Rule 23's typicality and adequacy requirements.  FNY and Di Murro's motion should be granted.

DATED:  November 7, 2023          Respectfully submitted,

                                  ROBBINS GELLER RUDMAN
                                   & DOWD LLP
                                  DARREN J. ROBBINS
                                  DANIELLE S. MYERS
                                  JUAN CARLOS SANCHEZ

FNY PARTNERS FUND LP AND PETER DI MURRO'S OPPOSITION TO COMPETING LEAD   - 7 -
PLAINTIFF MOTIONS - Master File No. 2:23-cv-01816-WBS-JDP
4872-2226-3436.v2

                                    s/ Danielle S. Myers
                               _____
                                    DANIELLE S. MYERS

                               655 West Broadway, Suite 1900
                               San Diego, CA  92101
                               Telephone:  619/231-1058
                               619/231-7423 (fax)
                               darrenr@rgrdlaw.com
                               dmyers@rgrdlaw.com
                               jsanchez@rgrdlaw.com

                               ENTWISTLE & CAPPUCCI LLP
                               VINCENT R. CAPPUCCI
                               ROBERT N. CAPPUCCI
                               230 Park Avenue, 3rd Floor
                               New York, NY  10169
                               Telephone:  212/894-7200
                               212/894-7272 (fax)
                               vcappucci@entwistle-law.com
                               rcappucci@entwistle-law.com

                               Proposed Lead Counsel for
                               Proposed Lead Plaintiff and the
                               Class

                               ADEMI LLP
                               GURI ADEMI
                               JESSE FRUCHTER
                               3620 East Layton Avenue
                               Cudahy, WI  53110
                               Telephone:  414/482-8000
                               414/482-8001 (fax)
                               gademi@ademilaw.com
                               jfruchter@ademilaw.com

                               Additional Counsel

FNY PARTNERS FUND LP AND PETER DI MURRO'S OPPOSITION TO COMPETING LEAD   - 8 -
PLAINTIFF MOTIONS - Master File No. 2:23-cv-01816-WBS-JDP
4872-2226-3436.v2