Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

Corey D. Holzer (*pro hac vice* application forthcoming)
**HOLZER & HOLZER, LLC**
211 Perimeter Center Pkwy NE, Suite 1010
Atlanta, GA 30346
(770) 392-0090 phone
cholzer@holzerlaw.com

*Co-Counsel to Movant Carter Family Investors
and Proposed Lead Co-Counsel*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ORIGIN MATERIALS, INC. SECURITIES LITIGATION<br><br>_____<br>This Document Relates to:<br><br>　　ALL ACTIONS. | Master File No. 2:23-cv-01816-WBS-JDP<br><br>CLASS ACTION<br><br>**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF CARTER FAMILY INVESTORS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:　　　December 11, 2023<br>Time:　　　1:30 p.m.<br>Courtroom:5<br>Judge:　　Hon. William B. Shubb |

MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR APPT. AS LEAD
PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 2:23-CV-01816-WBS-JDP

1

The Carter Family Investors submit this reply in further support of their motion for appointment as Lead Plaintiff and approval of their selection of Block & Leviton LLP and Holzer & Holzer, LLC as Lead Counsel. *See* ECF No. 14.

**INTRODUCTION**

The Carter Family Investors are the only remaining movants who meet all the PSLRA's requirements. Under the PSLRA, the "most adequate plaintiff" is the movant asserting the largest financial interest that **also** makes a threshold showing of typicality and adequacy under Fed. R. Civ. P. 23 **and** is not subject to unique defenses. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). The statute "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies the typicality and adequacy requirements." *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d. Cir. 2001).

The Carter Family Investors are entitled to appointment as Lead Plaintiff. As detailed in their motion and response, the Carter Family Investors assert a substantial financial interest in the case arising from their purchases of Origin Materials common stock during the Class Period, and readily satisfy the typicality and adequacy requirements of Rule 23. *See* ECF Nos. 14, 32. Unlike the remaining movants, no competing movant does, or even could, credibly challenge the Carter Family Investors' typicality or

MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 2:23-CV-01816-WBS-JDP

2

adequacy or claim that they are subject to unique defenses. Because the competing movants did not make any argument against the Carter Family Investors, they have waived the right to contest their adequacy and typicality on reply.

In contrast, both the FNY and Di Murro group and Frega are inadequate, atypical, and susceptible to unique defenses. FNY and Di Murro cannot satisfy Rule 23's adequacy requirement because (1) they are a group created by counsel to aggregate their losses that lacks a sufficient decision-making structure, and (2) FNY has a history of unethical and unlawful investing activity. Frega cannot serve as Lead Plaintiff because his day trading—and his failure to submit any information to justify it—renders him atypical and subject to unique defenses. Thus, the Carter Family Investors should be appointed Lead Plaintiff.

## ARGUMENT

Under the PSLRA, the Court must first "compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit" and then "focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a)." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Where, as here, the movant with the largest losses cannot satisfy Rule 23, the Court "must repeat the inquiry,

MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 2:23-CV-01816-WBS-JDP

3

this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id*. Once the Court identifies a presumptive lead plaintiff, it must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* If a movant successfully rebuts the presumption, the Court "must proceed to determine whether the plaintiff with the next lower stake in the litigation has made a prima facie showing of typicality and adequacy," and repeat the process until a plaintiff satisfies all requirements of the PSLRA. *Id.* at 731.

**I.    FNY and Di Murro Cannot Make a *Prima Facie* Showing of Adequacy**

First, FNY and Di Murro are inadequate because they have not shown that they can effectively manage this litigation as an unrelated group. A "majority of courts in this circuit" have disqualified unrelated, incohesive groups from consideration for lead plaintiff. *Koffsmon v. Green Dot Corp.* No. 19-cv-10701, 2021 WL 3473975, at *2 (C.D. Cal. Aug. 6, 2021); *see also In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 835 (N.D. Cal. 2019) ("the clear consensus in our district is that a group of investors who had no pre-existing relationship with one another, and whose relationship and group status were forged only by a lawyer, is not

MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR APPT. AS LEAD
PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 2:23-CV-01816-WBS-JDP

4

appropriate to be lead plaintiff based on their aggregated losses.").

FNY and Di Murro have given the Court no reason to part from this consensus. The Carter Family Investors' Opposition identified deficiencies in FNY and Di Murro's joint declaration, including the absence of evidence about (1) how and why the two plaintiffs came together and (2) how they will jointly manage the litigation, oversee counsel, and make decisions where they disagree. They bear the classic indicia of an inadequate group: they tacitly admit that "they had no pre-litigation relationship and that they were introduced by counsel," their joint declaration "contains myriad conclusory statements and generalizations," and their "decision-making process is flawed." *Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067, 1074–75 (W.D. Wash. 2011). FNY and Di Murro contend that their joint declaration establishes their adequacy because it detailed their "bona fides" and their "commitment to jointly prosecuting this Action collaboratively." ECF. No. 33 at 6. These platitudes—consistent with those in their joint declaration—cannot plug the holes in FNY and Di Murro's lead plaintiff candidacy.[1]

---

[1] FNY and Di Murro have not asked for individual consideration if the Court finds them collectively inadequate. The Court should decline any belated invitation to disaggregate them now. While preemptive requests to consider group members separately are disfavored, *see Tsirekidze v. Syntax-Brillian Corp.*, No. 07-cv-02204, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008), such a request in the middle of the Lead Plaintiff process would also

MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 2:23-CV-01816-WBS-JDP

5

Second, FNY is inadequate to protect the class's recovery because it has itself violated securities and commodities regulations. In their Opposition, the Carter Family Investors pointed to FNY's September 2020 settlement with the CFTC over spoof commodities trades. *See* ECF No. 32 at 11-12. As Frega also explained, FNY has a long history of sanctions because of its improper trading practices, including previous violations arising from Section 10(b) of the Exchange Act. *See* ECF No. 34 at 11-12. Worse, FNY "did not disclose the offenses in [its] own motion," raising concerns over its "candor to the court regarding [the] offenses." *Sneed v. AcelRx Pharms.*, No. 21-cv-04353, 2021 WL 5964596, at *4 (N.D. Cal. Dec. 16, 2021). FNY's history of violations, including under the same statute at issue here, and its attempt to hide those offenses from the Court counsel against its appointment as Lead Plaintiff.

