ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS (168593)
DANIELLE S. MYERS (259916)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

ENTWISTLE & CAPPUCCI LLP
VINCENT R. CAPPUCCI (*pro hac vice*)
230 Park Avenue, 3rd Floor
New York, NY  10169
Telephone:  212/894-7200
212/894-7272 (fax)
vcappucci@entwistle-law.com

Proposed Lead Counsel for Proposed Lead Plaintiff
and the Class

[*Additional counsel listed on signature page*]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| In re ORIGIN MATERIALS, INC. Securities Litigation | ) ) ) | Master File No. 2:23-cv-01816-WBS-JDP |
|---|---|---|
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | FNY PARTNERS FUND LP AND PETER DI MURRO'S REPLY IN FURTHER SUPPORT OF THEIR MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL |

Date:      December 11, 2023
Time:      1:30 P.M.
Ctrm:      5, 14th Floor
Judge:     Hon. William B. Shubb

FNY AND DI MURRO'S REPLY IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION -
Master File No. 2:23-cv-01816-WBS-JDP

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION..............................................1

II.   ARGUMENT..................................................1

      A.    FNY and Di Murro Are the Presumptive Lead
            Plaintiff..........................................1

      B.    FNY and Di Murro Are an Ideal Lead Plaintiff
            Candidate and Competing Movants Failed to Provide
            Any of the "Proof" Required to Rebut the Most
            Adequate Plaintiff Presumption.....................3

III. CONCLUSION................................................13

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*Alich v. Opendoor Techs. Inc.*,
 2023 WL 1472849 (D. Ariz. Feb. 2, 2023) ......................6

*Bodri v. GoPro, Inc.*,
 2016 WL 1718217 (N.D. Cal. Apr. 28, 2016) ...................11

*Borteanu v. Nikola Corp.*,
 No. 2:20-cv-01797-SPL (D. Ariz. Nov. 16, 2020) ...............5

*Chung v. Eargo, Inc.*,
 No. 3:21-cv-08597-CRB (N.D. Cal. Jan. 5, 2022) ...............9

*Chupa v. Armstrong Flooring, Inc.*,
 2020 WL 1032420 (C.D. Cal. Mar. 2, 2020) ...................11

*Cortes v. Mkt. Connect Grp., Inc.*,
 2015 WL 5772857 (S.D. Cal. Sept. 30, 2015) .................11

*Donley v. Live Nation Ent., Inc.*,
 No. 2:23-cv-06343-RGK-AS (C.D. Cal. Oct. 18, 2023) ...........7

*Hadian v. Fate Therapeutics, Inc.*,
 No. 3:23-cv-00111-RBM-AHG (S.D. Cal. May 4, 2023) ............6

*Hoang v. ContextLogic, Inc.*,
 2022 WL 1539533 (N.D. Cal. May 16, 2022) ....................6

*In re Alta Mesa Res., Inc. Sec. Litig.*,
 No. 4:19-cv-00957 (S.D. Tex. Jan. 24, 2022) ................10

*In re Cavanaugh*,
 306 F.3d 726 (9th Cir. 2002) ................................4

*In re Mersho*,
 6 F.4th 891 (9th Cir. 2021) ...........................*passim*

*In re Seagate Tech. Holdings plc Sec. Litig.*,
 No. 3:23-cv-03431, (N.D. Cal. Sept. 25, 2023) ...............7

*In the Matter of: FNY Partners Fund LP,*
 CFTC Docket No. 20-67(Sept. 28, 2020) ......................11

*Koffsmon v. Green Dot Corp.*,
 2021 WL 3473975 (C.D. Cal. Aug. 6, 2021) ....................8

**Page**

*Lako v. Loandepot, Inc.*,
   2022 WL 1314463 (C.D. Cal. May 2, 2022) ......................7

*Leventhal v. Chegg, Inc.*,
   2022 WL 4099454 (N.D. Cal. Sept. 7, 2022) ...................6

*Levie v. Sears, Roebuck & Co.*,
   496 F. Supp. 2d 944 (N.D. Ill. 2007) .......................12

*Michel v. Sumo Logic, Inc.*,
   No. 5:23-cv-03665-BLF (N.D. Cal. Oct. 18, 2023) .............6

*Nicolow v. Hewlett Packard Co.*,
   2013 WL 792642 (N.D. Cal. Mar. 4, 2013) .....................8

*Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*,
   2022 WL 3571995 (N.D. Cal. July 26, 2022) ................4, 6

*Pampena v. Musk*,
   2023 WL 3082341 (N.D. Cal. Apr. 24, 2023) ...................5

*Perez v. HEXO Corp.*,
   2020 WL 905753 (S.D.N.Y. Feb. 25, 2020) ....................13

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v.*
   *LaBranche & Co., Inc.*,
   229 F.R.D. 395 (S.D.N.Y.) ..................................12

*Sneed v. AcelRx Pharm., Inc.*,
   2021 WL 5964596 (N.D. Cal. Dec. 16, 2021) ...................7

*Tomaszewski v. Trevena, Inc.*,
   No. 2:18-cv-04378-CMR (E.D. Pa. Dec. 10, 2018) ..............9

*Twitchell v. Enovix Corp.*,
   2023 WL 3170044 (N.D. Cal. Apr. 28, 2023) ...................6

*Valdes v. Kandi Techs. Grp., Inc.*,
   No. 2:20-cv-06042-LDH-AYS (E.D.N.Y. Feb. 9, 2021) ...........9

*Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*,
   2021 WL 533518 (S.D. Cal. Feb. 12, 2021) ...................13

*Weston v. DocuSign, Inc.*,
   2022 WL 1301770 (N.D. Cal. Apr. 18, 2022) ...................6

**Page**

*Xu v. FibroGen, Inc.*,
   2021 WL 3861454 (N.D. Cal. Aug. 30, 2021) .....................6

*Yousefi v. Lockheed Martin Corp.*,
   70 F. Supp. 2d 1061 (C.D. Cal. 1999) .........................8

**I.    INTRODUCTION[1]**

Five movants filed motions seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Only one satisfies the statutory requirements for appointment: FNY and Di Murro – a combination of a sophisticated institutional investor that has recently been certified as a class representative in a securities class action and an individual investor, both of whom suffered substantial losses on their purchases of Origin securities as a result of defendants' alleged wrongdoing.

Despite this fact, Mr. Frega and the Carter Family Investors try to unseat FNY and Di Murro to gain control of the litigation for themselves (and their counsel).  But the PSLRA is very clear: the most adequate plaintiff presumption which lies in favor of FNY and Di Murro may be rebutted ***only upon proof*** that they will not fairly and adequately protect the interests of the class.  Mr. Frega and the Carter Family Investors' speculation and conjecture fail to clear this high hurdle.  FNY and Di Murro should be appointed Lead Plaintiff.

**II.   ARGUMENT**

**A.    FNY and Di Murro Are the Presumptive Lead Plaintiff**

Pursuant to the PSLRA, the "court must 'adopt a presumption that the most adequate plaintiff' is the movant with the largest financial interest who 'otherwise satisfies the requirements of

---

[1]  All terms not otherwise defined herein have the same meaning as set forth in FNY and Di Murro's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel and Memorandum of Law in Support Thereof (ECF 17).

Rule 23 of the Federal Rules of Civil Procedure.'" *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)).[2]  There is no dispute that under any metric FNY and Di Murro suffered the largest loss of any movant seeking appointment as lead plaintiff in this action.  With losses of over \$765,000, FNY and Di Murro suffered nearly ***three times*** the losses of the movant claiming the next largest loss.[3]  *See* ECF 33 at 2, 5.  Accordingly, there is no question that FNY and Di Murro have the largest financial interest.

The court next must "determine whether [FNY and Di Murro] ha[ve] made a prima facie showing of adequacy and typicality." *Mersho*, 6 F.4th at 899.  "At this step, the process is not adversarial, so the Rule 23 determination should be based on ***only*** the movant's pleadings and declarations." *Id.*

Here, in their initial pleading, FNY and Di Murro amply evidenced their typicality and adequacy.  Indeed, FNY and Di Murro are typical because, like all class members, they purchased Origin securities, were adversely affected by the alleged wrongdoing, and suffered harm therefrom.  *See* ECF 17 at 6-7.  And they are adequate because they have a substantial stake in the outcome of the case and selected experienced and qualified counsel.  *Id.* at 8-10.  Moreover, FNY and Di Murro executed a Joint Declaration evidencing their desire to provide the class with the broadest representation possible, their commitment to engage in joint leadership and

---

[2]  Unless otherwise noted, all emphasis is added and citations and footnotes are omitted.

