# EXHIBIT B

THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JONATHAN REINSCHMIDT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ZILLOW, INC., et al., <br><br> Defendants. | No. 2:12-cv-02084-RSM <br> <u>CLASS ACTION</u> <br><br> ORDER APPOINTING LEAD PLAINTIFF AND APPROVING SELECTION OF COUNSEL |

## I.  INTRODUCTION

This matter comes before the Court on the parties' supplemental briefing regarding competing motions to appoint lead plaintiff (Dkt. ## 23, 25). In its prior Order addressing the competing motions (Dkt. # 39), the Court, following the procedure set forth in *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002), determined that applicant James Atkinson held the greatest financial stake in the outcome of the litigation. The Court was unable, however, to determine whether Atkinson satisfied the secondary requirements of adequacy and typicality. Discussing its

ORDER ON MOTIONS FOR LEAD PLAINTIFF
 AND SUPPLEMENTAL BRIEFING  - 1

concern that Atkinson may be susceptible to unique defenses, the Court directed supplemental briefing on whether Atkinson and the Retirement Funds could collectively serve as co-lead plaintiffs to insulate the class from a unique legal issue that could prejudice the class and distort the focus of the litigation. In their responsive memorandum, Atkinson and the Retirement Funds jointly certified to the Court that they could collectively serve the best interests of the class if jointly appointed as lead plaintiff and proposed a plan to equally and fairly assign responsibilities amongst lead counsel to maximize putative class recovery. Dkt. # 41. Defendants also filed a responsive memorandum. Dkt. # 40. They contend that joint appointment of the previously competing Atkinson and Retirement Funds plaintiffs would be "anathema to the PSLRA" and inconsistent with Ninth Circuit precedent. *Id.* at 2, 5.

## II. DISCUSSION

### A. Appointment of Lead Plaintiff

Although Defendants recognize that their rightful place at the appointment-of-lead-plaintiff stage is on the sidelines, they oppose joint appointment of Atkinson and the Funds as lead plaintiff.  The Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ("PSLRA"), expressly contemplates appointment of one or more lead plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(i) (the court "should appoint as lead plaintiff *the member or members* of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of the class members . . .") (emphasis added). Acknowledging that groups of plaintiffs may serve as lead plaintiff, Defendants draw a distinction between competing applicants and groups of applicants that have a pre-existing relationship and seek voluntary co-appointment. While true that Atkinson and the Funds did not have a pre-existing relationship prior to moving for appointment of lead plaintiff, a pre-existing relationship is preferred but not required. *Bruce v.*

ORDER ON MOTIONS FOR LEAD PLAINTIFF
 AND SUPPLEMENTAL BRIEFING  - 2

*Suntech Power Holdings Co. Ltd.*, CV 12-04061 RS, 2012 WL 5927985, *2 (N.D. Cal. Nov. 13, 2012). The Court offered the then competing applicants the opportunity to address whether co-appointment would best serve the interests of the class. After due consideration and with the opportunity to apprise the Court of the prudence of proceeding with co-appointment, Atkinson and the Funds jointly and voluntarily submitted that "their joint appointment as lead plaintiff would insulate the class from any potential attacks on the typicality and adequacy of its named representatives" and "agree that their joint appointment as lead plaintiff would be in the class's best interest." Dkt. # 41, p. 2. The applicants' relationship is therefore no longer competitive.

Co-appointment of previously competitive lead-plaintiff applicants is not foreclosed by the PSLRA. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (rejecting argument that the PSLRA draws a distinction between competing and non-competing groups of plaintiffs). Moreover, co-appointment is employed by district courts. *See Cohen v. U.S. Dist. Court for N. Dist. of California*, 586 F.3d 703, 711, n.4 (9th Cir. 2009) (collecting cases). In *Cohen*, the court raised the concern that co-appointment may run counter to *Cavanaugh's* sequential inquiry. *Id.* Here, consistent with *Cavanaugh*, Atkinson was first found to hold the largest financial interest. But under the secondary Rule 23 inquiry, the Court was unable to determine whether Atkinson was a typical and adequate lead plaintiff on the information before it, and thus unable to complete the *Cavanaugh* process. The Court then contemplated joint appointment of the single individual investor, and the two institutional investors to insulate the presumptive lead plaintiff from further Rule 23 challenges. Joint appointment serves to protect the class by providing suitable class representatives. The applicants now voluntarily seek co-appointment. Their joint request extinguishes the remaining challenges between the lead plaintiff applicants.

The Retirement Funds also satisfy the preliminary inquiry of adequacy and typicality. Their interests and claims are aligned with those of the class, and no party contends that the Funds are subject to unique defenses. Accordingly, the Court appoints Atkinson and the Funds jointly as lead plaintiff.

**B. Appointment of Lead Counsel**

Atkinson and the Funds jointly seek approval of three law firms for co-lead counsel. This Court has previously appointed multiple law firms for lead counsel in securities class actions. *See, e.g.*, *Crawford v. Onyx Software Corp.*, 2002 WL 356760, at *2 (W.D. Wash. 2002). After review of the materials presented to support the approval of lead counsel, the Court finds that each of three firms has sufficient experience to control the litigation. Although the presence of multiple law firms presents the potential for inefficiency and duplicative expense, Atkinson and the Funds provided the Court with a proposed cooperative plan designed to maximize recovery and minimize expense. Dkt. # 41-1.   Ultimately, the PSLRA gives the court discretion to approve or deny fee and expense applications by lead counsel. *See* 15 U.S.C. § 78u-4(a)(6). Mindful of its discretion, the Court adopts the joint proposal as set forth below and appoints Levi & Korsinsky LLP ("Levi & Korsinsky"), Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), and Labaton Sucharow LLP ("Labaton Sucharow") collectively as lead counsel, and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as liason counsel.

