# EXHIBIT C

United States District Court
Southern District of Texas

**ENTERED**

January 24, 2022

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

IN RE ALTA MESA RESOURCES, INC.
SECURITIES LITIGATION

CASE NO. 4:19-CV-00957

**ORDER GRANTING PLAINTIFFS' MOTION
FOR CLASS CERTIFICATION AND APPOINTMENT
OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

Pending before the Court is the Motion for Class Certification and Appointment of

Class Representatives and Class Counsel filed by Lead Plaintiffs FNY Partners Fund LP,

FNY Managed Accounts, LLC, Paul J. Burbach and United Association National Pension

Fund (formerly Plumbers and Pipefitters National Pension Fund), and Plaintiff Camelot

Event Driven Fund, A Series of Frank Funds Trust (collectively with the Lead Plaintiffs,

"Plaintiffs") (ECF 187).

For the reasons set forth in Plaintiffs' submissions in support of their Motion (ECF

187, 188, 237), and for good cause shown, and noting that Defendants do not oppose

certification of the Class defined below (ECF 240), the Court hereby GRANTS the Motion.

The Court finds, pursuant to Federal Rule of Civil Procedure 23(a) that: (i) the Class

(as hereinafter defined) is so numerous that joinder of all members is impracticable; (ii)

there are questions of law and fact common to the Class; and (iii) Plaintiffs' claims are

typical of the Class claims.

The Court further finds that Lead Plaintiff FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach and United Association National Pension Fund (formerly Plumbers and Pipefitters National Pension Fund) and Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust, will fairly and adequately protect the interests of the Class as Class Representatives.

Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court further finds that questions of law or fact common to members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

The Court further finds, pursuant to Federal Rule of Civil Procedure 23(g), that Co-Lead Counsel Entwistle & Cappucci LLP and Robbins Geller Rudman & Dowd LLP will fairly and adequately represent the interests of the Class as Class Counsel.

NOW THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.      This Action is certified as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class consisting of Class Members with claims in the following categories:

(a)     All persons and entities that held shares of Alta Mesa (Silver Run II) common stock (CUSIP 02133L109; ticker "SRUN"), and/or Silver Run II Units ("Silver Run Units") (CUSIP 82812A202; ticker "SRUNU") on the January 22, 2018 record date that were entitled to vote on Alta Mesa's proposed transaction with AMH and Kingfisher (collectively, persons and entities with these claims may be referred to in these proceedings as the "Section 14a Class Members");

(b)     All persons and entities that purchased or otherwise acquired Alta Mesa (Silver Run II) common stock (CUSIP 02133L109; ticker "SRUN")), Alta Mesa (Silver Run II) warrants (CUSIP 02133L117; ticker "SRUNW"), and/or Silver Run II

Units ("Silver Run Units") (CUSIP 82812A202; ticker "SRUNU") on or after August 16, 2017 and prior to the closing of the Business Combination on February 9, 2018 (collectively, persons and entities with these claims may be referred to in these proceedings as the "Silver Run Class Members");

and

(c) All persons and entities that purchased or otherwise acquired Alta Mesa common stock (CUSIP 02133L109; ticker "AMR") or Alta Mesa warrants (CUSIP 02133L117; ticker "AMRWW") (other than those automatically converted from Silver Run Units by operation of the Business Combination) between the February 9, 2018 closing of the Business Combination and May 17, 2019 (inclusive) (collectively, persons and entities with these claims may be referred to in these proceedings as the ("Alta Mesa Class Members");

For the avoidance of doubt, the three above categories are not mutually exclusive. Rather, each Class Member may have claims in one, or two, or all three of the categories. Nothing in this definition suggests that losses relating to any common share, warrant or unit may be double counted.

Excluded from the Class are the following: (i) Defendants; (ii) the officers and directors of Alta Mesa, Silver Run II, AMH, KFM, and the Control Entity Defendants during the Class Period (the "Excluded Officers and Directors"); (iii) members of the immediate families of the Individual Defendants and of the Excluded Officers and Directors; (iv) any entity in which any Defendant, any Excluded Officer or Director or any of their respective immediate family members has and/or had during the Class Period a controlling interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Alta Mesa, Silver Run II, AMH, KFM or the Control Entity Defendants; (vii) all Alta Mesa, Silver Run II, AMH, KFM, and Control Entity Defendants' plans that are covered by ERISA; (viii) and the legal representatives, heirs, agents, affiliates, successors-in-interest or assigns of any excluded person or entity, in their respective capacity as such.

2. Based on the current record as set forth in Plaintiffs' submissions in support of their Motion (ECF 187, 188, 237) and above, the Class is certified pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and this action shall proceed as a class action.

3

3.      Defendants have elected not to oppose the Motion on the current record after taking class-certification discovery. The parties' rights under Fed. R. Civ. P. 23(c)(1)(C) are preserved.

4.      Lead Plaintiffs FNY Partners Fund LP, FNY Managed Accounts, LLC, Paul J. Burbach and United Association National Pension Fund and Plaintiff Camelot Event Driven Fund, A Series of Frank Funds Trust are appointed as Class Representatives pursuant to Federal Rule of Civil Procedure 23(a).

5.      Co-Lead Counsel Entwistle & Cappucci LLP and Robbins Geller Rudman & Dowd LLP are appointed as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

IT IS SO ORDERED.

Dated:   January 24, 2022

_George C. Hanks Jr._
HON. GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

4