BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
CARL HUDSON, State Bar No. 317201
carl.hudson@freshfields.com
REBECCA LOCKERT, State Bar No. 348810
rebecca.lockert@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants Origin
Materials, Inc., Richard J. Riley, and
John Bissell*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| In re ORIGIN MATERIALS, INC. SECURITIES LITIGATION _____ This Document Relates To ALL ACTIONS CONSOLIDATED FROM: Antonio F. Soto, individually and on behalf of all others similarly situated,     Plaintiff,           v. Origin Materials, Inc., Richard J. Riley, and John Bissell,     Defendants. | Case No.: 2:23-cv-01816-WBS-JDP **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** Date:       February 18, 2025 Time:       1:30 p.m. Location:   Courtroom 5 – 14th Floor Judge:     Hon. William B. Shubb |

DEFS' RJN ISO MTD  SAC
CASE NO. 2:23-cv-01816-WBS-JDP

**TABLE OF CONTENTS**

**Page**

**REQUEST FOR JUDICIAL NOTICE**................................. **1**

**ARGUMENT**...................................................... **1**

  I. THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE....................................................... 1

      A. SEC Filings........................................... 2

      B. Earnings Call Transcripts............................. 3

      C. Materials Publicly Available on Origin's Website..... 3

  II. THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION 4

      A. SEC Filings........................................... 4

      B. Earnings Call Transcripts............................. 5

      C. Materials Publicly Available.......................... 6

**CONCLUSION**.................................................... **9**

DEFS' RJN ISO MTD SAC
CASE NO. 2:23-cv-01816-WBS-JDP

**TABLE OF AUTHORITIES**

**Cases**                                                                                          **Page**

*Baron v. HyreCar Inc.,*
  2022 WL 17413562 (C.D. Cal. Dec. 5, 2022) .................. 6

*Garcia v. J2 Global, Inc.,*
  2021 WL 1558331 (C.D. Cal. Mar. 5, 2021) ................... 7

*Harris v. Cnty. of Orange,*
  682 F.3d 1126 (9th Cir. 2012) ............................. 7

*Homyk v. Chemocentryx, Inc.,*
  2023 WL 3579440 (N.D. Cal. Feb. 23, 2023) ................. 6

*Kang v. Paypal Holdings, Inc.,*
  620 F. Supp. 3d 884 (N.D. Cal. 2022) .................... 2, 7

*In re Edward D. Jones & Co., L.P. Sec. Litig.,*
  2019 WL 2994486 (E.D. Cal. July 9, 2019) ............... 1, 4

*In re Intel Corp. Sec. Litig.,*
  2019 WL 1427660 (N.D. Cal. Mar. 29, 2019) ................. 5

*Khoja v. Orexigen Therapeutics, Inc.,*
  899 F.3d 988 (9th Cir. 2018) ............................. 1

*Kipling v. Flex Ltd.,*
  2020 WL 7261314 (N.D. Cal. Dec. 10, 2020),
  *aff'd*, 2021 WL 6101391 (9th Cir. Dec. 21, 2021)............ 5

*Mehedi v. View, Inc.,*
  2023 WL 3592098 (N.D. Cal. May 22, 2023) ................. 4

*Mendoza v. HF Foods Grp., Inc.,*
  2021 WL 3772850 (C.D. Cal. Aug. 25, 2021) ................. 4

*Orozco v. Barger,*
  2024 WL 3384242 (C.D. Cal. July 8, 2024) ................. 7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
  551 U.S. 308 (2007) ...................................... 1

*In re Twitter, Inc. Sec. Litig.,*
  506 F. Supp. 3d 867 (N.D. Cal. 2020)...................... 7

*Von Saher v. Norton Simon Museum of Art at Pasadena,*
  592 F.3d 954 (9th Cir. 2010) ............................. 6

DEFS' RJN ISO MTD SAC
CASE NO. 2:23-cv-01816-WBS-JDP

**Page**

*Wochos v. Tesla, Inc.,*
    2018 WL 4076437 (N.D. Cal. Aug. 27, 2018).................. 6

**Other Authorities**

*Federal Rule of Evidence 201(b)*............................. 4

-iii-

**TABLE OF ABBREVIATIONS**[1]

| Abbreviation | Meaning |
|---|---|
| ¶, Second Amended Complaint, or Complaint | Plaintiff's Second Amended Complaint for Violations of the Federal Securities Laws, filed November 18, 2024 (ECF No. 85) |
| Motion to Dismiss | Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Violations of the Federal Securities Laws, filed December 19, 2024 |
| Defendants | Defendants Origin Materials, Inc., Richard J. Riley, and John Bissel |
| Ex. | Exhibit attached to Declaration of Carl Hudson in Support of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, filed December 19, 2024 |
| Origin or the Company | Origin Materials, Inc. |

---

[1] Herein, certain quotation marks, alteration marks, citations, and emphases have been omitted.

