BORIS FELDMAN, State Bar No. 128838
boris.feldman@freshfields.com
DORU GAVRIL, State Bar No. 282309
doru.gavril@freshfields.com
CARL HUDSON, State Bar No. 317201
carl.hudson@freshfields.com
REBECCA LOCKERT, State Bar No. 348810
rebecca.lockert@freshfields.com
FRESHFIELDS US LLP
855 Main Street
Redwood City, CA 94063
Telephone: (650) 618-9250

*Attorneys for Defendants Origin
Materials, Inc. and John Bissell*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re ORIGIN MATERIALS, INC. SECURITIES LITIGATION<br><br>―――――――――――――――――<br><br>This Document Relates To<br><br>ALL ACTIONS CONSOLIDATED FROM:<br><br>Antonio F. Soto, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>　　　　　v.<br><br>Origin Materials, Inc., Richard J. Riley, and John Bissell,<br><br>　　Defendants. | Case No.: 2:23-cv-01816-WBS-JDP<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

DEFENDANTS' ANSWER
CASE NO. 2:23-cv-01816-WBS-JDP

Defendants Origin Materials, Inc. ("Origin" or the "Company") and John Bissell, (collectively, "Defendants"), hereby answer Plaintiff's Second Amended Complaint for Violations of the Federal Securities Laws (the "Complaint"). To the extent not specifically admitted, each and every allegation of the Complaint is denied.[1]

1.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore deny these allegations.

2.    Defendants admit that Plaintiff purports to bring claims on behalf of Origin investors. Defendants admit that Plaintiff purports to assert claims under Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (the "SEC") (17 C.F.R. § 240.10b-5). Defendants deny violating Section 10(b) and Section 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 2.

3.    The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring claims on behalf of all persons who purchased Origin's publicly traded securities on the open market of a U.S. stock exchange between February 23, 2023 and August 9, 2023, inclusive. Defendants deny that any purchaser of Origin stock suffered any damages as a result of any conduct of Defendants. Except as

---

[1] Except as noted, all capitalized terms used in this answer have the same meaning ascribed to them in the Complaint.

DEFENDANTS' ANSWER                    -1-
CASE NO. 2:23-cv-01816-WBS-JDP

expressly admitted herein, Defendants deny each and every allegation in paragraph 3.

4. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that Origin is a publicly traded company with its common stock listed on the Nasdaq Capital Market ("NASDAQ") and is subject to certain requirements under the Exchange Act. Except as explicitly admitted herein, Origin Defendants deny the allegations contained in paragraph 4.

5. The allegations in this paragraph purport to describe Origin's business. Defendants admit that the Company filed a Form 10-K, dated February 23, 2023. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 5.

6. The allegations in this paragraph purport to describe Origin's business. Defendants admit that the Company filed a Form 10-K, dated February 23, 2023. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 6.

7. The allegations in this paragraph purport to describe the contents of the Form 8-K filed by the Company on February 17, 2021. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 7.

8. Defendants admit that the Company regularly disclosed information to investors concerning forecasts and plans for the

Company's products and facilities, including in documents filed with the SEC. Those disclosures speak for themselves, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 8.

9. Defendants admit that the Company regularly disclosed information to investors concerning forecasts and plans for the Company's products and facilities, including in documents filed with the SEC. Those disclosures speak for themselves, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 9.

10. Defendants admit that the Company regularly disclosed information to investors concerning forecasts and plans for the Company's products and facilities, including in documents filed with the SEC. Those disclosures speak for themselves, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 10.

11. The allegations in this paragraph purport to describe the contents of the Forms 10-K and 8-K filed by the Company on February 23, 2023. Those documents speak for themselves, and Defendants refer to those documents for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 11.

12. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Richard J. Riley ("Riley"). Defendants therefore

DEFENDANTS' ANSWER                    -3-
CASE NO. 2:23-cv-01816-WBS-JDP

understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that the Company regularly disclosed information to investors concerning forecasts and plans for the Company's products and facilities, including in documents filed with the SEC. Those disclosures speak for themselves, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 12.

13.  Defendants deny the allegations in paragraph 13. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

14.  This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants deny the allegations in paragraph 14. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and

DEFENDANTS' ANSWER                    -4-
CASE NO. 2:23-cv-01816-WBS-JDP

accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

15.  Defendants admit that the Company amended its offtake agreement with PepsiCo and disclosed such amendments in a Form 10-Q, filed by the Company on May 10, 2023. The document speaks for itself, and Defendants refer to the document for its complete contents. The remaining allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

16.  This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, the allegations in this paragraph purport to describe the contents of the Forms 8-K and 10-Q filed by the Company on August 9, 2023. The documents speak for themselves, and Defendants refer to the documents for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 16.

17.  The allegations in this paragraph purport to describe the

DEFENDANTS' ANSWER                    -5-
CASE NO. 2:23-cv-01816-WBS-JDP

contents of the Forms 8-K and 10-Q filed by the Company on August 9, 2023. The documents speak for themselves, and Defendants refer to the documents for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 17.

18.   The allegations in this paragraph purport to describe prices of Origin stock, which are matters of public record. Defendants refer to such public records. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny that any purchaser of Origin stock suffered any damages as a result of any conduct of Defendants. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 18.

19.   The allegations in this paragraph purport to describe prices of Origin stock, which are matters of public record. Defendants refer to such public records. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 19.

20.   The allegations in this paragraph purport to describe the contents of the Form 8-K filed by the Company on January 5, 2024. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 20.

21.   Defendants admit that Plaintiff asserts claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5). Defendants deny violating Sections 10(b) and

20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder by the SEC.

22.   Defendants admit that this Court has jurisdiction over this action.

23.   Defendants admit that venue is proper in this judicial district. Defendants deny that any wrongful acts occurred in this judicial district. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 23.

24.   Defendants admit that they have used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of national securities exchanges. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 24.

