UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| In re ORIGIN MATERIALS, INC. SECURITIES LITIGATION | No. 2:23-cv-01816 WBS JDP |
| ALL ACTIONS CONSOLIDATED FROM:<br><br>ANTONIO F. SOTO, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>ORIGIN MATERIALS, INC., and JOHN BISSELL,<br><br>       Defendants. | |

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

After reviewing the parties' Joint Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for **May 5, 2025,** and makes the following findings and

1

orders without needing to consult with the parties any further.

I.   SERVICE OF PROCESS

All defendants have been served, and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

II.  JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

III. JURISDICTION/VENUE

Jurisdiction in this putative securities fraud class action is predicated upon 28 U.S.C. § 1331, because plaintiff asserts claims under the Securities Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a).  Venue is undisputed and hereby found to be proper.

IV.  DISCOVERY

The parties agreed to serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before April 25, 2025.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be completed by **November 16, 2026**.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has

2

been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than **November 16, 2026.**

The parties may bring all other discovery matters -- including, but not limited to, intermediate discovery deadlines to occur prior to the final close of all discovery on November 16, 2026, and the scope and timing of any proposed phased discovery -- before the magistrate judge assigned to the case. See L.R. 302(c)(1).

V.   MOTION HEARING SCHEDULE

Plaintiff's motion for class certification shall be filed on or before **April 3, 2026.**  Defendants' opposition to class certification shall be filed on or before **May 15, 2026.** Plaintiff's reply shall be filed on or before **June 5, 2026.**

All other motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before **December 14, 2026.**

All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.

VI.  FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for **March 8, 2027,** at 1:30 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties.

Counsel for all parties are to be fully prepared for

3

1 | trial at the time of the Pretrial Conference, with no matters
2 | remaining to be accomplished except production of witnesses for
3 | oral testimony.  Counsel shall file separate pretrial statements,
4 | and are referred to Local Rules 281 and 282 relating to the
5 | contents of and time for filing those statements.  In addition to
6 | those subjects listed in Local Rule 281(b), the parties are to
7 | provide the court with: (1) a plain, concise statement which
8 | identifies every non-discovery motion which has been made to the
9 | court, and its resolution; (2) a list of the remaining claims as
10 | against each defendant; and (3) the estimated number of trial
11 | days.
12 | In providing the plain, concise statements of
13 | undisputed facts and disputed factual issues contemplated by
14 | Local Rule 281(b)(3)-(4), the parties shall emphasize the claims
15 | that remain at issue, and any remaining affirmatively pled
16 | defenses thereto.  If the case is to be tried to a jury, the
17 | parties shall also prepare a succinct statement of the case,
18 | which is appropriate for the court to read to the jury.
19 | VII.    TRIAL SETTING
20 | The jury trial is set for **May 11, 2027** at 9:00 a.m.
21 | The parties estimate that the trial will last 21 days.
22 | VIII.    SETTLEMENT CONFERENCE
23 | A Settlement Conference with a magistrate judge will be
24 | set at the time of the Pretrial Conference.  Counsel are
25 | instructed to have a principal with full settlement authority
26 | present at the Settlement Conference or to be fully authorized to
27 | settle the matter on any terms.  At least seven calendar days
28 | before the Settlement Conference counsel for each party shall

4

submit a confidential Settlement Conference Statement for review by the settlement judge.  The Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX. <u>MODIFICATIONS TO SCHEDULING ORDER</u>

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

IT IS SO ORDERED.

Dated:  May 1, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE