UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| In re ORIGIN MATERIALS, INC., SECURITIES LITIGATION | No. 2:23-cv-1816 WBS JDP |
| | CLASS ACTION |
| This Document Relates To: | ORDER RE: LEAD PLAINTIFF'S UNOPPOSED MOTIONS FOR FINAL APPROVAL OF SETTLEMENT, AND FOR ATTORNEYS' FEES AND COSTS |
| ALL ACTIONS CONSOLIDATED FROM: | |
| ANTONIO F. SOTO, individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | |
| ORIGIN MATERIALS, INC., RICHARD J. RILEY, and JOHN BISSELL, | |
| Defendants. | |

----oo0oo----

Plaintiff brought this securities class action against defendants Origin Materials, Inc., John Bissell, and Richard Riley,[1] alleging violations of Sections 10(b) and 20(a) of the

---

[1]    On February 12, 2025, the court dismissed Richard Riley

1

Securities Exchange Act of 1934 (the "Exchange Act") (see 15 U.S.C. §§ 78j(b), 78t(a)) and Rule 10b-5 promulgated by the Securities and Exchange Commission (the "SEC") (17 C.F.R. § 240.10b-5) on behalf of the putative class of persons and entities that purchased or otherwise acquired Origin securities between February 23, 2023, and August 9, 2023.  (See Pl.'s Second Am. Compl. (Docket No. 85); see also Decl. of Rebecca Lockert (Docket No. 112-3).)  Lead Plaintiff has filed unopposed motions for final approval of class action settlement, and for attorneys' fees and litigation expenses.[2]  (See Pl.'s Mot. for Final Approval of Settlement and Mot. for Fees and Expenses (Docket No. 118).)

I.   Motion for Final Approval of Class Action Settlement

The Ninth Circuit has declared a strong judicial policy favoring settlement of class actions.  Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1276 (9th Cir. 1992); see also Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution[.]") (citation omitted). Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled . . . only with the court's approval."  Fed. R. Civ. P. 23(e).

"Approval under 23(e) involves a two-step process in

as a defendant.  (Order on Defs.' Mot. to Dismiss Pl.'s Second Am. Compl. (Docket No. 97).)

[2]   Having previously summarized the factual and procedural background of this case in its January 2026 preliminary approval order, the court will not do so again here.  (See Am. Prelim. Approval Order (Docket No. 115).)

which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted." Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc., 221 F.R.D. 523, 525 (C.D. Cal. 2004) (citing Manual for Complex Litig. (Third), § 30.41 (1995)).  This court satisfied step one by granting plaintiffs' unopposed motion for preliminary approval of class action settlement on January 6, 2026.  (See Am. Prelim. Approval Order (Docket No. 115).)  Following notice to the class members, the court now considers whether final approval is merited by evaluating: (1) the treatment of this litigation as a class action and (2) the terms of the settlement.  See Diaz v. Tr. Territory of Pac. Islands, 876 F.2d 1401, 1408 (9th Cir. 1989).

A.   Class Certification

The putative class consists of all persons and entities that purchased Origin Materials' publicly traded securities on the open market of a U.S. stock exchange during "the class period" from March 7, 2023, to August 9, 2023, and who were allegedly damaged by their purchase. (See Am. Prelim. Approval Order at 5.)

To be certified, the putative class must satisfy the requirements of Federal Rules of Civil Procedure 23(a) and 23(b). Leyva v. Medline Indus. Inc., 716 F.3d 510, 512 (9th Cir. 2013).

Rule 23(a) restricts class actions to cases where: "(1) the class is so numerous that joinder of all members is impracticable [numerosity]; (2) there are questions of law or fact common to the class [commonality]; (3) the claims or defenses of the representative parties are typical of the claims

3

or defenses of the class [typicality]; and (4) the representative parties will fairly and adequately protect the interests of the class [adequacy of representation]."  See Fed. R. Civ. P. 23(a).