## II. Frega's Day Trading Renders Him Atypical and Subject to Unique Defenses

Frega cannot serve as Lead Plaintiff because he is a day trader. In his Opposition, Frega says nothing about his unusual

---

violate the PSLRA's deadline to seek appointment as Lead Plaintiff, *see* 15 U.S.C. § 78u-4(a)(3)(A)(ii); *see also Waterford Township Police v. Mattel, Inc.*, No. 17-cv-04732, 2017 WL 10667732, at *4 (C.D. Cal. Sept. 29, 2017) (discussing concern animating the "strict nature of the PSLRA's 60 day deadline" that "unscrupulous litigants should not be permitted to manipulate their financial loss calculation after reviewing timely-filed motions.").

MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR APPT. AS LEAD
PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 2:23-CV-01816-WBS-JDP

6

trading patterns. His silence highlights an irregularity in his submissions to date: he has not disclosed *any* information about himself, let alone information that could establish his *prima facie* claim to adequacy or typicality. A movant's failure to provide evidence that he satisfies the Rule 23 factors is disqualifying. *See Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, No. 20-cv-0966, 2021 WL 533518, at *4 (S.D. Cal. Feb. 12, 2021) (rejecting movant with largest financial interest given the "dearth of information upon which the Court can determine whether [she] would be able to adequately assume the role of Lead Plaintiff"); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 452 (C.D. Cal. 2002) ("In short, the Gads provide no briefing and proffer no declarations concerning their ability to act as lead plaintiffs."). A movant's *prima facie* case is especially lacking where it submits a "curious trading history with regard to [the defendant company's] shares" that its "'pleadings and declarations' did nothing to explain." *In re Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, 2020 WL 476658, at *2 (N.D. Ill. Jan. 28, 2020).

The Carter Family Investors filed a declaration revealing ample information establishing their qualifications, including their principal member's hometown, age, educational history, profession, investment history, and familiarity with the duties of

MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR APPT. AS LEAD
PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 2:23-CV-01816-WBS-JDP

7

a Lead Plaintiff. *See* ECF No. 15-3. Frega has proffered no such declaration. The only information the Court has about him are (1) his name, and (2) his trades. As explained in the Carter Family Investors' Opposition, those trades reveal that Frega engaged in day trading of Origin Materials common stock. *See* ECF No. 32 at 12-14. His day trading renders him atypical and subject to unique defenses. *See, e.g.*, *Hurst v. Enphase Energy, Inc.*, No. 20-cv-04036, 2020 WL 7025085, at *8 (N.D. Cal. Nov. 30, 2020). With no other information that could explain Frega's problematic trading history, the Court should find that Frega has failed to establish the presumption of adequacy or, alternatively, that the presumption is rebutted.

## III.   The Carter Family Investors Are the Only Movant Who Satisfy the Rule 23 Requirements

Unlike the remaining movants, no one has submitted any evidence, or even made an argument, that the Carter Family Investors suffer from adequacy and typicality issues. The Carter Family Investors had a legally significant relationship—husband and wife—before moving for Lead Plaintiff together. *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1153-54 (N.D. Cal. 1999) (citing family members as an example of a group with a "meaningful relationship preceding the litigation"). Nor is there any suggestion that the Carter Family Investors engaged in misconduct

MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 2:23-CV-01816-WBS-JDP

8

like FNY's. Unlike Frega's day trading, the Carter Family Investors made a limited set of purchases in Origin Materials Common Stock that they retained throughout the Class Period. *See* ECF No. 15-4. The competing movants have waived any argument on reply that there is a defect in the Carter Family Investors' adequacy or typicality. *See Nevada v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990).

The Carter Family Investors possess a significant financial interest in the relief sought by the class and satisfy each of the PSLRA's requirements. Accordingly, the Carter Family Investors are entitled to appointment as Lead Plaintiff and the Court should deny the competing motions.

November 17, 2023                    Respectfully submitted,

                                     **BLOCK & LEVITON LLP**

                                     /s/ Jacob A. Walker
                                     Jacob A. Walker (SBN 271217)
                                     400 Concar Drive
                                     San Mateo, CA 94402
                                     (650) 781-0025 phone
                                     jake@blockleviton.com

                                     **HOLZER & HOLZER, LLC**

                                     Corey D. Holzer (*pro hac vice*
                                     application forthcoming)
                                     211 Perimeter Center Pkwy NE,
                                     Suite 1010
                                     Atlanta, GA 30346
                                     (770) 392-0090 phone
                                     cholzer@holzerlaw.com

*Co-Counsel to Movant Carter
Family Investors and Proposed
Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ Jacob A. Walker
Jacob A. Walker

MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL
NO. 2:23-CV-01816-WBS-JDP

11