[3]  FNY alone suffered over \$520,000 in losses on its purchases of Origin securities during the Class Period.  *See* ECF 18-3.

oversight of the case (including their intention to regularly convene calls with and without counsel as necessary), and their assurance to ensure the case is prosecuted vigorously and efficiently. *See* ECF 18-4. Thus, based on FNY and Di Murro's pleadings and declarations, they have made a *prima facie* showing of typicality and adequacy and are entitled to the most adequate plaintiff presumption.[4]

**B.　FNY and Di Murro Are an Ideal Lead Plaintiff Candidate and Competing Movants Failed to Provide Any of the "Proof" Required to Rebut the Most Adequate Plaintiff Presumption**

To overcome the strong presumption in favor of appointing FNY and Di Murro, competing movants must offer "proof that the presumptive lead plaintiff will not adequately represent the class." *Mersho*, 6 F.4th at 900. But rather than provide any proof required to rebut the presumption in favor of FNY and Di Murro, Mr. Frega and the Carter Family Investors engage in speculation in an attempt to leapfrog FNY and Di Murro (and each other). Their conjecture is baseless.

**a.　Under Ninth Circuit Precedent, Aggregation of FNY and Di Murro's Losses Is Appropriate**

The PSLRA expressly permits courts to appoint as lead plaintiff a "group of persons." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Mersho*, 6. F.4th at 899 (vacating district court's decision

---

[4] While Mr. Frega and the Carter Family Investors claim to attack the *prima facie* adequacy of FNY and Di Murro, the Ninth Circuit in *Mersho* reversed the district court's decision there that improperly shifted the burden to the presumptively most adequate plaintiff to prove their adequacy, instead of requiring challenges to disprove it. 6 F.4th at 901.

rejecting a group's lead plaintiff application); *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (same).  For this reason, courts in this Circuit routinely appoint appropriate groups of investors as lead plaintiff where they have evidenced their adequacy to represent the class and their capability to actively oversee and monitor counsel.  *See Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, 2022 WL 3571995 (N.D. Cal. July 26, 2022).  This is especially true following the Ninth Circuit's ruling in *Mersho*.

In *Mersho*, the Ninth Circuit reviewed a district court's refusal to appoint a group of individual investors that suffered the largest loss as lead plaintiff due to the district court's "'misgivings' about a lack of cohesion or control over counsel even though the only evidence it acknowledged – the Petitioners' joint declaration – contradicts such conclusions."  6 F. 4th at 900-901.[5]  In finding that the district court clearly erred by failing to give effect to the strong presumption in the group's favor, the Ninth Circuit held that "[m]isgivings are not evidence that cast 'genuine and serious doubt on [the] plaintiff's willingness or ability to perform the functions of lead plaintiff.'"  *Id.* at 901.  Rather,

---

[5] Counsel for the Carter Family Investors is acutely aware of the facts and history of *Mersho*.  Indeed, one of their two proposed lead counsel firms, Block & Leviton LLP, represented the group of investors that applied for a writ of mandamus seeking to overturn the district court's ruling.  Ironically, here they argue against the same arguments they supported in *Mersho*.  Further, the Carter Family Investors' counsel acknowledged in *Mersho* that a "Joint Declaration demonstrating 'that they met telephonically to discuss the benefits and detriments of proceeding as a group, and litigation strategy going forward,' and that 'they promise to be the decisionmakers, direct the activities of their counsel, and meet telephonically to discuss strategy'" was sufficient to evidence the group's adequacy.  *See In re Mersho*, No. 20-73819, ECF 1 at 9 (9th Cir. Dec. 30, 2020).  That is precisely what FNY and Di Murro documented in their Joint Declaration here.  *See* ECF 18-4.

"competing movants must point to evidence of inadequacy." *Id.* Stated differently, "[c]ompeting movants must convince the district court that the presumptive lead plaintiff would not be adequate, not merely that the district court was wrong in determining that the prima facie elements of adequacy were met." *Id.* "That is the purpose of the presumption and burden-shifting." *Id.* Importantly, the proposed group's joint declaration in *Mersho* was practically the same in substance as FNY and Di Murro's here, setting forth the fact that the group participated in a joint call where they discussed their strategy for overseeing the litigation and their commitment to cooperatively and zealously overseeing the litigation on behalf of the class.[6] *See Borteanu v. Nikola Corp.*, No. 2:20-cv-01797-SPL, ECF 24-5 (D. Ariz. Nov. 16, 2020).