ORDER ON MOTIONS FOR LEAD PLAINTIFF
 AND SUPPLEMENTAL BRIEFING  - 4

## III.   CONCLUSION

Having considered the motions and the supplemental briefing related thereto, and the remainder of the record,

IT IS HEREBY ORDERED THAT:

I.      Atkinson and the Retirement Funds are appointed to serve as Lead Plaintiff in this action pursuant to 15 U.S.C. §78u-4(a)(3)(B).

II.     Levi & Korsinsky LLP ("Levi & Korsinsky"), Robbins Geller Rudman & Dowd LLP ("Robbins Geller"), and Labaton Sucharow LLP ("Labaton Sucharow") – counsel for Atkinson and the Retirement Funds – shall collectively serve as Lead Counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).  Lead Counsel shall have the authority to speak for all plaintiffs and class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial, and settlement.  Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort.  Additionally, Lead Counsel shall have the following responsibilities:

A.      to brief and argue motions;

B.      to initiate and conduct discovery, including, but not limited to, coordination of discovery with defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

C.      to direct and coordinate the examination of witnesses in depositions;

D.      to act as spokesperson at pretrial conferences;

E.      to call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

ORDER ON MOTIONS FOR LEAD PLAINTIFF
AND SUPPLEMENTAL BRIEFING - 5

F.    to initiate and conduct any settlement negotiations with defendants' counsel;

G.    to provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required, in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

H.    to consult with and employ experts;

I.    to receive and review periodic time reports of all attorneys on behalf of plaintiffs, to determine if the time is being spent appropriately and for the benefit of plaintiffs, and to determine and distribute plaintiffs' attorneys' fees; and

J.    to perform such other duties as may be expressly authorized by further order of this Court.

III.    In order to facilitate orderly decision-making among Lead Counsel, Levi & Korsinsky, Robbins Geller, and Labaton Sucharow shall each designate attorneys-in-charge with the authority to speak on behalf of their respective firms.    The attorneys-in-charge shall be responsible for:

A    ensuring that the work performed within each firm is efficient and not duplicative of work performed by other Lead Counsel;

B.    facilitating communication between Lead Counsel as necessary; and

C.    continuing to maintain orderly time records.

IV.    In order to stay abreast of the progress of this litigation, Atkinson, the Retirement Funds, and Lead Counsel shall hold regular calls to discuss the status of and developments in this action.

V.      To ensure that the prosecution of the class's claims will begin expeditiously after the issuance of this Order regarding the appointment of Lead Plaintiff and Lead Counsel, Levi & Korsinsky, Robbins Geller, and Labaton Sucharow shall confer and assign primary responsibility for investigating and drafting the consolidated amended complaint and any opposition briefing in connection with a motion to dismiss as soon as possible after the date of this ruling.  Lead Counsel shall also timely determine which firm shall be primarily responsible for coordinating the investigation to develop information to be used in the preparation of the consolidated amended complaint, initiating consultations with experts (including an expert on economic damages and other experts), soliciting competitive bids for document repository companies, and soliciting competitive bids for deposition services.

VI.      Lead Counsel shall confer and assign primary responsibility for the management of fact, class, and expert discovery, as well as a briefing of a motion for class certification, preparation of briefs in support of or opposing motions concerning discovery, for summary judgment, or judgment on the pleadings, as necessary.  Other than the filings and actions discussed herein, no significant projects will be commenced without approval from Atkinson and the Retirement Funds.  Lead Counsel shall jointly confer and decide on the nature of all subsequent projects and the allocation of responsibility among Lead Counsel for such projects.

VII.      Lead Counsel shall hold regular conference calls to discuss developments in the case and the progress of assigned tasks.  A primary purpose of these calls will be to ensure that there is no unnecessary duplication of efforts among Lead Counsel on any project(s) in this action.

VIII.      To ensure accurate record keeping and to facilitate the Court's review of time records, Lead Counsel shall keep contemporaneous time records that include the name of the

ORDER ON MOTIONS FOR LEAD PLAINTIFF
AND SUPPLEMENTAL BRIEFING - 7

attorney, the amount of time spent on each activity, and the nature of the work performed on any matter in this action, pursuant to Section 14.213 of the *Manual of Complex Litigation* (4th ed. 2004).

IX.     Lead Counsel shall exchange time records among counsel as requested.  Lead Counsel will also provide records to the Court, should a review of time records be necessary.

X.      Hagens Berman Sobol Shapiro LLP ("Hagens Berman") shall serve as Liaison Counsel for the class.  Lead Counsel shall consult with Hagens Berman on issues pertaining to local rules and practices.

XI.     The Clerk is directed to terminate the competing motions to appoint lead plaintiff (Dkt. ## 23 and 25).

DATED:  April 24, 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS FOR LEAD PLAINTIFF
AND SUPPLEMENTAL BRIEFING - 8