-iv-

**REQUEST FOR JUDICIAL NOTICE**

Defendants respectfully request that the Court consider the following documents in connection with their Motion to Dismiss.

The Supreme Court instructs that courts ruling on a motion to dismiss a claim under the federal securities laws "must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). These documents submitted are either (1) incorporated by reference into the Second Amended Complaint or (2) the proper subject of judicial notice pursuant to Federal Rule of Evidence 201, or both. True and correct copies of the documents are attached to the accompanying Declaration of Carl Hudson.

**ARGUMENT**

**I.    THE COURT MAY CONSIDER DOCUMENTS INCORPORATED BY REFERENCE**

Under the incorporation by reference doctrine, the Court may examine a "document [that] forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). In so doing, it treats the incorporated documents "as though they are part of the complaint itself." *Id.* The doctrine serves to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken——or doom——their claims." *Id.* On a motion to dismiss, this Court and others in the Ninth Circuit regularly consider documents cited in complaints. *E.g., In re Edward D. Jones & Co., L.P. Sec. Litig.,* 2019 WL 2994486, at *3 (E.D. Cal. July 9, 2019) (considering incorporated

-1-

documents and noting "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"); *Kang v. Paypal Holdings, Inc.*, 620 F. Supp. 3d 884, 896 (N.D. Cal. 2022) (incorporating by reference documents that Plaintiffs "quoted throughout the Complaint" and were "necessary to assess the veracity of the challenged statement in context").

Accordingly, Defendants respectfully request that the Court consider the following documents because they are relied upon, quoted, or referenced in the Second Amended Complaint:[2]

**A. SEC Filings**

- Ex. 2: Origin's Form 10-K, which was publicly filed with the SEC on February 23, 2023, cited at ¶¶ 120, 125.
- Ex. 3: Origin Investor Presentation, titled "Investor Presentation," dated February 2021, cited at ¶¶ 40-44, which was attached as Exhibit 99.2 to Artius's Form 8-K, which was publicly filed with the SEC on February 17, 2021.
- Ex. 4: Artius's Form S-4, which was publicly filed with the SEC on March 8, 2021, cited at ¶¶ 40-44.
- Ex. 13: Origin's August 9, 2023 Press Release titled "Origin Materials, Inc. Reports Operating and Financial Results for Second Quarter 2023," cited at ¶¶ 151-53, which was attached

---

[2] The SEC Filings, Earnings Call Transcripts, Materials Publicly Available on Origin's Website, and Other Publicly Available Materials which Defendants request the Court consider incorporated by reference in the Second Amended Complaint are also properly subject to judicial notice (*infra* at 4-9): Exs. 2-6, 8-9, 13, 15-17, 19-22.

DEFS' RJN ISO MTD SAC
CASE NO. 2:23-cv-01816-WBS-JDP

as Exhibit 99.1 to Origin's Form 8-K, which was publicly filed with the SEC on August 9, 2023.

- Ex. 15: Exhibit 3.3, titled "Amendment No. 2 to Offtake Supply Agreement (Origin 2)," of Origin's Form 10-Q, which was publicly filed with the SEC on May 10, 2023, cited at ¶¶ 101-08, 193-202.
- Ex. 22: Origin's Form 10-Q, which was publicly filed with the SEC on May 10, 2023, cited at ¶¶ 109, 132, 136.

### B. Earnings Call Transcripts

- Ex. 6: Origin's Merger Announcement Conference Call Transcript, dated February 17, 2021, cited at ¶¶ 45-47, 206.
- Ex. 16: Avantium Analyst Call on Partnership with Origin Materials, dated February 22, 2023, cited at ¶¶ 98, 187-88, 191.
- Ex. 19: Origin's Q1-2023 Earnings Call Transcript, dated May 10, 2023, cited at ¶¶ 130-31.
- Ex. 21: Origin's Q3-2022 Earnings Call Transcript, dated November 3, 2022, cited at ¶¶ 80-81.