25.   The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff and therefore deny these allegations. Defendants deny allegations that they violated federal securities laws and that any purchaser of Origin's publicly traded securities suffered damage as a result of any conduct of Defendants. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 25.

26.   Defendants admit that Origin is incorporated under the laws of Delaware and has its principal executive offices located in West Sacramento, California. Defendants admit that Origin's publicly traded securities are listed on the NASDAQ exchange in New York, NY under the symbol "ORGN."

27.  This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that former Defendant Riley served as the Company's co-CEO between October 28, 2020 and December 31, 2024. Defendants admit that former Defendant Riley, in his capacity as co-CEO, signed the Company's Form 10-K for the year ended December 31, 2022 and Form 10-Q for the quarter ended March 31, 2023.

28.  Defendants admit that Defendant John Bissell ("Bissell") is, and during the purported Class Period was, a CEO of Origin. Defendants admit that Defendant Bissell, in his capacity as co-CEO, signed the Company's Form 10-K for the year ended December 31, 2022 and Form 10-Q for the quarter ended March 31, 2023.

29.  This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that Plaintiff refers to Defendant Bissell and former Defendant Riley collectively as "Individual Defendants." Except as expressly admitted herein, Origin Defendants deny each and every allegation in paragraph 29.

DEFENDANTS' ANSWER                    -8-
CASE NO. 2:23-cv-01816-WBS-JDP

30.  Defendants admit that Plaintiff refers to Defendant Origin, Defendant Bissell, and former Defendant Riley collectively as "Defendants."

31.  Defendants admit that the Company was founded in November 2008 and has operations in California and Ontario, Canada. The remaining allegations in this paragraph purport to describe Origin's business operations (including potential future business operations), which are matters of public record, including as described in the Form 10-K filed by the Company on February 23, 2023. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 31.

32.  The allegations in this paragraph purport to describe Origin's business operations (including potential future business operations), which are matters of public record, including as described in the Form 10-K filed by the Company on February 23, 2023. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 32.

33.  The allegations in this paragraph purport to describe Origin's business operations (including potential future business operations), which are matters of public record, including as described in the Form 10-K filed by the Company on February 23, 2023. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in

paragraph 33.

34.  The allegations in this paragraph purport to describe Origin's business operations (including potential future business operations), which are matters of public record, including as described in the Form 10-K filed by the Company on February 23, 2023. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 34.

35.  The allegations in this paragraph purport to describe Origin's business operations (including potential future business operations), which are matters of public record, including as described in the Form 10-K filed by the Company on February 23, 2023. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 35.

36.  The allegations in this paragraph purport to describe Origin's business operations (including potential future business operations), which are matters of public record, including as described in the Form 10-K filed by the Company on February 23, 2023. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 36.

37.  The allegations in this paragraph purport to describe Origin's business operations (including potential future business operations), which are matters of public record, including as

DEFENDANTS' ANSWER                    -10-
CASE NO. 2:23-cv-01816-WBS-JDP

described in the Form 10-K filed by the Company on February 23, 2023. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 37.

38.   The allegations in this paragraph purport to describe Origin's business operations (including potential future business operations), which are matters of public record, including as described in the Form 10-K filed by the Company on February 23, 2023. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 38.

39.   The allegations in this paragraph purport to describe Origin's business operations (including potential future business operations), which are matters of public record, including as described in the Form 10-K filed by the Company on February 23, 2023. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 39.

40.   Defendants admit that Origin filed a Form 8-K on February 17, 2021, a Form S-4 on March 9, 2021, and a Form S-4/A on May 3, 2021. Those documents speak for themselves, and Defendants refer to those documents for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 40.

41.   The allegations in this paragraph purport to describe

Origin's business operations (including potential future business operations), which are matters of public record, including as described in the Form 8-K filed by the Company on February 17, 2021, the Form S-4 filed by the Company on March 9, 2021, and the Form S-4/A filed by the Company on May 3, 2021. Those documents speak for themselves, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 41.

42.  The allegations in this paragraph purport to describe Origin's business operations (including potential future business operations), which are matters of public record, including as described in the Form 8-K filed by the Company on February 17, 2021, the Form S-4 filed by the Company on March 9, 2021, and the Form S-4/A filed by the Company on May 3, 2021. Those documents speak for themselves, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 42.

43.  The allegations in this paragraph purport to describe Origin's business operations (including potential future business operations), which are matters of public record, including as described in the Form 8-K filed by the Company on February 17, 2021, the Form S-4 filed by the Company on March 9, 2021, and the Form S-4/A filed by the Company on May 3, 2021. Those documents speak for themselves, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 43.

44.  The allegations in this paragraph purport to describe Origin's business operations (including potential future business

DEFENDANTS' ANSWER                    -12-
CASE NO. 2:23-cv-01816-WBS-JDP

operations), which are matters of public record, including as described in the Form 8-K filed by the Company on February 17, 2021, the Form S-4 filed by the Company on March 9, 2021, and the Form S-4/A filed by the Company on May 3, 2021. Those documents speak for themselves, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 44.

45.    This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that a conference call took place on February 17, 2021, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 45.

46.    This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court otherwise determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that a conference call took place on February 17, 2021, but

deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 46.

47.   Defendants admit that a conference call took place on February 17, 2021, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 47.

48.   Defendants admit that the Company filed a presentation with the SEC pursuant to Rule 425 of the Securities Act of 1933 on April 19, 2021. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 48.

49.   Defendants admit that the Company regularly disclosed information to investors concerning forecasts and plans for the Company's products and facilities, including in documents filed with the SEC. Those disclosures speak for themselves, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 49.

50.   The allegations in this paragraph purport to describe the process of front-end engineering design ("FEED"). Defendants admit that the Company undertook the FEED process in connection with its development of Origin 2, but deny that paragraph 50 is a complete

description of that process and its application to the Company. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 50.

51.  The allegations in this paragraph purport to describe the process of front-end loading ("FEL"). Defendants admit that the Company undertook the FEL process in connection with its development of Origin 2, but deny that paragraph 51 is a complete description of that process and its application to the Company. Except as expressly admitted herein, Origin Defendants deny each and every allegation in paragraph 51.