After fulfilling the threshold requirements of Rule 23(a), the proposed class must satisfy the requirements of one of the three subdivisions of Rule 23(b).  Leyva, 716 F.3d at 512. Under Rule 23(b)(3), a class action may be maintained only if (1) "the court finds that questions of law or fact common to class members predominate over questions affecting only individual members" and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

In its order granting preliminary approval, the court found that the putative class satisfied the Rule 23(a) requirements.  (See Am. Prelim. Approval Order at 5—9.)  The court found also that both the predominance and superiority prerequisites of Rule 23(b)(3) were satisfied.  (Id. at 9—11.) The court is unaware of any changes that would affect its preliminary conclusions as to Rule 23(a) or Rule 23(b), and the parties have not indicated that they are aware of any such developments.  Accordingly, the court will grant certification of this class.

B.    Notice

Once a class is certified under Rule 23(b)(3), the court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  Rule 23(c)(2) governs both the form

4

and content of a proposed notice.  See Ravens v. Iftikar, 174 F.R.D. 651, 658 (N.D. Cal. 1997) (citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 172-77 (1974)).  Although that notice must be "reasonably certain to inform the absent members of the plaintiff class," actual notice is not required.  Silber v. Mabon, 18 F.3d 1449, 1454 (9th Cir. 1994) (citation omitted).

Plaintiff's counsel provided the court with a proposed notice to class members.  (See Decl. of Michael S. Biggin 1 (Docket No. 111-2); see also Stipulation of Settlement (Docket No. 111-3).)  It explained the proceedings, defined the scope of the class, and explained what the settlement provides and how much each class member could expect to receive in compensation.  (See Stipulation of Settlement at 74-80.)  Lead Counsel proposed a four-prong strategy for identifying and giving notice to members of the Settlement Class.  (Am. Prelim. Approval Order at 12.)

The parties selected Strategic Claims Services ("SCS"), a nationally recognized class action administration company, to serve as the Settlement Administrator. (See Decl. of Margery Craig (Docket No. 118-6).)  To date, SCS has notified 23,140 potential class members via email and postcard notices, and the claims website has received thousands of additional visitors. (Id. at ¶¶ 8, 12.)

The court appreciates the thorough efforts taken by the parties to effectuate notice and is satisfied that the notice procedure was "reasonably calculated, under all the circumstances," to apprise all class members of the proposed settlement.  See Roes, 1-2 v. SFBSC Mgmt., LLC, 944 F.3d 1035,

1045–46 (9th Cir. 2019).

　　　C.　Settlement Terms

　　　　　Having determined that the proposed class satisfies the requirements of Rule 23(a) and (b), the court must determine whether the terms of the parties' settlement appear "fair, adequate, and reasonable." See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1025—26 (9th Cir. 1998) (citing Fed. R. Civ. P. 23(e)(2)). To determine the fairness, adequacy, and reasonableness of the agreement, Rule 23(e) requires the court to consider four factors: "(1) the class representatives and class counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the class is adequate; and (4) the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2). The Ninth Circuit has also identified eight additional factors the court may consider, many of which overlap substantially with Rule 23(e)'s four factors:

> The strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

Hanlon, 150 F.3d at 1026.

　　　　　1.　Adequate Representation

　　　　　The court must first consider whether "the class representatives and class counsel have adequately represented the class." Fed. R. Civ. P. 23(e)(2)(A). This analysis is

6

"redundant of the requirements of Rule 23(a)(4) . . . ." Hudson v. Libre Tech., Inc., No. 3:18-cv-1371 GPC KSC, 2020 WL 2467060, at *5 (S.D. Cal. May 13, 2020) (quoting 4 Newberg on Class Actions § 13:48 (5th ed.)); see also In re GSE Bonds Antitr. Litig., 414 F. Supp. 3d 686, 701 (S.D.N.Y. 2019) (noting similarity of inquiries under Rule 23(a)(4) and Rule 23(e)(2)(A)).

Because the court has found that the class satisfied Rule 23(a)(4) in reaching its determination as to class certification, see supra Section I.B., the adequacy factor under Rule 23(e)(2)(A) here is also met.  See Hudson, 2020 WL 2467060, at *5.