Following *Mersho*, courts in this Circuit routinely appoint groups of investors as lead plaintiff where the group's application was made before the 60-day deadline and the group evidenced their commitment to work together, just as FNY and Di Murro have done here. *See Pampena v. Musk*, 2023 WL 3082341, at *4 (N.D. Cal. Apr. 24, 2023) ("Here, members of the Group submitted a joint declaration stating that they had initial discussions, understand their responsibilities as lead plaintiff, and 'established protocols to communicate with counsel and with each other.' . . . Because this declaration indicates that the members of the Group can work together effectively, and Samara does not provide any evidence that 'cast[s] genuine and serious doubt on [the Group's]

---

[6]  Contrary to Mr. Frega's assertion, the joint declaration at issue in *Mersho* did not explain the means by which, or the date upon which, the proposed lead plaintiff group participated in the call.

FNY AND DI MURRO'S REPLY IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION -   - 5 -
Master File No. 2:23-cv-01816-WBS-JDP

willingness or ability to perform the functions of lead plaintiff,' Samara's argument does not merit a finding that the Group is inadequate under Rule 23."); *Weston v. DocuSign, Inc.*, 2022 WL 1301770, at *4 (N.D. Cal. Apr. 18, 2022) ("At this point in the inquiry, Truong must offer **proof** that the lack of a pre-existing relationship renders DIL and PERSI inadequate plaintiffs. Instead, he has only declared their statements insufficient 'boilerplate assertions.' . . . This does not suffice.") (emphasis in original);[7] *Meta Platforms*, 2022 WL 3571995, at *3-*4 (appointing group with no pre-litigation relationship); *Twitchell v. Enovix Corp.*, 2023 WL 3170044, at *8-*9 (N.D. Cal. Apr. 28, 2023) (appointing individual and institution to serve as co-lead plaintiffs); *Leventhal v. Chegg, Inc.*, 2022 WL 4099454 (N.D. Cal. Sept. 7, 2022) (appointing a group as lead plaintiff based on assertions in joint declaration); *Xu v. FibroGen, Inc.*, 2021 WL 3861454, at *9 (N.D. Cal. Aug. 30, 2021) (same); *Hadian v. Fate Therapeutics, Inc.*, No. 3:23-cv-00111-RBM-AHG, ECF 28 (S.D. Cal. May 4, 2023) (same*); Alich v. Opendoor Techs. Inc.*, 2023 WL 1472849, at *3 (D. Ariz. Feb. 2, 2023) (same); *Michel v. Sumo Logic, Inc.*, No. 5:23-cv-03665-BLF, ECF 17 at 5-6 (N.D. Cal. Oct. 18, 2023) ("The WMK Group has shown diligence in seeking appointment as co-lead plaintiffs, which suggests that the WMK Group and counsel will prosecute this action vigorously."); *Hoang v. ContextLogic, Inc.*, 2022 WL 1539533, at *8 (N.D. Cal. May 16, 2022) ("The Court also notes that Yang & De Block have filed a

---

[7] *DocuSign* further undermines Mr. Frega's assertion that FNY and Di Murro's Joint Declaration is "conclusory and boilerplate." ECF 34 at 14.

joint declaration committing to fulfill their obligations as co-lead plaintiffs if they are selected."); *Sneed v. AcelRx Pharm., Inc.*, 2021 WL 5964596, at *5 (N.D. Cal. Dec. 16, 2021) (appointing group as lead plaintiff where they "have indicated that they will cooperate in the prosecution of this litigation on behalf of the class").[8]

Mr. Frega's post-*Mersho* cases are inapposite.  In *Lako v. Loandepot, Inc.*, 2022 WL 1314463 (C.D. Cal. May 2, 2022), the court rejected the movant group for several reasons, including: (1) "***[c]ritically***, the LDI Group failed to select and apply a rational and consistently applied methodology for calculating its losses"; (2) "the Court is concerned that LDI member Chris Ruhland is not typical of the class" because he "incurred $0 in damages"; and (3) "the Court is likewise concerned that LDI Group member Scott Coloney is not typical of the class.  Coloney's records indicate that he acted as a day trader by executing four or more day trades within five business days using the same account."  *Id.* at *5. None of these facts or concerns exist here.