### C. Materials Publicly Available on Origin's Website

- Ex. 5: Origin's Earnings Presentation titled "Second Quarter 2023 Earnings Call," dated August 9, 2023, cited at ¶¶ 160-61.
- Ex. 8: Origin's Earnings Presentation titled "Third Quarter 2022 Earnings Call," dated November 3, 2022, cited at ¶ 82.
- Ex. 9: Origin's Earnings Presentation titled "Fourth Quarter 2022 Earnings Call," dated February 23, 2023, cited at ¶¶ 82, 118-19.

-3-

● Ex. 17: Origin's Press Release titled "Origin Materials and Avantium to Accelerate the Mass Production of FDCA and PEF for Advanced Chemicals and Plastics," dated February 21, 2023, cited at ¶¶ 96, 184.

● Ex. 20: Origin's Earnings Presentation titled "Company Overview," dated May 12, 2023, cited at ¶¶ 141-42.

## II.   THE COURT MAY TAKE JUDICIAL NOTICE OF PUBLIC INFORMATION

Pursuant to Federal Rule of Evidence 201(b), courts may take judicial notice of "fact[s] that [are] not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Jones*, 2019 WL 2994486, at *3 (recognizing "[a] fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned'"); *see also Mehedi v. View, Inc.*, 2023 WL 3592098, at *3 (N.D. Cal. May 22, 2023) (recognizing the imperative that the Court "not 'accept as true allegations that contradict matters properly subject to judicial notice' or 'allegations that are merely conclusory'").

Accordingly, Defendants request that the Court take judicial notice of the following SEC filings, earnings call transcripts, and other public materials.

### A.  SEC Filings

The Court may judicially notice SEC filings, "even those 'not specifically mentioned' in the complaint," because "they are 'public disclosure documents required by law to be filed.'" *Mendoza v. HF Foods Grp., Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021); *see also Jones,* 2019 WL 2994486, at *3 ("Judicial

-4-

notice of SEC filings is appropriate."); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) (finding SEC filings to be "routinely subject to judicial notice," even when plaintiffs' claims do not depend on them and plaintiffs do not reference them in their complaint).

Therefore, Defendants request that the Court consider the following documents publicly filed with the SEC:

- Ex. 2: Origin's Form 10-K, which was publicly filed with the SEC on February 23, 2023.
- Ex. 3: Origin Investor Presentation, titled "Investor Presentation," dated February 2021, which was attached as Exhibit 99.2 to Artius's Form 8-K, which was publicly filed with the SEC on February 17, 2021.
- Ex. 4: Artius's Form S-4, which was publicly filed with the SEC on March 8, 2021.
- Ex. 13: Origin's August 9, 2023 Press Release titled "Origin Materials, Inc. Reports Operating and Financial Results for Second Quarter 2023," which was attached as Exhibit 99.1 to Origin's Form 8-K, which was publicly filed with the SEC on August 9, 2023.
- Ex. 15: Exhibit 3.3, titled "Amendment No. 2 to Offtake Supply Agreement (Origin 2)," of Origin's Form 10-Q, which was publicly filed with the SEC on May 10, 2023.
- Ex. 22: Origin's Form 10-Q, which was publicly filed with the SEC on May 10, 2023.

**B. Earnings Call Transcripts**

The Court may take judicial notice of publicly available transcripts of earnings calls and analyst conferences because

-5-

DEFS' RJN ISO MTD SAC
CASE NO. 2:23-cv-01816-WBS-JDP

"the[ir] accuracy . . . is not reasonably subject to dispute." *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018); *see also Kipling v. Flex Ltd.*, 2020 WL 7261314, at *7 (N.D. Cal. Dec. 10, 2020), *aff'd*, 2021 WL 6101391 (9th Cir. Dec. 21, 2021) (judicially noticing "transcripts from earnings calls, investor and analyst conferences, and related presentations"). Earnings call transcripts "constitute the subject matter of the claim: [Defendant's] public statements." *Tesla*, 2018 WL 4076437, at *2 (taking judicial notice of an earnings call transcript over plaintiffs' objections that it was not referenced in complaint); *see also Baron v. HyreCar Inc.*, 2022 WL 17413562, at *7 (C.D. Cal. Dec. 5, 2022) ("[A]n investor call transcript is a document courts may notice[] in a securities fraud action as documents reflecting publicly available information about the company.").

Therefore, Defendants request that the Court take judicial notice of the following documents:

- Ex. 6: Origin's Merger Announcement Conference Call Transcript, dated February 17, 2021.
- Ex. 19: Origin's Q1-2023 Earnings Call Transcript, dated May 10, 2023.
- Ex. 21: Origin's Q3-2022 Earnings Call Transcript, dated November 3, 2022.