52.  The allegations in this paragraph purport to describe the FEL process. Defendants admit that the Company undertook the FEL process in connection with its development of Origin 2, but deny that paragraph 52 is a complete description of that process and its application to the Company. Defendants admit that the Company regularly disclosed information to investors concerning forecasts and plans for the Company's products and facilities, including in documents filed with the SEC. Those disclosures speak for themselves, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Origin Defendants deny each and every allegation in paragraph 52.

53.  The allegations in this paragraph purport to describe the FEL process. Defendants admit that the Company undertook the FEL process in connection with its development of Origin 2, but deny that paragraph 53 is a complete description of that process and its application to the Company. Except as expressly admitted herein, Origin Defendants deny each and every allegation in paragraph 53.

54.  The allegations in this paragraph purport to describe the

DEFENDANTS' ANSWER                    -15-
CASE NO. 2:23-cv-01816-WBS-JDP

FEL process. Defendants admit that the Company undertook the FEL process in connection with its development of Origin 2, but deny that paragraph 54 is a complete description of that process and its application to the Company. Except as expressly admitted herein, Origin Defendants deny each and every allegation in paragraph 54.

55.   The allegations in this paragraph purport to describe the FEL process. Defendants admit that the Company undertook the FEL process in connection with its development of Origin 2, but deny that paragraph 55 is a complete description of that process and its application to the Company. Except as expressly admitted herein, Origin Defendants deny each and every allegation in paragraph 55.

56.   The allegations in this paragraph purport to describe the FEL process. Defendants admit that the Company undertook the FEL process in connection with its development of Origin 2, but deny that paragraph 56 is a complete description of that process and its application to the Company. Except as expressly admitted herein, Origin Defendants deny each and every allegation in paragraph 56.

57.   The allegations in this paragraph purport to describe the FEED process. Defendants admit that the Company undertook the FEED process in connection with its development of Origin 2, but deny that paragraph 57 is a complete description of that process and its application to the Company. Except as expressly admitted herein, Origin Defendants deny each and every allegation in paragraph 57.

58.   The allegations in this paragraph purport to describe the FEED process. Defendants admit that the Company undertook the FEED process in connection with its development of Origin 2, but deny that paragraph 58 is a complete description of that process and its application to the Company. Except as expressly admitted herein,

Origin Defendants deny each and every allegation in paragraph 58.

59.  The allegations in this paragraph purport to describe the FEL process. Defendants admit that the Company undertook the FEL process in connection with its development of Origin 2, but deny that paragraph 59 is a complete description of that process and its application to the Company. Except as expressly admitted herein, Origin Defendants deny each and every allegation in paragraph 59.

60.  The allegations in this paragraph purport to describe the contents of a presentation that the Company filed with the SEC pursuant to Rule 425 of the Securities Act of 1933 on April 19, 2021. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 60.

61.  Defendants admit to issuing periodic public statements prior to August 9, 2023. Those disclosures speak for themselves, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 61.

62.  Defendants admit that an investor conference took place on May 24, 2021, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 62.

63.  Defendants admit that an investor conference took place on May 24, 2021, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that

conference speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 63.

64.   The allegations in this paragraph purport to describe the contents of an article published in Chemical Week that the Company filed with the SEC pursuant to Rule 425 of the Securities Act of 1933 on June 10, 2021. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 64.

65.   The allegations in this paragraph purport to describe the contents of an article published in Chemical Week that the Company filed with the SEC pursuant to Rule 425 of the Securities Act of 1933 on June 10, 2021. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 65.

66.   Defendants admit that a conference call took place on February 23, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 66.

67.   Defendants admit that an investor conference took place on May 10, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein,

Defendants deny each and every allegation in paragraph 67.

68.  Defendants admit that an investor conference took place on June 8, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 68.

69.  Defendants admit that the Company filed a Form 8-K with the SEC on August 12, 2021, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Defendants further admit that a conference call took place on August 12, 2021, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 69.

70.  Defendants admit that a conference call took place on August 12, 2021, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 70.

71.  Defendants deny each and every allegation in paragraph 71.

72.  This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to

DEFENDANTS' ANSWER                    -19-
CASE NO. 2:23-cv-01816-WBS-JDP

this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that the Company filed a Form 8-K with the SEC on August 12, 2021, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 72.

73.  Defendants admit that a conference call took place on November 12, 2021, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 73.

74.  This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court otherwise determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that the Company filed a Form 8-K with the SEC on February 24, 2022, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every

allegation in paragraph 74.

75.  Defendants admit that a conference call took place on February 24, 2022, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 75.

76.  Defendants admit that an investor presentation dated February 24, 2022, is accessible on the Company's website, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 76.

77.  Defendants admit that a conference call took place on May 9, 2022, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 77.

78.  Defendants admit that a conference call took place on May 9, 2022, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 78.

79.  This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former

DEFENDANTS' ANSWER                    -21-
CASE NO. 2:23-cv-01816-WBS-JDP

Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that a conference call took place on August 3, 2022, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 79.

80.  Defendants admit that a conference call took place on November 3, 2022, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 80.

81.  Defendants admit that a conference call took place on November 3, 2022, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 81.

82.  Defendants admit that investor presentations dated November 11, 2021, February 24, 2022, May 9, 2022, August 3, 2022, and November 3, 2022 are accessible on the Company's website. Those documents speak for themselves, and Defendants refer to those documents for their complete contents. Except as expressly admitted

herein, Defendants deny each and every allegation in paragraph 82.