2.   Negotiation of the Settlement Agreement

This action was filed on August 25, 2023. (Pl.'s Mot. for Final Approval of Settlement (Docket No. 118-1) at 1.)  From that point on, the parties vigorously litigated this case through discovery and motion practice.  (Id. at 1-3.)  During discovery, the parties entered into mediation, retaining Mr. Robert Meyer of JAMS to facilitate the parties' negotiations.  (Id. at 3.)  Mr. Meyer led the parties in an in-person mediation on September 29, 2025, but the parties could not reach an agreement and ended the negotiation early, resuming litigation the next day.  (Id.)  Mr. Meyer was then able to reengage the parties with a preliminary agreement reached on October 10, 2025.  (Id.)  The parties then formalized the final terms of their settlement agreement on October 27, 2025.  (Id.)

Given the parties' representation that the settlement reached was the product of arms-length negotiation, facilitated

by a mediator, and conducted against the backdrop of two and a half years of vigorous litigation and discovery, the court finds that the proposed settlement is the result of informed and non-collusive negotiations between the parties.  See In re Anthem, Inc. Data Breach Litig., 327 F.R.D. 299, 327 (N.D. Cal. 2018); see also La Fleur v. Med. Mgmt. Int'l, Inc., No. 13-cv-00398, 2014 WL 2967475, at *4-5 (C.D. Cal. June 25, 2014).

As the court noted in its preliminary approval order, "Lead Counsel's attestation of the settlement terms being the result of sufficiently adversarial negotiations conducted at arms-length" is supported by the fact that negotiations broke down during mediation such that both parties withdrew, unwilling to complete the full first day as originally scheduled.  (Am. Prelim. Approval Order at 16.)

### 3.   Adequate Relief

In determining whether a settlement agreement provides adequate relief for the class, the court must "take into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any [other] agreement[s]" made in connection with the proposal.  See Fed. R. Civ. P. 23(e)(2)(C); Baker v. SeaWorld Entm't, Inc., No. 14-cv-02129-MMA-AGS, 2020 WL 4260712, at *6-8 (S.D. Cal. Jul. 24, 2020).

The court notes that, in evaluating whether the settlement provides adequate relief, it must consider several of the same factors outlined in Hanlon, including the strength of

the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; and the amount offered in settlement.  See Hanlon, 150 F.3d at 1026.

In determining whether a settlement agreement is substantively fair to class members, the court must balance the value of expected recovery against the value of the settlement offer.  See In re Tableware Antitrust Litig., 484 F. Supp. 2d 1078, 1080 (N.D. Cal. 2007).  When a settlement was reached prior to class certification, it is subject to heightened scrutiny for purposes of final approval, wherein the recommendations of plaintiffs' counsel are not given a presumption of reasonableness but rather are subject to close review.  See In re Apple Inc. Device Performance Litig., 50 F.4th 769, 782–83 (9th Cir. 2022).

Plaintiff estimated approximately $83,000,000.00 in damages.  (Pl.'s Mot. for Final Approval of Settlement at 8.) The $9,000,000.00 settlement agreed to here thus represents a recovery of about 11%, which sits well above the median settlement recovery of 6.8%.  (Id.)  Plaintiff represents that the terms of this settlement are also favorable because of the substantial risk involved in continuing to litigate the matter through trial.  (Id. at 9.)  "Trial posed a high risk because the alleged actionable projections were forward-looking and required proving the highest level of scienter."  (Id.)  In addition to the recovery being substantial, plaintiff argues that the agreement is also fair because it ensures a prompt recovery, avoiding the delays that would occur with a trial and the post-trial appellate process.  (Id.)

9

Additionally, the plan of allocation contains robust procedures for the evaluation of claims and the distribution of funds.  (Id. at 10-11.)  Those procedures further afford claimants substantial procedural and due process protections by providing claimants whose claims are rejected the opportunity to cure defects and, to be heard in court if no resolution can be reached for a disputed claim.  (Id.)

### 4.   Equitable Treatment of Class Members

Finally, the court must consider whether the Settlement Agreement "treats class members equitably relative to each other."  See Fed. R. Civ. P. 23(e)(2)(D).  In doing so, the court determines whether the settlement "improperly grant[s] preferential treatment to class representatives or segments of the class."  Hudson, 2020 WL 2467060, at *9 (quoting Tableware, 484 F. Supp. at 1079).

Here, the settlement agreement does not improperly discriminate between any members of the class.  The value of each claim will be determined through application of the same formula for distribution.  (Pl.'s Mot. for Final Approval of Settlement at 12.)