---

[8]  Indeed, courts within the Ninth Circuit regularly appoint lead plaintiff groups formed **after** the 60-day deadline that have **not** put forth an evidentiary showing of cohesion, so long as one of the group's members possesses the largest financial interest. *Donley v. Live Nation Ent., Inc.*, No. 2:23-cv-06343-RGK-AS, ECF 27 (C.D. Cal. Oct. 18, 2023); *see id.*, ECF 26 at 1 (C.D. Cal. Oct. 12, 2023)(stipulation merely stated movants "are committed to supervising the conduct of this litigation by their counsel and to ensuring that counsel coordinate appropriately, prosecute the action efficiently and avoid any duplication of effort in the conduct of the litigation") (approving post-motion stipulation and appointing co-lead plaintiffs and co-lead counsel); *In re Seagate Tech. Holdings plc Sec. Litig.*, No. 3:23-cv-03431, ECF 50 (N.D. Cal. Sept. 25, 2023) (approving post-motion stipulation to appoint group of plaintiffs as lead plaintiff).

*Koffsmon v. Green Dot Corp.*, 2021 WL 3473975 (C.D. Cal. Aug. 6, 2021) is also easily distinguishable. There, the court refused to allow a group of investors to aggregate their losses where it was apparent that the group was formed solely to claim a larger loss than a competing movant that suffered the single largest loss. *Id.* at *2-*3. In doing so, that court recognized that "courts have based their approval [of a group] upon the fact that one individual member of the proposed group, even standing alone, had a greater financial interest than any other proposed lead plaintiff." *Id.* at *3. That is precisely the case here. Standing alone, FNY suffered **nearly double** the losses of the next largest movant, undermining Mr. Frega and the Carter Family Investors' argument that FNY and Di Murro moved together simply to ensure they would leapfrog the financial interest of a competing movant. *See* ECF 18-3 (loss chart showing FNY suffered more than $520,000 in losses on its purchases of Origin securities during the Class Period). Following *Mersho*, FNY and Di Murro are not aware of any district court in the Ninth Circuit – and neither Mr. Frega nor the Carter Family Investors cite any – that declined to appoint a lead plaintiff group where one of the group members alone asserted a larger financial interest than any competing movant.[9]

---

[9] Even if the Court finds that the presumption in favor of FNY and Di Murro has been rebutted (which it has not), the Court should consider FNY and Di Murro's losses individually. *See Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *6 (N.D. Cal. Mar. 4, 2013) (appointing individual movant with largest single loss that moved for appointment as lead plaintiff in a group); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1070-72 (C.D. Cal. 1999). In that event, because FNY alone suffered over $520,000 in losses and is otherwise typical and adequate, it would be entitled to the most adequate plaintiff presumption.

FNY AND DI MURRO'S REPLY IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION -   - 8 -
Master File No. 2:23-cv-01816-WBS-JDP

Further undermining Mr. Frega and the Carter Family Investors' sweeping anti-group arguments that run counter to the PSLRA itself, counsel for both Mr. Frega and the Carter Family Investors regularly represent groups of plaintiffs seeking appointment as lead plaintiff, including groups comprising an institutional and individual investor. *See Chung v. Eargo, Inc.*, No. 3:21-cv-08597-CRB, ECF 23 at 2 (N.D. Cal. Jan. 5, 2022) (Block & Leviton's individual investor client stipulating to co-lead plaintiff with another law firm's institutional client and stating that "courts have repeatedly recognized that the PSLRA expressly permits the appointment of a group of class members as lead plaintiff"); *Tomaszewski v. Trevena, Inc.*, No. 2:18-cv-04378-CMR, ECF 8-1 (E.D. Pa. Dec. 10, 2018) (Block & Leviton with three other law firms moving for lead with five unrelated plaintiffs encompassing four states and two countries); *Valdes v. Kandi Techs. Grp., Inc.*, No. 2:20-cv-06042-LDH-AYS, ECF 17-4 (E.D.N.Y. Feb. 9, 2021) (joint declaration of Bernstein Liebhard's client group moving with three investors, including one from Germany, and an additional law firm).

In sum, Mr. Frega and the Carter Family Investors have failed to provide even the slightest proof required by the PSLRA to rebut the most adequate plaintiff presumption. As such, FNY and Di Murro should be appointed Lead Plaintiff.