### C. Materials Publicly Available

Because publications such as newspapers and magazines offer "an indication of what information was in the public realm at the time[,]" they "meet the standards for admissibility set forth in Federal Rule of Evidence 201(b)" when the public's access to that information is at issue. *Von Saher v. Norton Simon Museum of Art*

-6-

*at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *see also Homyk v. Chemocentryx, Inc.*, 2023 WL 3579440, at *4 (N.D. Cal. Feb. 23, 2023) (determining that courts may take judicial notice of journal articles and other publications for the purpose of determining what information was available to the market); *In re Twitter, Inc. Sec. Litig.*, 506 F. Supp. 3d 867, 874 n.1 (N.D. Cal. 2020) (taking judicial notice of news articles because they "reflect[] publicly available information about the company"). Because the contents of "[p]ublicly accessible websites and news articles" "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[,]" such publications are "the proper subjects of judicial notice." *Paypal*, 620 F. Supp. 3d at 895. Presentations that are available on a company's website are properly subject to judicial notice on this basis. *See Garcia v. J2 Global, Inc.*, 2021 WL 1558331, at *8-9 (C.D. Cal. Mar. 5, 2021) (taking judicial notice of analyst day presentation that was publicly accessible on defendant corporation's website).

In addition, a court may take judicial notice of "documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *see also Orozco v. Barger*, 2024 WL 3384242, at *1 (C.D. Cal. July 8, 2024) (taking judicial notice of hearing transcripts).

Accordingly, Defendants request that the Court take judicial notice of the following documents:

- Ex. 1: A redline comparison between Plaintiff's Corrected Amended Complaint (ECF No. 61), filed March 7, 2024, and

-7-

DEFS' RJN ISO MTD SAC
CASE NO. 2:23-cv-01816-WBS-JDP

Plaintiff's Second Amended Complaint (ECF No. 85), filed November 18, 2024.

- Ex. 5: Origin's Earnings Presentation titled "Second Quarter 2023 Earnings Call," dated August 9, 2023.

- Ex. 7: Origin's Press Release titled "Origin Materials and Terphane Form Strategic Partnership to Produce Sustainable, High-Performance Packaging," dated August 3, 2023.

- Ex. 8: Origin's Earnings Presentation titled "Third Quarter 2022 Earnings Call," dated November 3, 2022.

- Ex. 9: Origin's Earnings Presentation titled "Fourth Quarter 2022 Earnings Call," dated February 23, 2023.

- Ex. 10: Origin's Press Release titled "Origin Materials Announces Startup of Origin 1, World's First Commercial CMF Plant," dated June 27, 2023.

- Ex. 11: Origin's Press Release titled "Origin Materials Creates Sustainable PET Bottle Caps, Enabling 'All PET Mono-Material' Bottle and Cap Solutions, a Breakthrough in Recycling and Circularity," dated August 7, 2023.

- Ex. 12: Origin's Press Release titled "Origin Materials and Sustainea Launch Strategic Partnership to Develop 100% Bio-Based Materials," dated August 8, 2023.

- Ex. 14: The transcript of the Hearing before Judge William B. Shubb on the Motion to Dismiss Plaintiff's Corrected Amended Complaint (ECF. No. 69) on October 15, 2024.

- Ex. 16: Avantium Analyst Call on Partnership with Origin Materials, dated February 22, 2023.

- Ex. 17: Origin's Press Release titled "Origin Materials and Avantium to Accelerate the Mass Production of FDCA and PEF

-8-

DEFS' RJN ISO MTD SAC
CASE NO. 2:23-cv-01816-WBS-JDP

for Advanced Chemicals and Plastics," dated February 21, 2023.

- Ex. 20: Origin's Earnings Presentation titled "Company Overview," dated May 12, 2023.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider the herein-referenced documents in connection with their Motion to Dismiss.

Dated: December 19, 2024     FRESHFIELDS US LLP


/s/ Boris Feldman
BORIS FELDMAN
DORU GAVRIL
CARL HUDSON
REBECCA LOCKERT
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250
boris.feldman@freshfields.com
doru.gavril@freshfields.com
carl.hudson@freshfields.com
rebecca.lockert@freshfields.com

*Attorneys for Defendants Origin Materials, Inc., Richard J. Riley, and John Bissell*

-9-

DEFS' RJN ISO MTD SAC
CASE NO. 2:23-cv-01816-WBS-JDP