83.   Defendants deny each and every allegation in paragraph 83.

84.   Defendants deny each and every allegation in paragraph 84. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

85.   Defendants deny each and every allegation in paragraph 85. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

86.   Defendants deny each and every allegation in paragraph 86. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

87.   Defendants deny each and every allegation in paragraph 87. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a

belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

88.   Defendants deny each and every allegation in paragraph 88. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

89.   Defendants deny each and every allegation in paragraph 89. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

90.   Defendants deny each and every allegation in paragraph 90. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

91.   Defendants deny each and every allegation in paragraph 91. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a

DEFENDANTS' ANSWER                    -24-
CASE NO. 2:23-cv-01816-WBS-JDP

belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

92.    Defendants deny each and every allegation in paragraph 92. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

93.    Defendants deny each and every allegation in paragraph 93. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

94.    Defendants deny each and every allegation in paragraph 94.

95.    Defendants deny each and every allegation in paragraph 95. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

96.    The allegations in this paragraph purport to describe the contents of the Form 8-K filed by the Company on February 21, 2023. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein,

DEFENDANTS' ANSWER                    -25-
CASE NO. 2:23-cv-01816-WBS-JDP

Defendants deny each and every allegation in paragraph 96.

97.  Defendants admit that Avantium N.V. ("Avantium") is a materials company whose publicly traded securities are listed on the Euronext Amsterdam and Euronext Brussels exchanges under the symbol "AVTX." The allegations in this paragraph purport to describe the contents of a press release issued by Avantium on December 9, 2021. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 97.

98.  Defendants admit that the Company entered into an agreement with Avantium dated February 21, 2023. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 98.

99.  Defendants admit that an Avantium conference call took place on February 22, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 99.

100. Defendants admit that an Avantium conference call took place on February 22, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 100.

101. Defendants admit that the Company amended its offtake agreement with PepsiCo, Inc. ("PepsiCo") and disclosed such amendments in a Form 10-Q, filed by the Company on May 10, 2023. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 101.

102. Defendants admit that the Company entered into an offtake agreement with PepsiCo and disclosed such agreement in a Form S-4, filed by the Company on May 3, 2021. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 102.

103. Defendants admit that the Company entered into an offtake agreement with PepsiCo and disclosed such agreement in a Form S-4, filed by the Company on May 3, 2021. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 103.

104. Defendants admit that the Company entered into an offtake agreement with PepsiCo and disclosed such agreement in a Form S-4, filed by the Company on May 3, 2021. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 104.

105. Defendants admit that the Company amended its offtake agreement with PepsiCo and disclosed such amendments in a Form 10-Q, filed by the Company on May 10, 2023. The document speaks for itself, and Defendants refer to the document for its complete

contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 105.

106.   Defendants admit that the Company amended its offtake agreement with PepsiCo and disclosed such amendments in a Form 10-Q, filed by the Company on May 10, 2023. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 106.

107.   Defendants admit that the Company amended its offtake agreement with PepsiCo and disclosed such amendments in a Form 10-Q, filed by the Company on May 10, 2023. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 107.

108. Defendants admit that the Company amended its offtake agreement with PepsiCo and disclosed such amendments in a Form 10-Q, filed by the Company on May 10, 2023. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 108.

109. Defendants admit that the Company filed a Form 8-K with the SEC on May 10, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 109.

110. Defendants deny each and every allegation in paragraph 110.

111. Defendants deny each and every allegation in paragraph 111.

112. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that the Company filed Forms 8-K and 10-Q with the SEC on August 9, 2023, and held a conference call that same day. Those documents speak for themselves, and Defendants refer to those documents for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 112.

113. Defendants admit that a conference call took place on August 9, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 113.

114. Defendants deny each and every allegation in paragraph 114.

115. Defendants admit that the Company filed a Form 8-K with the SEC on February 23, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 115.

116. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an

DEFENDANTS' ANSWER                    -29-
CASE NO. 2:23-cv-01816-WBS-JDP

answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that the Company filed a Form 8-K with the SEC on February 23, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 116.

117. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that a conference call took place on February 23, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 117.

118. Defendants admit that an investor presentation dated February 23, 2023 is accessible on the Company's website, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in

DEFENDANTS' ANSWER                    -30-
CASE NO. 2:23-cv-01816-WBS-JDP

paragraph 118.

119. Defendants admit that a conference call took place on February 23, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 119.

120. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants admit that the Company filed a Form 10-K with the SEC on February 23, 2023, and further admit that Defendant Bissell signed the Form 10-K in his capacity as a co-CEO of the Company, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 120.

121. Defendants deny each and every allegation in paragraph 121.

122. Defendants admit that Craig-Hallum Capital Group LLC published an analyst report regarding the Company on February 24, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 122.

123. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to statements

DEFENDANTS' ANSWER                    -31-
CASE NO. 2:23-cv-01816-WBS-JDP

made on February 23, 2023. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. Further, the allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny each and every allegation in paragraph 123.

124. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to statements made on February 23, 2023. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. Further, the allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny each and every allegation in paragraph 124.

125.  Defendants admit that the Company filed a Form 10-K with the SEC on February 23, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 125.

126. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to statements made on February 23, 2023. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine

DEFENDANTS' ANSWER                    -32-
CASE NO. 2:23-cv-01816-WBS-JDP

that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. Further, the allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny each and every allegation in paragraph 126.

127. Defendants admit that an investor presentation dated March 7, 2023, is accessible on the Company's website, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 127.

128. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny each and every allegation in paragraph 128.

129. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that the Company filed a Form 8-K with the SEC on May 10, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every

DEFENDANTS' ANSWER                    -33-
CASE NO. 2:23-cv-01816-WBS-JDP

allegation in paragraph 129.

130. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that a conference call took place on May 10, 2023. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 130.

131. Defendants admit that a conference call took place on May 10, 2023. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 131.

132. Defendants admit that the Company filed a Form 10-Q with the SEC on May 10, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 132.

133. Defendants deny each and every allegation in paragraph 133.

134. Defendants admit that Craig-Hallum Capital Group LLC published an analyst report regarding the Company on May 11, 2023,

DEFENDANTS' ANSWER                    -34-
CASE NO. 2:23-cv-01816-WBS-JDP

but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 134.

135. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to statements alleged in paragraphs 129-132. Defendants therefore understand that no answer to allegations concerning those statements in this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. Further, the allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny each and every allegation in paragraph 135.

136. Defendants admit that the Company filed a Form 10-Q with the SEC on May 10, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 136.

137. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny each and every allegation in paragraph 137.

138. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former

Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that an investor conference took place on May 10, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 138.

139. Defendants admit that an investor conference took place on May 10, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 139.

140. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to statements alleged in paragraphs 138-139. Defendants therefore understand that no answer to allegations concerning those statements in this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. Further, the allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny each and every allegation in paragraph 140.

DEFENDANTS' ANSWER                    -36-
CASE NO. 2:23-cv-01816-WBS-JDP

141. Defendants admit that an investor presentation dated May 12, 2023, is accessible on the Company's website, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 141.

142. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny each and every allegation in paragraph 142.

143. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that an investor conference took place on May 22, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 143.

144. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right

to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that an investor conference took place on May 22, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 144.

145. Defendants admit that an investor conference took place on May 22, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 145.

146. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to statements alleged in paragraphs 143-145. Defendants therefore understand that no answer to allegations concerning those statements in this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. Further, the allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny each and every allegation in paragraph 146.

147. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to

DEFENDANTS' ANSWER                    -38-
CASE NO. 2:23-cv-01816-WBS-JDP

this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that an investor conference took place on June 8, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 147.

148. Defendants admit that an investor conference took place on June 8, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 148.

149. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that an investor conference took place on June 8, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each

DEFENDANTS' ANSWER                        -39-
CASE NO. 2:23-cv-01816-WBS-JDP

and every allegation in paragraph 149.

150. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to statements alleged in paragraphs 147-149. Defendants therefore understand that no answer to allegations concerning those statements in this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. Further, the allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent that a response is required, Defendants deny each and every allegation in paragraph 150.

151. This Court's Order Re: Motion to Dismiss Second Amended Complaint (ECF No. 97) dismissed all allegations as to former Defendant Riley. Defendants therefore understand that no answer to this paragraph is required. Should this Court determine that an answer to this paragraph is required, Defendants reserve the right to file an amended answer or a supplement to this answer, as appropriate. To the extent that a response is required, Defendants admit that the Company filed a Form 8-K with the SEC on August 9, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 151.

152. Defendants admit that the Company filed a Form 8-K with the SEC on August 9, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The document

DEFENDANTS' ANSWER                    -40-
CASE NO. 2:23-cv-01816-WBS-JDP

speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 152.

153. Defendants admit that the Company filed a Form 8-K with the SEC on August 9, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 153.

154. Defendants admit that a conference call took place on August 9, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 154.

155. Defendants admit that a conference call took place on August 9, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 155.

156. Defendants admit that a conference call took place on August 9, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 156.

157. Defendants admit that a conference call took place on

August 9, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 157.

158. Defendants admit that a conference call took place on August 9, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 158.

159. Defendants admit that a conference call took place on August 9, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 159.

160. Defendants admit that an investor presentation dated August 9, 2023, is accessible on the Company's website, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 160.

161. Defendants admit that an investor presentation dated August 9, 2023, is accessible on the Company's website. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants

deny each and every allegation in paragraph 161.

162. The allegations in this paragraph purport to describe prices of Origin stock, which are matters of public record. Defendants refer to such public records. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny that any purchaser of Origin stock suffered any damages as a result of any conduct of Defendants. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 162.

163. Paragraph 163 purports to refer to the reactions of unnamed market commentators. The identities, credibility, reliability, and accuracy of these unnamed market commentators have not been established; Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements or reactions, and allegations based on these statements or reactions are therefore denied.

164. Defendants admit that HSBC Global Research published an analyst report regarding the Company on August 10, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 164.

165. Defendants admit that Craig-Hallum Capital Group LLC published an analyst report regarding the Company on August 11, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The document speaks for itself, and

Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 165.

166. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 166.

167. The allegations in this paragraph purport to describe prices of Origin stock, which are matters of public record. Defendants refer to such public records. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 167.

168. The allegations in this paragraph purport to describe the contents of the Form 8-K filed by the Company on November 17, 2023. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 168.

169. The allegations in this paragraph purport to describe the contents of the Form 8-K filed by the Company on January 5, 2024. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 169.

170. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 170.

171. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent

a response is required, Defendants deny each and every allegation in paragraph 171.

172. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 172.

173. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 173.

174. Defendants deny the allegations in paragraph 174. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

175. Defendants deny the allegations in paragraph 175. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

176. Defendants deny the allegations in paragraph 176. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established.

Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

177. Defendants deny each and every allegation in paragraph 177.

178. Defendants deny each and every allegation in paragraph 178.

179. Defendants deny each and every allegation in paragraph 179.

180. Defendants admit that Avantium is a materials company whose publicly traded securities are listed on the Euronext Amsterdam and Euronext Brussels exchanges under the symbol "AVTX."

181. Defendants admit that Avantium describes itself as operating in the field of sustainable chemistry, but deny that the cited website contains the language quoted in the Complaint. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 181.

182. The allegations in this paragraph purport to describe the contents of a press release issued by Avantium on December 9, 2021. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 182.

183. Defendants admit that an Avantium conference call took place on August 16, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation

DEFENDANTS' ANSWER                    -46-
CASE NO. 2:23-cv-01816-WBS-JDP

in paragraph 183.

184. Defendants admit that the Company entered into an agreement with Avantium dated February 21, 2023. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 184.

185. Defendants admit that the Company entered into an agreement with Avantium dated February 21, 2023. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 185.

186. Defendants admit that the Company entered into an agreement with Avantium dated February 21, 2023. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 186.

187. Defendants admit that an Avantium conference call took place on February 22, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 187.

188. Defendants admit that an Avantium conference call took place on February 22, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as

expressly admitted herein, Defendants deny each and every allegation in paragraph 188.

189. The allegations in this paragraph purport to describe the contents of the Form 10-Q filed by the Company on May 10, 2023. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 189.