Accordingly, the court finds the Settlement Agreement satisfies the equitable treatment requirements imposed under Rule 23.  See Fed. R. Civ. P. 23(e)(2)(D).

### 5.   Remaining *Hanlon* Factors

In addition to the factors already considered as part of the court's analysis under Rule 23(e)(A)-(D), the court must also examine "the extent of the discovery completed . . ., the presence of government participation, and the reaction of class

10

members to the proposed settlement." Hanlon, 150 F.3d at 1026.

As explained above, counsel engaged in thorough informal and formal discovery. This factor thus weighs in favor of final approval of the settlement.

The seventh Hanlon factor pertains to government participation. See Hanlon, 150 F.3d at 1026. As there is no government participation in this case, this factor is neutral.

The eighth Hanlon factor, the reaction of the class members to the proposed settlement, also weighs in favor of final approval. See Hanlon, 150 F.3d at 1026.

In sum, the four factors that the court must evaluate under Rule 23(e) and the eight Hanlon factors, taken as a whole, weigh heavily in favor of approving the settlement. The court will therefore grant final approval of the Settlement Agreement.

II.  Motion for Attorneys' Fees and Litigation Expenses

A. Attorneys' Fees

Federal Rule of Civil Procedure 23(h) provides, "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). If a negotiated class action settlement includes an award of attorneys' fees, that fee award must be evaluated in the overall context of the settlement. Knisley v. Network Assocs., 312 F.3d 1123, 1126 (9th Cir. 2002); Monterrubio v. Best Buy Stores, L.P., 291 F.R.D. 443, 455 (E.D. Cal. 2013) (England, J.). The court "ha[s] an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." In re Bluetooth Headset Prod.

11

Liab. Litig., 654 F.3d 935, 941 (9th Cir. 2011).

"Under the 'common fund' doctrine, 'a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.'" Staton v. Boeing Co., 327 F.3d 938, 967 (9th Cir. 2003) (quoting Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980)).  In common fund cases, the district court has discretion to determine the amount of attorneys' fees to be drawn from the fund by employing either the percentage method or the lodestar method.  Id.  The court may also use one method as a "cross-check[ ]" upon the other method. See Bluetooth Headset, 654 F.3d at 944.

Like other complex antitrust class actions, this case presented both counsel and the class with a risk of no recovery at all. Plaintiffs' counsel took on this matter on a contingency basis.  (See Pl.'s Mot. for Approval of Fees and Expenses (Docket No. 118-3) at 3.)  The nature of contingency work inherently carries risks that counsel will sometimes recover very little to nothing at all, even for cases that may be meritorious.  See Kimbo v. MXD Group, Inc., No. 2:19-cv-166 WBS KNJ, 2021 WL 492493, at *7 (E.D. Cal. Feb. 10, 2021).

Where counsel succeed in vindicating rights on behalf of a class, they depend on recovering a reasonable percentage-of-the-fund fee award to enable them to take on similar risks in future cases.  See id.  Plaintiffs' counsel argues that, in light of the result obtained, the substantial risk taken in this case, the skill required to effectively prosecute this case, the financial burdens inherent in a contingent fee agreement, and

12

awards in other cases, an award of 25% of the settlement amount is reasonable and appropriate.  (Id.)

The Ninth Circuit has established 25% of the fund as the "benchmark" award that should be given in common fund cases. Six (6) Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).  "[C]ourts in this circuit have approved fees that exceeded that benchmark in many cases."  Osegueda v. Northern California Inalliance, No. 18-cv-835 WBS EFB, 2020 WL 4194055, at *6 (E.D. Cal. July 21, 2020) (citation modified).  "A fees award amounting to '33 1/3% of the total settlement value' is considered 'acceptable.'"  Id. at *6; see also Watson v. Tennant Co., No. 2:18-cv-2462 WBS DB, 2020 WL 5502318, at *7 (E.D. Cal. Sep. 11, 2020) (awarding 33.33% of settlement fund). Given that the requested fee is in line with the typical practice in the Ninth Circuit and in this district, the court agrees that plaintiffs' counsel's requested percentage of the common fund is reasonable.

"Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award."  Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1050 (9th Cir. 2002); see In re Bluetooth Headset, 654 F.3d at 941-42.  As part of this lodestar calculation, the court may consider factors such as the "level of success" or "results obtained" by plaintiffs' counsel.  See id.