### b. As a Sophisticated and Responsible Institution, FNY Is the Paradigmatic Lead Plaintiff Congress Envisioned When Passing the PSLRA

Tacitly acknowledging that FNY and Di Murro are a legitimate lead plaintiff group, Mr. Frega and the Carter Family Investors attempt to knock out FNY, which suffered the single largest loss,

FNY AND DI MURRO'S REPLY IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION -    - 9 -
Master File No. 2:23-cv-01816-WBS-JDP

by suggesting that FNY is somehow inadequate and atypical because it has been fined by financial regulators in unrelated matters and did not disclose the fines in the opening motion.[10]  *See* ECF 32 at 11-12; ECF 34 at 9-12.  They are wrong.

FNY, the only sophisticated institution seeking appointment as lead plaintiff in this case, is a highly respected market participant that continues to serve in an SEC-regulated fiduciary capacity, responsible for exercising investment discretion over approximately $3 billion in regulatory assets under management.

Indeed, recognizing this fact, FNY was recently appointed as a class representative (after being appointed lead plaintiff and providing two days of sworn deposition testimony) in *In re Alta Mesa Res., Inc. Sec. Litig.*, No. 4:19-cv-00957, ECF 241 (S.D. Tex. Jan. 24, 2022).  As part of a lead plaintiff group in that case, FNY has successfully overseen the litigation, obtaining not only certification of a plaintiff class, but also denial of the defendants' eight separate motions to dismiss (ECF 160), consolidation of two later-filed individual actions (ECF 259), the lifting of a bankruptcy stay with respect to a corporate defendant (ECF 217), and three court orders compelling the production of additional documents, information, and testimony from certain other defendants (ECF 253, 366, 412).  Trial for that case is scheduled for May 2024 (ECF 366, 376).[11]

---

[10] Mr. Frega points out that FNY LLC was sanctioned by FINRA, but that entity is not moving for lead plaintiff here.

[11] FNY and its co-lead plaintiffs in *Alta Mesa* have, through their counsel at Entwistle & Cappucci and Robbins Geller, taken more than 30 depositions of fact witnesses, attended over a dozen fact depositions noticed by defendants, reviewed hundreds of thousands

Even ignoring FNY's successes as a fiduciary on behalf of a class of harmed investors in a securities class action, Mr. Frega and the Carter Family Investors have provided no evidence that FNY would for some reason be inadequate or atypical. Notably, FNY has previously agreed to settle disputes with regulatory agencies "***[w]ithout admitting or denying any of the findings or conclusions***." *In the Matter of: FNY Partners Fund LP*, Order Instituting Proceedings Pursuant to Section 6(c) and (d) of the Commodity Exchange Act, Making Findings, and Imposing Remedial Sanctions, CFTC Docket No. 20-67 at 1 (Sept. 28, 2020). Courts regularly reject attempts to rebut the most adequate plaintiff presumption based upon unproven allegations.[12] As Mr. Frega's counsel is aware, even extremely serious criminal convictions do not necessarily render a movant subject to "unique defenses." Indeed, Mr. Frega's counsel recently successfully argued that a lead plaintiff movant who pled guilty, was convicted, and sentenced to 97 months in federal prison for robbing a bank with a bomb was a perfectly suitable PSLRA lead plaintiff. *See Chupa v. Armstrong*

---

of documents, retained 7 expert witnesses, completed expert discovery (including taking or attending 18 expert witness depositions already this month), and have vigorously opposed 3 separate motions for partial summary judgment (*See* ECF 457-459, each *sub judice*).

[12] *See Cortes v. Mkt. Connect Grp., Inc.*, 2015 WL 5772857, at *5 (S.D. Cal. Sept. 30, 2015) (rejecting speculation that proposed class representative was inadequate based on unproven allegations and stating the "general rule is that 'unrelated unethical or even criminal conduct is not sufficient to support a finding of inadequacy'"); *Bodri v. GoPro, Inc.*, 2016 WL 1718217, at *5 (N.D. Cal. Apr. 28, 2016) ("'[t]here is inadequacy only where the representative's credibility is questioned on issues directly relevant to the litigation or there are confirmed examples of dishonesty, such as a criminal conviction for fraud'").