190. Defendants admit that an Avantium conference call took place on August 16, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 190.

191. Defendants admit that an Avantium conference call took place on August 16, 2023, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 191.

192. Defendants admit that PepsiCo has invested in and has been a business partner of the Company. Defendants further admit that a former member of the Company's board of directors was a senior vice president at PepsiCo. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 192.

193. Defendants admit that the Company amended its offtake agreement with PepsiCo and disclosed such amendments in a Form 10-Q,

filed by the Company on May 10, 2023. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 193.

194. Defendants admit that the Company entered into an offtake agreement with PepsiCo and disclosed such agreement in a Form S-4, filed by the Company on May 3, 2021. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 194.

195. Defendants admit that the Company amended its offtake agreement with PepsiCo and disclosed such amendments in a Form 10-Q, filed by the Company on May 10, 2023. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 195.

196. Defendants admit that the Company entered into an offtake agreement with PepsiCo and disclosed such agreement in a Form S-4, filed by the Company on May 3, 2021. The document speaks for itself, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 196.

197. Defendants deny each and every allegation in paragraph 197.

198. Defendants admit that the Company amended its offtake agreement with PepsiCo and disclosed such amendments in a Form 10-Q, filed by the Company on May 10, 2023. The document speaks for itself, and Defendants refer to those disclosures for their complete

contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 198.

199. Defendants deny each and every allegation in paragraph 199.

200. Defendants deny each and every allegation in paragraph 200.

201. Defendants deny each and every allegation in paragraph 201.

202. Defendants deny each and every allegation in paragraph 202.

203. Defendants deny each and every allegation in paragraph 203.

204. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny that any purchaser of Origin stock suffered any damages as a result of any conduct of Defendants. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 204.

205. The allegations in this paragraph purport to describe Origin's business operations (including potential future business operations), which are matters of public record, including as described in the Form 8-K filed by the Company on February 17, 2021, the Form S-4 filed by the Company on March 9, 2021, and the Form S-4/A filed by the Company on May 3, 2021. Those documents speak for themselves, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 205.

206. Defendants admit that a conference call took place on

DEFENDANTS' ANSWER                    -50-
CASE NO. 2:23-cv-01816-WBS-JDP

February 17, 2021, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 206.

207. Defendants admit that an investor presentation dated May 12, 2023, is accessible on the Company's website. The document speaks for itself, and Defendants refer to the document for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 207.

208. Defendants admit that a conference call took place on August 12, 2021, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 208.

209. Defendants admit that a conference call took place on August 12, 2021, but deny that Plaintiff's selective quotations are complete or presented with full context. The transcript of that conference call speaks for itself, and Defendants refer to the transcript for its complete contents. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 209.

210. Defendants admit that the Company regularly disclosed information to investors concerning forecasts and plans for the Company's products and facilities, including in documents filed with the SEC. Those disclosures speak for themselves, and Defendants refer to those disclosures for their complete contents. Except as expressly admitted herein, Defendants deny each and every allegation

in paragraph 210.

211. Defendants deny each and every allegation in paragraph 211. The allegations of this paragraph are based on an anonymous "confidential witness," who may or may not exist and whose identity, credibility, reliability, and accuracy have not been established. Defendants thus lack knowledge and information sufficient to form a belief as to the truth of their alleged statements, and allegations based on these statements are therefore denied.

212. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny that any purchaser of Origin stock suffered any damages as a result of any conduct of Defendants. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 212.

213. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 213.

214. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 214.

215. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 215.

216. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent

a response is required, Defendants deny each and every allegation in paragraph 216.

217. Paragraph 217 purports to describe prices of Origin stock, which are matters of public record. Defendants refer to such public records. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 217.

218. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 218.

219. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 219.

220. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 220.

221. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 221.

222. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 222.

223. Paragraph 223 purports to describe prices of Origin stock, which are matters of public record. Defendants refer to such public

records. Further, the allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 223.

224. Paragraph 224 purports to describe prices of Origin stock, which are matters of public record. Defendants refer to such public records. Further, the allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 224.

225. Paragraph 225 purports to describe prices of Origin stock, which are matters of public record. Defendants refer to such public records. Further, the allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 225.

226. Paragraph 226 purports to describe prices of Origin stock, which are matters of public record. Defendants refer to such public records. Further, the allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 226.

227. Paragraph 227 purports to describe prices of Origin stock, which are matters of public record. Defendants refer to such public records. Further, the allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 227.

228. Paragraph 228 purports to describe prices of Origin stock, which are matters of public record. Defendants refer to such public records. Further, the allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 228.

229. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 229.

230. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 230.

231. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 231.

232. Defendants admit that Plaintiff purports to bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf all person who purchased Origin's publicly traded securities on the open market of a U.S. stock exchange during the purported Class Period and were damaged thereby, excluding Defendants and certain affiliated parties. Defendants deny that this action may be properly maintained as a class action, and deny that any person who purchased Origin's securities suffered damages. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 232.

233. Defendants admit that throughout the purported Class Period, Origin securities traded on NASDAQ. Plaintiff's allegation that "members of Class are so numerous that joinder of all members is impracticable" is a legal conclusion, to which no response is required. To the extent that this allegation purports to contain a factual assertion requiring a response, Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations concerning the number of potential members of the putative class that Plaintiff seeks to define, and on that basis deny it. Except as explicitly admitted herein, Defendants deny each and every allegation in paragraph 233.

234. The allegations contained in this paragraph contain asserts or legal conclusions as to which no response is required. To the extent that this paragraph purports to contain factual asserts requiring a response, Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations concerning the purported typicality of the claims of Plaintiff, and on that basis, denies them. Defendants deny the remaining allegations contained in paragraph 234.

235. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent that this paragraph purports to contain factual assertions requiring a response, Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations concerning the purported adequacy of Plaintiff or their counsel, and on that basis deny them. Defendants deny the remaining allegations contained in paragraph 235.