To determine whether counsel has employed a "reasonable hourly rate" for purposes of calculating the lodestar amount, the court must look to the "prevailing market rates in the relevant community."  Gonzalez v. City of Maywood, 729 F.3d 1196, 1206

(9th Cir. 2013) (quoting Blum v. Stenson, 465 886, 895 (9th Cir. 2001)).  "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits."  Id. (quoting Prison Legal News v. Schwarzenegger, 608 F.3d 446, 454 (9th Cir. 2010) (internal quotation marks omitted)).  Within this geographic community, the district court should "tak[e] into consideration the experience, skill, and reputation of the attorney [or paralegal]."  Dang v. Cross, 422 F.3d 800, 813 (9th Cir. 2005) (internal quotation marks omitted).

The two firms representing plaintiff have spent a combined 2,888.00 hours working on this case. (Compare Decl. of Bernstein Liebhard LLP (Docket No. 118-8), with Decl. of Marion C. Passmore (Docket No. 118-9).)  They have also submitted billing summary charts to confirm this number.  (Bernstein Liebhard Decl. at 4; see also Passmore Decl. at 4.)  Counsel for Bernstein Liebhard LLP calculates the firm's loadstar at $2,995,375.00 based on 2,693.75 hours billed.  (Bernstein Liebhard Decl. at 4.)  Meanwhile, counsel for Bragar Eagel & Squire P.C. calculates the firm's loadstar at $163,618.75 based on 194.25 hours billed.  (Passmore Decl. at 4.)

Across both firms, the typical hourly rates for the partners working on this case were $1,050.00 to $1,600.00, while the typical rates for the non-partner associates ranged from $675.00.00 to $875.00.00.  (Compare Bernstein Liebhard Decl. at 4, with Passmore Decl. at 4.)  Counsel represent that these rates are reasonable.  (See Decl. of Michael S. Biggin 2 (Docket No. 118-4).)  The court notes that these rates are within the range of those it has approved in other cases.  See, e.g., Ray v. Nat'l

14

Collegiate Athletic Ass'n, No. 1:23-cv-425 WBS CSK, 2026 WL 1298135 (E.D. Cal. May 11, 2026).

Accordingly, the court finds the requested fees to be reasonable and will grant counsel's motion for an award of attorneys' fees in the amount of $2,250,000.00 or 25% of the settlement fund.

B. Litigation Expenses

"There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." In re Heritage Bond Litig., No. 02-cv-1475, 2005 WL 1594403, at *23 (C.D. Cal. June 10, 2005). Costs may be recovered where they "have been adequately documented and reasonably incurred for the benefit of the class." Odrick v. UnionBancal Corp., No. C 10-5565 SBA, 2012 WL 6019495 (N.D. Cal. Dec. 3, 2012).

Counsel's litigation expenses total $170,866.90. (Pl.'s Mot. for Approval of Fees and Expenses at 11.)[3] These expenses include fees and costs for research, expert consultations, travel expenses, transcript, eDiscovery services, mediation services, and other litigation and court costs. (Bernstein Liebhard Decl. at 5; see also Passmore Decl. at 4.)

---

[3] Plaintiff's motion for attorneys' fees and litigation expenses incorrectly states that the total requested for fees and expenses is $166,866.90. (Pl.'s Mot. for Approval of Fees and Expenses at 11.) The court notes that this figure is incorrect as it fails to account for the $4,000.00 reimbursement award for lead plaintiff. (See generally id.) As such, the court acknowledges that the amount requested is actually $170,866.90, which is also reflected in plaintiff's proposed order granting the motion. (See Proposed Order Awarding Fees and Expenses (Docket No. 119-2) at ¶ 5.)