*Flooring, Inc.*, 2020 WL 1032420, at *3 (C.D. Cal. Mar. 2, 2020). The court there agreed with Mr. Frega's counsel, finding that "[c]ourts **only** disqualify a proposed lead plaintiff because of his prior criminal history if his prior convictions are **related** to the claims they seek to prosecute on behalf of the proposed class." *Id.* (emphasis in original) (citing *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 417 (S.D.N.Y.) ("[E]ven if the violations in question had been proven, they do not appear to represent the degree of serious misconduct that would require Empire's candidacy to be rejected at this stage, particularly . . . in the absence of any specific connection between the types of violations claimed and the execution fraud alleged here.") (citing cases). Given the law on this issue that Mr. Frega's counsel helped develop, it is meritless to suggest that FNY's previous, consented-to regulatory fines preclude FNY from serving as lead plaintiff in this case. As such, "[n]othing about [lead plaintiff's] [regulatory] sanction indicates that [it] would have an antagonistic or conflicting claim, or that [it] would not have sufficient interest in the outcome to ensure vigorous advocacy. In short, nothing presented by [competing movants] would indicate that [the lead plaintiff] could not fairly and adequately protect the interests of the class." *Levie v. Sears, Roebuck & Co.*, 496 F. Supp. 2d 944, 950 (N.D. Ill. 2007) (certifying as class representative a plaintiff who "has been sanctioned by the National Association of Securities Dealers

('NASD') for engaging in [sic] deceptive stock transactions, and failed to disclose this fact in discovery").[13]

Other than pointing out the mere existence of these events, some of which are nearly (or in excess of) two decades old, Mr. Frega and the Carter Family Investors have not provided any "proof" to suggest FNY and Di Murro will not adequately represent the class and have failed to rebut the most adequate plaintiff presumption in favor of FNY and Di Murro.

**III. CONCLUSION**

FNY and Di Murro have the undisputed largest financial interest in this case, have made a *prima facie* showing of adequacy and typicality, and no other movant has provided even a shred of evidence to rebut the most adequate plaintiff presumption in their favor.  As such, the Court should grant FNY and Di Murro's motion.

---

[13] Mr. Frega and the Carter Family Investors attempt to hold FNY to a different standard than they hold themselves.  They have revealed next to nothing about themselves that would enable a class member to verify their capacity to act in a fiduciary role.  *See, e.g.,* ECF 20-1 at 1 ("Frega lives in Woodstock, Georgia; has invested for over 20 years; and is semi-retired after serving in the ministry.")  This raises serious questions about whether they "possess[] the requisite sophistication to serve as lead plaintiff in this action."  *Perez v. HEXO Corp.*, 2020 WL 905753, at *2-*3 (S.D.N.Y. Feb. 25, 2020) (refusing to appoint as lead plaintiff "an individual investor about whom little is known"); *see also Wasa Med. Holdings v. Sorrento Therapeutics, Inc.*, 2021 WL 533518, at *4 (S.D. Cal. Feb. 12, 2021) (refusing to appoint lead plaintiff movant where "[t]here is a dearth of information upon which the Court can determine whether Li would be able to adequately assume the role of Lead Plaintiff").  And yet, Mr. Frega and the Carter Family Investors insist that FNY should have disclosed more information.  In truth, FNY complies with regulatory obligations to make regular disclosures with the SEC on Form ADV and information about the fund is easily accessible to the public.

DATED:  November 17, 2023      Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ

        s/ Danielle S. Myers
         DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

ENTWISTLE & CAPPUCCI LLP
VINCENT R. CAPPUCCI (*pro hac vice*)
ROBERT N. CAPPUCCI (*pro hac vice*)
230 Park Avenue, 3rd Floor
New York, NY  10169
Telephone:  212/894-7200
212/894-7272 (fax)
vcappucci@entwistle-law.com
rcappucci@entwistle-law.com

-and-

ANDREW J. ENTWISTLE (*pro hac vice)*
500 W. 2nd Street, Suite 1900
Austin, TX 78701
Telephone: 512/710-5960
212/894-7272 (fax)
aentwistle@entwistle-law.com

Proposed Lead Counsel for Proposed
Lead Plaintiff and the Class

ADEMI LLP
GURI ADEMI
JESSE FRUCHTER
3620 East Layton Avenue
Cudahy, WI  53110
Telephone:  414/482-8000
414/482-8001 (fax)
gademi@ademilaw.com
jfruchter@ademilaw.com

Additional Counsel

FNY AND DI MURRO'S REPLY IN FURTHER SUPPORT OF LEAD PLAINTIFF MOTION -    - 14
Master File No. 2:23-cv-01816-WBS-JDP                                      -