236. The allegations in this paragraph contain assertions or

legal conclusions as to which no response is required. To the extent that this paragraph purports to contain factual assertions requiring a response, Defendants lack knowledge and information sufficient to form a belief as to the truth of allegations concerning the purported commonality of the claims of the putative class, and on that basis deny them. Defendants deny the remaining allegations contained in paragraph 236.

237. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 237.

238. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 238.

239. Defendants repeat each and every response contained above and further respond as follows.

240. Defendants admit that Plaintiff purports to assert a claim pursuant to Section 10(b) of the Exchange Act and Rule 10b-5(b), on behalf of the asserted putative class. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 240.

241. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 241.

242. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in

paragraph 242.

243. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 243.

244. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 244.

245. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 245.

246. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 246.

247. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 247.

248. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 248.

249. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in

DEFENDANTS' ANSWER                          -58-
CASE NO. 2:23-cv-01816-WBS-JDP

paragraph 249.

250. Defendants repeat each and every response contained above and further respond as follows.

251. Defendants admit that Plaintiff purports to assert a claim pursuant to Section 20(a) of the Exchange Act, on behalf of the asserted putative class. Except as expressly admitted herein, Defendants deny each and every allegation in paragraph 251.

252. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 252.

253. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 253.

254. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 254.

255. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 255.

256. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 256.

257. The allegations in this paragraph contain assertions or

legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 257.

258. The allegations in this paragraph contain assertions or legal conclusions as to which no response is required. To the extent a response is required, Defendants deny each and every allegation in paragraph 258.

## DEFENSES

### First Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, to the extent that Plaintiff and members of the putative class cannot substantiate the allegations attributed to an alleged former Origin employee referred to as "CW1," *see* Complaint ¶¶ 84-95, 174—76, because CW1 was either incorrect in his recounting of the facts underlying the allegations attributed to him, or such facts underlying the allegations attributed to him were described inaccurately in the Complaint.

### Second Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, to the extent that Plaintiff and members of the putative class cannot substantiate that Defendant John Bissell attended the March 3, 2023 meeting described at paragraphs 91-92 of the Complaint, spoke at such meeting, and/or discussed Origin 2 at such meeting.

### Third Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, to the extent that Plaintiff and members of the putative class cannot substantiate that Origin's

Board of Directors approved the alleged decision to "phase" Origin 2, *see* Complaint   91-92, on or before March 3, 2023, rather than on a later date.

Fourth Affirmative Defense

To the extent the claims asserted by Plaintiff and members of the putative class are based on any predictions or forward-looking statements, such claims are not actionable because they are protected under the statutory safe harbor in the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-5(c), and/or the bespeaks caution doctrine.

Fifth Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, because any alleged misstatements in the Company's May 10, 2023 1Q'23 Form 10-Q, March 7, 2023 PowerPoint, and May 12, 2023 PowerPoint are non-actionable statements because each contained or incorporated by reference sufficient cautionary language and risk disclosures.

Sixth Affirmative Defense

The claims of Plaintiff and members of the putative class are barred to the extent these claims rely on documents and statements not incorporated into the Company's May 10, 2023 1Q'23 Form 10-Q, the March 7, 2023 PowerPoint, or the May 12, 2023 PowerPoint, or on statements that were modified or superseded by those documents.

Seventh Affirmative Defense

To the extent the claims asserted by Plaintiff and members of the putative class are based on any expressions of opinion, including expressions of corporate optimism and/or puffery, such claims are not actionable because when made, these opinions were

sincerely held by Defendants, were not rendered misleading by the omission of a material fact, did not contain an embedded false statement of material fact, and/or because such statements are otherwise inactionable statements of opinion.

### Eighth Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, on the grounds that Defendants had no duty to disclose information allegedly omitted in their public statements and that Defendants had no duty to update information that was truthful and accurate when made.

### Ninth Affirmative Defense

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then every act or omission was done or omitted in good faith conformity with the rules and regulations of the SEC and, therefore, pursuant to Section 23(a) of the Exchange Act, 15 U.S.C. §78w(a), there is no liability for any act or omission alleged.

### Tenth Affirmative Defense

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then there is no liability for any act or omission alleged because Defendants acted, at all times, with reasonable care and due diligence and had, after reasonable investigation, reasonable grounds to believe, and did believe, that the alleged misleading statements were true when made and no material fact required to be

stated or necessary to make any statement not misleading was omitted.

### Eleventh Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, because Origin's management relied, in good faith, and was entitled to rely, on advice and information provided by certain of Origin's professional advisors, both within and outside of Origin, and others on whom Origin was entitled to rely, to be ascertained after discovery.

### Twelfth Affirmative Defense

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then there is no liability for any act or omission alleged because Defendants acted, at all times, in good faith and without any motive and/or opportunity to defraud.

### Thirteenth Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, to the extent that Plaintiff cannot substantiate, through evidence, that any Defendants acted with the state of mind required under the Exchange Act.

### Fourteenth Affirmative Defense

To the extent that it may be determined that any Defendant is responsible for the alleged losses of Plaintiff and members of the putative class, and acted with the state of mind required under the Exchange Act, such mental state and actions may not be attributed to any other Defendant.

## Fifteenth Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, because many of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain at the relevant time and, as such, were received by, or otherwise available to, Plaintiff and members of the putative class and were at all times reflected in the price of Origin's securities.

## Sixteenth Affirmative Defense

If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, which Defendants deny, then the claims of Plaintiff and members of the putative class based on alleged violations of the Exchange Act are barred, in whole or in part, because Plaintiff and members of the putative class were aware of the misstatement or omission and/or did not rely upon those in purchasing Origin's securities.

## Seventeenth Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, by the doctrine of assumption of risk. Plaintiff and members of the putative class knew the risks inherent in investing in the securities at issue and thus assumed the risk of a decline in the value of their investments.

## Eighteenth Affirmative Defense

The claims of Plaintiff and members of the putative class cannot be maintained because superseding or intervening events caused some or all of the alleged damages.