Counsel's litigation expenses also include a $4,000.00 reimbursement award for lead plaintiff.  (Pl.'s Mot. for Approval of Fees and Expenses at 10—11.)  Under the PSLRA, a class representative may receive reimbursement for "reasonable costs and expenses (including lost wages) directly relating to the representation of the class."  15 U.S.C. § 78u-4(a)(4).  Here, lead plaintiff seeks reimbursement for "40 hours of time dedicated to the Action" at a rate of $100.00 per hour, for a total requested reimbursement of $4,000.00.  (Pl.'s Mot. for Approval of Fees and Expenses at 10.)  According to plaintiff's counsel, lead plaintiff (1) "communicat[ed] with Lead Counsel," (2) "review[ed] pleadings and briefing for two motions to dismiss," (3) "collect[ed] and [sent] trading records for Lead Counsel," (4) "review[ed] two opinions by the Court concerning Defendants' Motion to Dismiss," (5) "review[ed] initial disclosures," and (6) "prepar[red] for mediation."  (Id. at 10—11.)

Counsel has documented these costs and shown their benefit to the class.  (See id.)  The court finds these are reasonable litigation expenses.  Therefore, the court will grant class counsel's request for costs in the amount of $170,866.90. (Id. at 11; see also Proposed Order Awarding Fees and Expenses (Docket No. 119-2) at ¶ 5.)

III. Conclusion

Based on the foregoing, the court will approve the settlement set forth in the Stipulation of Settlement as fair, reasonable, and adequate.  The Stipulation of Settlement shall be binding upon all participating class members who did not exclude

16

themselves.  The court will also approve the proposed allocation of attorneys' fees and litigation expenses.

IT IS THEREFORE ORDERED that lead plaintiff's unopposed motions for final approval of class action settlement and for approval of attorneys' fees and litigation expenses (Docket No. 118) be, and the same hereby are, GRANTED.

ACCORDINGLY, IT IS ORDERERD THAT:

(1) Jurisdiction: The court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all the parties and each of the Settlement Class Members.

(2) Incorporation of Settlement Documents: This Judgment incorporates and makes a part hereof the Stipulation and the exhibits thereto, filed with the court on November 14, 2025.

(3) Class Certification for Settlement Purposes: The court hereby certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities that purchased Origin Materials' publicly traded securities on the open market of a U.S. stock exchange during the March 7, 2023, through August 9, 2023, Class Period and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Family of each Defendant; (iii) any person who was an officer or director of Origin Materials; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Origin

17

Materials; (vii) all Origin Materials plans that are covered by ERISA; and (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interests, or assigns of any excluded person or entity in their respective capacity as such.

(4) <u>Settlement Class Findings</u>: For purposes of the Settlement only, the court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met:

    a. the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable;

    b. there are questions of law and fact common to the Settlement Class which predominate over any individual questions;

    c. the claims of Lead Plaintiff in the Action are typical of the claims of the Settlement Class;

    d. Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and

    e. a class action is superior to other available methods for the fair and efficient adjudication of the claims of the Settlement Class in the Action.

(5) <u>Adequacy of Representation</u>: Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiff as Class Representative for the Settlement Class and appoints Lead Counsel Bernstein Liebhard LLP as Class Counsel for the Settlement Class.  Lead Plaintiff and Lead Counsel have fairly

and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

(6) <u>Notice</u>: The court finds that the dissemination of the Postcard Notice, the Internet Notice, and the Summary Notice:

a. were implemented in accordance with the Prelimina1y Approval Order;

b. constituted the best notice practicable under the circumstances;

c. constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing;

d. constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and

e. satisfied the requirements of Rule 23 of the

19

Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 17 15 et seq., were fully discharged and that the statuto1y waiting period has elapsed. Thus, the Court hereby determines that all Settlement Class Members are bound by this Judgment.

(7) Final Settlement Approval and Dismissal of Claims: Pursuant to, and in accordance with Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that:

a. Lead Plaintiff and Lead Counsel have

20

adequately represented the Settlement Class;

b. the Settlement was negotiated by the Parties at arm's length;

c. the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and

d. the Settlement treats members of the Settlement Class equitably relative to each other.

The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

(8) The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

(9) Binding Effect: The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

21

(10) Releases: The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, arc expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this court ORDERS that:

a. Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs Claim against Defendants and all of the Defendants' Releasees, and shall forever be barred, estopped, and enjoined from bringing, asserting, or prosecuting any and all of the Released Plaintiffs Claims against any of the Defendants' Releasees.

b. Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and respective heirs, executors, administrators, predecessors, successors, and

22

assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and all of the Plaintiffs Releasees, and shall forever be barred, estopped, and enjoined from bringing, asserting or prosecuting any and all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

(11) Notwithstanding paragraphs 10(a)-(b) above, nothing in this Judgment shall bar any action by any of the parties or any Releasee to enforce or effectuate the terms of the Stipulation or this Judgment.