### Nineteenth Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, because any increase or decrease in the value of Origin securities was and is, wholly or partially, the result of market conditions or other factors and not the result of any alleged wrongful conduct by Defendants.

### Twentieth Affirmative Defense

The purported misrepresentations or omissions alleged in this action had no impact on the price of Origin securities.

### Twenty-First Affirmative Defense

All or a portion of the damages alleged by Plaintiff and members of the putative class are attributable to causes other than any actions or omissions for which Defendants allegedly are responsible.

### Twenty-Second Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, because the alleged misstatements were never the subject of a corrective disclosure.

### Twenty-Third Affirmative Defense

The claims of Plaintiff and members of the putative class based on alleged violations of the Exchange Act are barred, in whole or in part, because the alleged corrective disclosures do not match any alleged false or misleading statement or omission and, therefore, no such statement or omission had any impact on the price of Origin's securities.

### Twenty-Fourth Affirmative Defense

Each and every one of the Defendants cannot be held liable for statements that they did not make or cause to be made.

DEFENDANTS' ANSWER                    -65-
CASE NO. 2:23-cv-01816-WBS-JDP

### Twenty-Fifth Affirmative Defense

Each and every one of the Defendants alleged to be a control person under Section 20(a) of the Exchange Act had no knowledge of or reasonable grounds to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist.

### Twenty-Sixth Affirmative Defense

Each and every one of the Defendants alleged to be a control person under Section 20(a) of the Exchange Act acted in good faith and did not act recklessly in inducing, either directly or indirectly, any act or omission alleged to constitute a primary violation under Section 10(b) of the Exchange Act and Rule 10b-5, 17 C.F.R. § 240.10b-5.

### Twenty-Seventh Affirmative Defense

Each and every one of the Defendants alleged to be a control person under Section 20(a) of the Exchange Act was not a culpable participant, directly or indirectly, in act or omission alleged to constitute a primary violation under Section 10(b) of the Exchange Act and Rule 10b-5, 17 C.F.R. § 240.10b-5.

### Twenty-Eighth Affirmative Defense

The claims of Plaintiff and members of the putative class are not properly maintainable as a class action.

### Twenty-Ninth Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, because the alleged damages, if any, are speculative and impossible to ascertain.

<u>Thirtieth Affirmative Defense</u>

Defendants may be entitled to a right of contribution and/or indemnification from other individuals or entities whose acts or omissions may have contributed to the occurrence of the alleged injury, damage, and/or loss, if any, should Plaintiff receive judgment against Defendants.

<u>Thirty-First Affirmative Defense</u>

Any recovery for damages allegedly incurred by Plaintiff or members of the putative class based on alleged violations of the Exchange Act is barred, in whole or in part, by the damages limitations in Section 21D(e) of the Exchange Act, 15 U.S.C. § 78u-4(e).

<u>Thirty-Second Affirmative Defense</u>

Any recovery for damages allegedly incurred by Plaintiff or members of the putative class based on alleged violations of the Exchange Act is limited to the percentage of responsibility by a defendant in proportion to the total fault of all persons, named as parties to this action or not, who caused or contributed to such alleged damages, pursuant to Section 21D(f) of the Exchange Act, 15 U.S.C. § 78u-4(f)(3)(A).

<u>Thirty-Third Affirmative Defense</u>

Any recovery for damages allegedly incurred by Plaintiff or members of the putative class is subject to offset in the amount of any benefit received by Plaintiff or members of the putative class through their investments, including but not limited to any tax, insurance, or indemnification benefit, or proceeds received from hedging or short selling.

### Thirty-Fourth Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, to the extent that Plaintiff and the purported class members held, have disposed of, or could have disposed of their securities at a price in excess of the price at which Plaintiff and members of the putative class purchased such securities.

### Thirty-Fifth Affirmative Defense

Plaintiff and members of the putative class are barred from claiming injury or damage, if any, because they failed to make reasonable efforts to mitigate such injury or damage, which would have prevented their injury or damages, if any.

### Thirty-Sixth Affirmative Defense

The claims of Plaintiff and members of the putative class are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification, consent, laches, and/or unclean hands.

### Thirty-Seventy Affirmative Defense

Plaintiff and members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

### Thirty-Eighth Defense

Plaintiff and members of the putative class are not entitled to prejudgment interest.

### Thirty-Ninth Affirmative Defense

Plaintiff and members of the putative class are not entitled to recover counsel fees, expert fees, or other costs or expenses.

DEFENDANTS' ANSWER                    -68-
CASE NO. 2:23-cv-01816-WBS-JDP

<u>Fortieth Affirmative Defense</u>

Recovery in this action is barred, in whole or in part, to the extent recovery is had in another lawsuit, other proceedings, or otherwise.

<u>Additional Affirmative Defenses</u>

Defendants may have additional, as yet unidentified affirmative or additional defenses available against Plaintiff and/or putative class members and thus reserve the right to assert such defenses in a timely fashion after the facts to support such defenses become known to them.

WHEREFORE, Origin Defendants pray that the Court enter judgment as follows:

1. That judgment be entered in favor of Defendants;

2. That Plaintiff and the putative class take nothing from Defendants by this Complaint, and that the same be dismissed with prejudice;

3. For such other and further relief as this Court deems just and proper.

Dated: March 25, 2025          FRESHFIELDS US LLP

                               /s/Boris Feldman
                               BORIS FELDMAN
                               DORU GAVRIL
                               CARL HUDSON
                               REBECCA LOCKERT
                               855 Main Street
                               Redwood City, CA 94063
                               Telephone: (650) 618-9250

DEFENDANTS' ANSWER                    -69-
CASE NO. 2:23-cv-01816-WBS-JDP

boris.feldman@freshfields.com
doru.gavril@freshfields.com
carl.hudson@freshfields.com
rebecca.lockert@freshfields.com

*Attorneys for Defendants Origin Materials, Inc. and John Bissell*

DEFENDANTS' ANSWER                                    -70-
CASE NO. 2:23-cv-01816-WBS-JDP