(12) Rule 11 Findings: The court finds and concludes that the parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

(13) No Admissions: Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

a. Shall be offered against any of the Defendants'

23

Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

b. Shall be offered against any of the Plaintiffs Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or

24

wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessa1y to effectuate the provisions of the Stipulation; or

c. Shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to and rely on this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement, including but not limited to by filing the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theo1y of claim preclusion or issue preclusion or similar defense or counterclaim.

25

(14) <u>Retention of Jurisdiction</u>: Without affecting the finality of this Judgment in any way, this court retains continuing and exclusive jurisdiction over:

    a. the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement;

    b. the disposition of the Settlement Fund;

    c. any motion for an award of attorneys' fees and Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund;

    d. any motion to approve the Class Distribution Order; and

    e. the Settlement Class Members for all matters relating to the Action.

(15) <u>Modification of the Agreement of Settlement</u>: Without further approval from the court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that:

    a. are not materially inconsistent with this Judgment; and

    b. do not materially limit the rights of Settlement Class Members in connection with the Settlement.

Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

(16) <u>Termination of Settlement</u>: If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the parties shall revert to their respective positions in the Action immediately prior to the execution of the Stipulation.

(17) <u>Entry of Final Judgment</u>: There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

AND IT IS FURTHER ORDERED THAT:

(1) This order incorporates by reference the definitions in the Stipulation of Settlement signed October 27, 2025 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.  (<u>See</u> Stipulation of Settlement (Docket No. 111-3).)

(2) The court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the parties and each of the Settlement Class Members.

(3) The form and method of notifying the Settlement Class of the motion for attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the PSLRA, 15 U.S.C. § 78u-4(a)(7), due process, and all other applicable law and rules.

(4) Lead Counsel is hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $2,250,000.00 (25% of the Settlement Fund), which the Court finds to be fair and reasonable.

(5) Lead Counsel is awarded litigation expenses in the amount of $170,866.90 for charges in connection with litigating the Action.  The amount includes an $8,000.00 travel allowance in connection with attending two hearings and a $4,000.00 Lead Plaintiff award.  If the anticipated travel expense is lower, the difference will remain as part of the Net Settlement Fund.

(6) The award of attorneys' fees and litigation expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

(7) In making this award of attorneys' fees and payment of litigation expenses from the Settlement Fund, the Court has considered and found that:

a. Lead Counsel's work has created a common fund of $9 million in cash for the Settlement Class, which is a favorable result that Settlement Class Members who submit acceptable Claim Forms will benefit;

b. The requested attorneys' fees and payment of litigation expenses were approved as fair and reasonable by Lead Plaintiff, who has a substantial interest in ensuring that any fees paid to counsel are duly earned and not

28

excessive;

c. Lead Counsel undertook the Action on a contingent basis, and has received no compensation during the period in which the Action was litigated;

d. The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy challenging proceedings the resolution of which would be uncertain;

e. Lead Counsel conducted the Action and achieved the Settlement with skillful and diligent advocacy;

f. The amount of attorneys' fees awarded and litigation expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases;

g. The Notice advised that Lead Counsel would be submitting an application for attorneys' fees in an amount not to exceed 25% of the Settlement Fund, which includes accrued interest, and payment of litigation expenses incurred in connection with the prosecution of this Action not to exceed $250,000.00 and that such application also might include a request that Lead Plaintiffs be reimbursed their reasonable costs and expenses directly related to their representation of the Settlement Class, and

h. No Settlement Class Member objects to the Settlement or Lead Counsel's application for attorneys' fees and litigation expenses.

(8) In accordance with the PSLRA, the Court also awards Lead Plaintiff $4,000.00 for costs and expenses directly related to his representation of the Settlement Class as part of the Litigation Expense award.

(9) Any appeal or challenge affecting this court's approval of the attorneys' fees, litigation expense, or award of costs and expenses to Lead Plaintiffs in the Action, shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

(10) Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration of the Settlement.

(11) In the event that the Settlement is terminated or does not become final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

IT IS SO ORDERED.

Dated:   June 10, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

30